1  **AUGUSTINI LAW OFFICES**
   Alfred E. Augustini        SBN 43204
2  Nazila Danesh             SBN 209779
   alaugie@alaugie.com
3  nazy@dd-llp.com
   515 S. Figueroa St., Ste. 321
4  Los Angeles, CA 90071
   Tel: 213-629-8888
5  Fax: 213-688-7600

6  **FINLAYSON, AUGUSTINI & WILLIAMS LLP**
   Jeff Augustini            SBN 178358
7  jaugustini@faw-law.com
   110 Newport Center Dr., Ste. 100
8  Newport Beach, CA 92660
   Tel: 949-759-3810
9  Fax: 949-759-3812

10 Attorneys for Plaintiffs:
   640 SOUTH MAIN STREET PARTNERS, LLC, AND
11 HSC PROPERTIES, LLC

12

13              **UNITED STATES DISTRICT COURT**

14      **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

15

16 | 640 SOUTH MAIN STREET PARTNERS, LLC AND HSC PROPERTIES, LLC, | Case No. 08-cv-3611–DDP-JTL Hon. Dean D. Pregerson, Ctrm: 3 |

17                                  Plaintiffs,

18                                                    ***EX PARTE* APPLICATION FOR ORDER ENFORCING RULE 16 DEADLINES, SETTING AN**

19                                                    **INITIAL PRETRIAL CONFERENCE AND AWARDING**

20                              vs.                   **PLAINTIFFS SANCTIONS; OR ALTERNATIVELY, FOR ORDER**

21                                                    **SHORTENING TIME FOR HEARING  ON SUCH REQUESTS**

22

23 CITY OF LOS ANGELES,                              [Filed concurrently with Decl. of Alfred E. Augustini and Proposed Orders]

24                                  Defendant.

25                                                   Action Filed:     May 5, 2008
                                                     Action Removed:  June 3, 2008
26

27

28

*(left margin)* **AUGUSTINI LAW OFFICES** ATTORNEYS AT LAW

---

Plaintiffs 640 South Main Street Partners, LLC and HSC Properties, LLC ("Plaintiffs") hereby apply to the Court *ex parte* for orders (1) enforcing Rule 16's scheduling deadlines; (2) scheduling the initial pre-trial conference; and (3) awarding Plaintiffs sanctions under Rule 37(f). Alternatively, Plaintiffs request an order shortening time for these matters to be heard.

Good cause exists for granting this *ex parte* application and the requested relief is necessary because:

1.      Fed. R. Civ. Proc. 16(b)(2) expressly requires the Court to issue a scheduling order "as soon as practicable" but in any event **no later than** the earlier of 120 days after the service of the complaint **on any defendant** or 90 days after **appearance by defendant**. [Emphasis added.] The 120 day period and the 90 day period both fall on September 2, 2008. Under the Rules, the parties were required to hold a Rule 26(f) Conference no later than August 12, 2008 and to submit a Rule 26(f) Statement to the Court in order for the Court to issue its scheduling order.

2.      The City, after first agreeing to hold the Rule 26(f) Conference and scheduling the same with Plaintiffs, reneged on its agreement and now refuses, without any legal support or reasonable justification, to comply with the fixed deadlines established by Rules 16 and 26. The Court should enforce the Rule 16 scheduling deadlines so that Plaintiffs can commence the expeditious prosecution of this action.

3.      As detailed in the Augustini Declaration filed in support of this Application, Plaintiffs are faced with an impending default and foreclosure of their loan facilities for the property and improvements that are the subject of this action. The City's dilatory tactics have and continue to prejudice the Plaintiffs by preventing Plaintiffs from taking discovery to determine the legal and factual bases on which the City purported to designate the Cecil Hotel ("Cecil") as a "residential hotel."

The grant of this application will result in no prejudice to the City, who has had sufficient notice of Plaintiffs' claims, which have been held to be valid by this

- 1 -

**AUGUSTINI LAW OFFICES**
ATTORNEYS AT LAW

1   Court as evidenced by the Court's recent denial of the City Rule 12(b)(2) and

2   12(b)(6) motions to dismiss. The City knows the nature and basis of Plaintiffs'

3   claims and there is no justification for the City's refusal to permit Plaintiffs to move

4   forward with the prosecution of this case.

5       The City's refusal to comply with its legal obligations under Rules 16 and

6   26(f) was made in bad faith and for the purpose of wrongfully obstructing Plaintiffs'

7   discovery rights and prevent Plaintiffs from timely discovery of the legal and factual

8   bases of the City's conduct which is the subject of this action. Accordingly, sanctions

9   should be awarded to deter further dilatory tactics by the City.

10      On Thursday, August 14, 2008 at approximately 5:58 pm EST, in accordance

11  with Local Rule 7-19.1, Plaintiffs gave notice to Brant Dveirin, Esq., lead counsel

12  for the City, by email, that Plaintiffs would file this *ex parte* application on Monday,

13  August 18, 2008, and further notified him of the substance of the application. On

14  Monday, August 18, 2008, at approximately 2:30 p.m, Plaintiffs' lead counsel

15  contacted the City's attorneys by email, to advise them this application would instead

16  be filed on Tuesday, August 19, 2008. Defendant's counsel has indicated that

17  Defendant opposes this application and wishes to be present when the application is

18  presented[1]. **[See Augustini Decl., ¶¶27-29]**

19      This *ex parte* application is made following telephonic conference and written

20  meet and confers of the counsel pursuant to Local Rule 7-3, all of which took place

21  between August 12, 2008 and August 15, 2008. The declaration of Alfred E.

22  Augustini filed in support of this application sets forth, in detail, the meet and confer

23  efforts of Plaintiffs' counsel.  **[Augustini Decl.]**

24      For the foregoing reasons, Plaintiffs request the Court issue an order setting

25  September 15, 2008 as the deadline for the issuance of the Rule 16(b) Scheduling

26  _____

27      [1] The City's request to be present when this Application is presented to the Court is impossible as this application will be filed electronically with the Court and the parties will not be present unless the Court sets the matter for hearing.  See Judge Pregerson Court Procedures, Section X.

28

***EX PARTE* APPLICATION TO ENFORCE RULE 16 DEADLINES AND OTHER RELIEF**

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

1    Order, setting an Initial Pretrial Conference on September 8, 2008, awarding
2    Plaintiffs sanctions against the City, and to further order the Parties:

3         1.    To conduct the mandatory Rule 26(f) Conference of the Parties no later
4               than 2 court days following the issuance of the Court order;

5         2.    To submit a Rule 26(f) Statement on or before September 8, 2008; and

6         3.    To exchange Initial Disclosures pursuant to Rule 26(a)(1)(C) within 14
7               calendar days after the Rule 26(f) Conference.

8         Alternatively, and in the event the Court is unwilling to grant Plaintiffs' relief
9    *ex parte,* Plaintiffs request the Court issue an Order to shorten the time on Plaintiffs'
10   requests, and further order the City file and serve its opposition on or before
11   September 2, 2008 at 5pm, that Plaintiffs file and serve  their reply papers on or
12   before September 5, 2008, and that the hearing on the motion be held on September
13   8, 2008.

14        This application is based on the accompanying memorandum of points and
15   authorities, the Declaration of Alfred E. Augustini, the pleadings and other
16   documents on file in this action, and such other matters that the Court may consider
17   or of which the Court may take judicial notice.

18        Plaintiffs therefore respectfully request that the Court grant this application.

Dated:  August 19, 2008                **AUGUSTINI LAW OFFICES**
                                       **FINLAYSON, AUGUSTINI & WILLIAMS LLP**

                                By:    _____/AEA/_____
                                       ALFRED E. AUGUSTINI
                                       AUGUSTINI LAW OFFICES
                                       ATTORNEYS FOR PLAINTIFFS
                                       640 SOUTH MAIN STREET PARTNERS, LLC
                                       AND HSC PROPERTIES, LLC

**AUGUSTINI LAW OFFICES**
ATTORNEYS AT LAW

*EX PARTE* APPLICATION TO ENFORCE RULE 16 DEADLINES AND OTHER RELIEF

# TABLE OF CONTENTS

**PAGE**

I.   INTRODUCTION AND PROCEDURAL BACKGROUND ...................................... - 1 -

    A.   Relevant Facts ....................................................................................... - 1 -

    B.   The City Refused To Conduct the Jointly Scheduled Rule 26(f) Conference In Bad Faith And To Delay And Obstruct Plaintiffs' Discovery ................................................................................................. - 3 -

II.   THE SCHEDULING DEADLINES SPECIFIED IN RULE 16 AND RULE 26 ESTABLISH FIXED TIMELINES TO ENSURE THAT, ONCE THE INITIAL DEADLINE IS MET, DISCOVERY IS COMMENCED AND THE ACTION  DILIGENTLY PROSECUTED UNDER ACTIVE DISTRICT COURT MANAGEMENT ................................................................. - 6 -

    A.   Rule 16(B)(2) Requires Issuance Of A Scheduling Order By The Court, "As Soon As Practicable, But In Any Event Within The Earlier Of 120 Days After Any Defendant Has Been Served With The Complaint Or 90 Days After Any Defendant Has Appeared." ................... - 6 -

    B.   None Of The City's Purported Grounds For Refusing To Attend The Rule 26(F) Conference Have Any Legal Justification. ........................................ - 8 -

        1.   The Rules And The Purpose of the Rules Prohibit The City From Unilaterally Extending The Fixed Statutory Deadlines Set Forth in Rule 16 and Rule 26. ................................................. - 8 -

        2.   The City's Argument That Service Of The State Court Complaint Was Not "Service" And The City's Petition For Removal Was Not An "Appearance" For Purposes Of Rule 16's Deadlines Demonstrates The Bad Faith of the City. ..................... - 9 -

        3.   The City's Assertion That It Properly Ignored The Deadlines Because The Case Is Not At Issue Flies In The Face of The Rules' Legislative History ................................................................. - 9 -

        4.   The City's Reliance on Statements Made By Judge Pregerson's Clerk Relating to the Need For A City Answer Is Misplaced. ......................................................................................... - 10 -

        5.   The City's Assertion It Properly Ignored The Deadlines Because There Is "No Operative Complaint" On File Is Unavailing Both Because the Claim Is Without Merit And Because Plaintiffs' Existing Complaint Remains The Operative Complaint in This Action. .................................................... - 11 -

        6.   The Pending Motion To Intervene Is Irrelevant To The Deadlines Imposed In Rule 16 And 26 Because Those Deadlines Apply Only To "Parties" ..................................................... - 11 -

III.   PLAINTIFFS ARE ENTITLED TO HAVE THIS COURT ASSERT JUDICIAL CONTROL AND MANAGEMENT OVER THE PRETRIAL

**AUGUSTINI LAW OFFICES**
ATTORNEYS AT LAW

i

PHASE OF THIS ACTION AND ENSURE PLAINTIFFS' RIGHTS TO COMMENCE DISCOVERY AND DILIGENTLY PROSECUTE THEIR CLAIMS. ..................................................................................................... - 12 -

IV.   THE CITY WILL SUFFER NO PREJUDICE BY THE COURT'S ENFORCEMENT OF THE RULE 16 SCHEDULING DEADLINES, BUT PLAINTIFFS WILL BE SUBSTANTIALLY PREJUDICED IF THE CITY IS PERMITTED TO LIMIT PLAINTIFFS' ABILITY TO ACTIVELY PROSECUTE THIS ACTION. ................................................................... - 13 -

V.   PLAINTIFFS ARE ENTITLED TO SANCTIONS PURSUANT TO RULE 37(F) FOR THE CITY'S REFUSAL TO CONDUCT THE RULE 26(F) CONFERENCE OF THE PARTIES, TO WHICH IT PREVIOUSLY AGREED. ........................................................................................................ - 13 -

VI.   PLAINTIFFS REQUEST THE COURT ISSUE AN ORDER REVISING APPLICABLE DEADLINES TO PERMIT THE ACTION TO PROCEED AS INTENDED UNDER THE RULE 16 AND RULE 26 DEADLINES, AND ALSO SET THIS MATTER FOR AN INITIAL PRE-TRIAL CONFERENCE ON SEPTEMBER 8TH ............................................................ - 14 -

VII.   ALTERNATIVELY, THE COURT SHOULD SHORTEN TIME FOR HEARING THE ISSUES PRESENTED IN THIS APPLICATION ........................... - 15 -

VIII.   CONCLUSION ........................................................................................... - 16 -

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

*EX PARTE* APPLICATION FOR ORDER ENFORCING RULE 16 DEADLINES AND OTHER RELIEF

# TABLE OF AUTHORITIES

<u>Federal Cases</u>

*C.E. Bickford & Co. v. M.V. "Elly,"*
    116 F.R.D. 195, 196 (D.C.N.Y. 1986) ............................................................ 6

*General Inv. Co. v. Lake Shore & MS.RY. Co.,*
    260 U.S. 261,268 (1922) ................................................................................ 9

*Mutual Produce, Inc. v. The Penn Central Transportation Co.,*
    119 F.R.D.619, 620-621 (D.Mass. 1988) ..................................................... 11

In re Wellington Resources Corp.,
    20 B.R. 64, 67 (1982) .................................................................................... 9


<u>Statutes and Local Rules</u>


Fed.R.Civ.Proc.,Rule 16(a) and 16(b) and 16(b(1)(B) and 16(b)(2)3,5,6,7,8,9,10,11,14,15


Fed.R.Civ.Proc.,Rule 26(f) ....................................................................................... 7


Fed.R.Civ.Proc.,Rule 26(a)(1)(D) .......................................................................... 12


Fed.R.Civ.Proc.,Rule 36(a)(1)(B)............................................................................. 7


Fed.R.Civ.Proc.,Rule 37(f) ..................................................................................... 14

<u>Other Authorities</u>


*Advisory Committee Notes to 1983 and 1993 Amendments to Fed.R.Civ*
    *Proc., Rule 16(b)* ........................................................................................ 12

 *Advisory Committee Notes to 1993 Amendments to Fed Rule 26(f)* ................... 10, 12

California Practice Guide, *Federal Civil Procedure Before Trial*, §15:9
    and 15:15 ........................................................................................................ 7

*Federal Rules of Civil Procedure and Commentary, Rule16 practice*
    *comments at pg. 255-256 (2008 Edition)* ................................................... 12

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

*Steven Gensler, Federal Rules of Civil Procedure Rule and Commentary,*
  *Rule 16 practice comments at pg. 256 (2008)* ........................................................ 12

*6A C.Wright and A. Miller*, Federal Practice and Procedure, §1522.1 ............... 6,7,8,12

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

TABLE OF AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs 640 South Main Street Partners, LLC and HSC Partners, LLC ("Plaintiffs") respectfully submit this memorandum of points and authorities in support of their *ex parte* application for orders (1) enforcing Rule 16's scheduling deadlines; (2) scheduling the initial pre-trial conference; and (3) awarding Plaintiffs sanctions under Rule 37(f). Alternatively, Plaintiffs request an order shortening time for these matters to be heard.

## I.   INTRODUCTION AND PROCEDURAL BACKGROUND

### A.   Relevant Facts

This action was originally filed in Los Angeles Superior Court on May 5, 2008, and the summons and complaint were served on the City the same day. Plaintiffs, who own the Cecil Hotel ("Cecil"), a 600 room hotel located at 7th and Main St. in downtown Los Angeles, seek, among other things, declaratory, injunctive relief and damages relating to two separate ordinances of the Defendant City of Los Angeles ("City"): An "Interim Control Ordinance" ("ICO"), a 2-year temporary ordinance enacted in May 2005, and its replacement "Permanent Control Ordinance ("PCO") enacted on May 20, 2008, both of which ordinances prohibit "conversions" of "residential hotels," which is defined to mean hotels in which more than 50% of the occupants have a stay lasting longer than 30 days. **[Augustini Decl., ¶2]**

Plaintiffs' verified complaint alleges the City on several occasions during the period from 2004 to 2008 purported to designate the Cecil as a "residential hotel," and thus subject to the anti-conversion ICO and PCO ordinances, but the City failed to provide the Cecil with notice of such designations, and failed and continues to refuse to advise the Cecil of the standards used by the City and the evidence held by the City allegedly showing the Cecil is a "residential hotel." **[Augustini Decl., ¶3]**

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

In or about May 2007, Plaintiffs purchased the Cecil for almost $30 million, with 100% financing, believing the Cecil was a "transient hotel" which Plaintiffs could freely "upgrade" as a commercial hotel, thereby greatly increasing the hotel's net operating income to justify the high purchase price and high cost of servicing the resulting purchase money debt. **[Augustini Decl., ¶4]** Plaintiffs were about to commence extensive renovations in December 2007, when the City for the first time advised Plaintiffs, without providing any supporting evidence, the City had designated the Cecil as a "residential hotel" covered by the ICO, and the ICO prohibited Plaintiffs from making the hotel renovations specified in Plaintiffs' business plan.

Despite repeated requests by Plaintiffs for the City's factual and legal bases for designating the Cecil as a "residential hotel," the City refused to provide any information and advised Plaintiffs to file suit and use the formal discovery proceedings to obtain the requested information. **[Augustini Decl., ¶5]** In order to obtain that information, Plaintiffs were forced to file suit in state court.

On May 27th, after the expiration of the state court 20-day "hold" on discovery in the action, Plaintiffs immediately served discovery requests on the City, including several deposition notices, all tailored to obtain the factual and legal basis for the City's contention the Cecil was a residential hotel, and uncover the City's unconstitutional actions against the Cecil, so Plaintiffs could seek and hopefully obtain injunctive relief against the City and its ordinance. **[Augustini Decl., ¶6]**

Three days before the scheduled deposition of the City, the City, on June 3, 2008, filed its Removal Petition, removing Plaintiffs' state action to this Court. By doing so, the City effectively continued the prior discovery "hold," because Rule 26(d) bars parties from commencing discovery prior to 120 days after service of the summons and complaint (vs. the 20-day hold in state court). Because of this Rule 26 moratorium, the City was able to effectively block Plaintiffs from taking *any* discovery during the past four months. **[Augustini Decl., ¶9]**

*EX PARTE* APPLICATION FOR ORDER ENFORCING RULE 16 DEADLINES AND OTHER RELIEF

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

To avoid a loan default, and foreclosure during this discovery blackout, Plaintiffs were forced to divert investor funds originally earmarked to pay for the planned upgrades to the Cecil to cover the monthly loan shortfalls. After four months of delay, Plaintiffs are now on the verge of exhausting these construction monies, and Plaintiffs face the prospect of default and foreclosure and the loss of the Cecil to its lender. The risk of such a loss will be intensified if the lender believes the City can continue to block Plaintiffs' discovery and prosecution of the lawsuit for another several months. **[Augustini Decl., ¶¶8, 9]**

**B.  The City Refused To Conduct the Jointly Scheduled Rule 26(f) Conference In Bad Faith And To Delay And Obstruct Plaintiffs' Discovery**

The City's Rule 12 motion to dismiss was denied by this Court on July 15, 2008, and Plaintiffs were instead ordered to file a more definite statement clarifying the existing claims set forth in the existing complaint. **[Augustini Decl., ¶10]** Meanwhile, the 120-day discovery hold was about to expire, because, pursuant to Rules 16 and 26, the parties were required to conduct the Rule 26(f) Conference on or before August 12, 2008. Both sides fully understood that, upon completion of the Conference, each party would be free to commence discovery. **[Augustini Decl., ¶11]**

Accordingly, on August 4, 2008, well in advance of the August 12th Rule 26 Conference deadline, Plaintiffs' counsel advised the City's attorneys in writing of the parties' duty to conduct the Rule 26(f) Conference on or before August 12, 2008, 21 days before September 2, 2008 – *i.e.,* 120 days after service of the complaint and 90 days after City's appearance in the action. **[Augustini Decl., ¶14]** The City's lead attorney agreed to conduct the Rule 26(f) Conference and, at his request, Plaintiffs agreed to hold the Conference telephonically at 2 p.m. on August 12, 2008. Counsel, again at the request of the City's lead attorney, later agreed to delay the Conference until 4:00 p.m. **[Augustini Decl., ¶¶16-17, Exh. C]**

In reliance on the agreement between counsel, Plaintiffs' counsel prepared a detailed draft Conference report to use as a "checklist" for the Conference and emailed it to the City's lead counsel for his convenience. That checklist provided the City with a detailed list of the discovery Plaintiffs intended to initiate after completion of the Conference. **[Augustini Decl., ¶18, Exh. D]** At 3:51 pm – 9 minutes before the scheduled Rule 26(f) Conference – Plaintiffs' counsel received an email from the City's lead counsel refusing to commence the Conference. **[Augustini Decl., ¶19, Exh. E]**

That email listed several "concerns," but the gist of the remarks was the City understood the Conference, if completed, would permit Plaintiffs to commence their discovery and find out what the City has been hiding about its determinations that the Cecil is a residential hotel. Indeed, the principal point made in the email was that the City was willing to "meet and confer," but only if Plaintiffs agreed such meeting was **not** a Rule 26(f) Conference that would enable Plaintiffs to commence discovery. **[Augustini Decl., ¶19, Exh. E]**

Counsel's email stating he understood the scheduled conference was not intended to be a Rule 26(f) Conference, was obviously disingenuous. All the confirming emails establishing August 12th as the Conference date are expressly marked "Scheduling FRCP Rule 26(f) Conference" **[Augustini Decl., ¶20, Exh. A, B, C]** So the City was well aware it had agreed to meet and complete the Rule 26(f) Conference on August 12th. Likewise, it is also obvious the City refused to complete the scheduled Conference principally to keep the existing Rule 26 discovery "hold" in effect, thereby continuing the City plan to prevent Plaintiffs from taking any discovery from the City. **[Augustini Decl., ¶¶18, 19, 20]**

Immediately after the City reneged on its lead attorney's agreement to conduct the Conference, Plaintiffs' counsel made several attempts to speak with both lead counsel and his associate by telephone, but was advised both were unavailable and would be tied up indefinitely. **[Augustini Decl., ¶21]** Plaintiffs' counsel made a

- 4 -

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

good faith attempt, both by phone and several emails, to address the City's concerns about the Conference, but the attempts were not successful. **[Augustini Decl., ¶¶21, 22, Exh. F]**

Here, too the record is clear the City refused to give any date for the Rule 26(f) conference and refused to provide any legal justification for its conduct.

For example, in response to Plaintiffs' request for a short extension of time to file their more definite statement until after a pending proposed amendment to the PCO was enacted, the City advised it would agree to such an extension *only* if Plaintiffs agreed to stipulate to delay the Rule 26(f) Conference until after the City had filed another Rule 12(b) motion to dismiss to Plaintiffs' more definite statement and after the City ultimately filed an answer in the action. The concession required by the City, if accepted, would have delayed Plaintiffs' discovery rights for a period up to an additional 8 months. **[Augustini Decl., ¶24]**

The only "authority" the City provided to support its refusal to participate in the Rule 26(f) Conference is a voicemail message left by this Court's Clerk, Mr. John Chambers, in response to an inquiry from one of the City's lawyers. The text of that message, which is attached to Mr. Augustini's accompanying declaration, mistakenly shows Mr. Chambers believes that Rule 16(b) was amended in 2000 to expressly require ***an answer*** be filed by the Defendant before a scheduling order is required to be issued by the Court. **[Augustini Decl., ¶¶22-23]**

The Clerk's position, while undoubtedly offered in a good faith effort to help the parties, is also undoubtedly incorrect. Rule 16, at all material times, has expressly required the Court to issue a scheduling order not less than 120 after service of the complaint or 90 days after the defendant *makes its first **appearance**.* Rule 16 does not make and never has made its scheduling order deadline dependent upon the defendant filing an answer. **[Augustini Decl., ¶23]**

**II.    THE SCHEDULING DEADLINES SPECIFIED IN RULE 16 AND RULE 26 ESTABLISH FIXED TIMELINES TO ENSURE THAT, ONCE THE INITIAL DEADLINE IS MET, DISCOVERY IS COMMENCED AND THE ACTION DILIGENTLY PROSECUTED UNDER ACTIVE DISTRICT COURT MANAGEMENT**

> **A.    Rule 16(B)(2) Requires Issuance Of A Scheduling Order By The Court, "As Soon As Practicable, But In Any Event Within The Earlier Of 120 Days After Any Defendant Has Been Served With The Complaint Or 90 Days After Any Defendant Has Appeared."**

In order to ensure effective pretrial management of cases, the Federal Rules establish fixed time mandates that require the issuance by the District Court of pretrial scheduling orders and timetables by which the case should proceed "as soon as practicable," but no later than after a prescribed period. 6A C. Wright and A. Miller, Federal Practice and Procedure §1522.1. By enacting these statutory deadlines, Congress has "taken these matters out of the discretion of the Court and compelled more forceful management of the Court's dockets" by requiring strict compliance with the deadlines imposed in the Rules. *C.E. Bickford & Co. v. M.V. "Elly"*, 116 F.R.D. 195, 196 (D.C.N.Y. 1986).

The deadlines for pretrial scheduling orders and timetables by which the case should proceed are based on an interplay between the deadlines established in Rule 16 and Rule 26.

Pursuant to Rule 16(b)(1), the District Court may, based on a meeting with counsel or after receipt of a Rule 26(f) Conference report, issue a scheduling order, and thereby kickstart the active prosecution of the lawsuit at a very early stage, well before Rule 16's fixed time deadlines have been reached. However, Rule 16(b)(2) sets a specific fixed "outside" deadline on or before which the District Court "must issue a scheduling order:"

> The [District] judge must issue the scheduling order *as soon as practicabl*e, *but in any event* within the *earlier of 120 days* **after** *any defendant has been served* with the complaint <u>or</u> *90 days after any defendant has appeared*." (Emphasis added.)

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

Accordingly, the <u>California Practice Guide</u>, *Federal Civil Procedure Before Trial* §§15:9, 15:15 explains that a scheduling order "must issue no later than 90 days after the *first* defendant's *appearance* in the action … or "within 120 days after *any* defendant is *served*, if earlier." The Advisory Committee Notes clarify that the Rule was amended in 1993 to deal with the problem in multi-defendant cases when defendants are served at different times, and the Rule now establishes a fixed minimum deadline for the active prosecution of the case based on whenever the first defendant is served. Advisory Committee Notes to the 1993 Amendments to Rule 16(b); *See* 6A C. Wright and A. Miller, <u>Federal Practice and Procedure</u> §1522.1.

Here, the only initially named defendant is the City, who has both served and has appeared in the action, so the fixed timeline established by Rule 16(b) must be complied with by the parties and the Court. The City was served on May 5th and first appeared on June 3rd. Whether one calculates 120 days from May 5th, or 90 days from June 3rd, Rule 16(b) mandates that this Court issue a Scheduling Order no later than September 2, 2008.[2]

But the ability of the Court to formulate and issue a timely and meaningful Rule 16(b) Scheduling Order depends on the parties' compliance with the mandates and deadlines established in Rule 26(f), which provides:

> Except in a proceeding exempted from initial disclosure under Rule 36(a)(1)(B) or when the court orders otherwise, the parties must confer *as soon as practicable - and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)*.  (Emphasis added.)

This action does not fall within any exemption from initial disclosures, and therefore, pursuant to the Rules, the parties were required to conduct their mandatory Rule 26(f) Conference no later than August 12, 2008 – *i.e.,* 21 days before the

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

---

[2] The 90 day is calculated from, June 3, 2008, the date the City filed its petition for removal of the action from the State Court, which falls on September 1, 2008, a legal holiday. Therefore, the 90 day deadline is extended to the next day, September 2, 2008.

- 7 -

September 2nd deadline for the Court to issue its Rule 16(b) Scheduling Order.

As set forth in detail in the Augustini Declaration, on or about August 5, 2008, Plaintiffs' requested, in writing, that the parties conduct the Rule 26(f) Conference on either August 11th or 12th.  Counsel for the City agreed to conduct the Rule 26(f) Conference on August 12th, confirmed, in writing, the August 12th date, but reneged on his agreement 9 minutes before the parties were to commence their telephonic Rule 26(f) Conference. Despite efforts by Plaintiffs' counsel to meet and confer and amicably come to a resolution relating to the setting of a Rule 26(f) Conference, as required by the Rules, the City's attorneys refused to come to a mutually acceptable agreement.

Because the City refused to conduct the parties' mandatory Rule 26(f) Conference on August 12th, and because this Court did not previously set a scheduling conference or otherwise "consult" with the counsel as provided in Rule 16(b)(1)(B), Plaintiffs have no remedy to enforce the Rules' mandatory scheduling deadlines other than by this Application.

### B.   None Of The City's Purported Grounds For Refusing To Attend The Rule 26(F) Conference Have Any Legal Justification.

#### 1.   The Rules And The Purpose Of the Rules Prohibit The City From Unilaterally Extending The Fixed Statutory Deadlines Set Forth in Rule 16 and Rule 26.

Neither Rule 16(b) or Rule 26(f) permits the parties to extend the fixed statutory deadlines set forth in the Rules. 6A C. Wright and A. Miller, Federal Practice and Procedure, §1522.1. This is because these deadlines were intended to create a fixed time after which the parties would be required to actively prosecute the case under active Court supervision.  Wright and Miller, *supra,* further provides:

> *…the clear thrust of the[se] provision[s] is to encourage the early assertion of judicial control to ensure that the parties organize their cases and proceed as expeditiously as possible.* The extension of the time for issuing the order beyond the 120 day period may defeat or undercut that objective. (Emphasis added.)

- 8 -

1  Thus, the City's attempt to use self help and obtain a *de facto* extension by its

2  own wrongful refusal to attend the Conference is a direct violation of both the

3  purpose and the letter of the deadlines.

4       2.    The City's Argument That Service Of The State Court

5  <u>Complaint Was Not "Service" And The City's Petition For Removal Was Not An "Appearance" For Purposes Of Rule 16's Deadlines Demonstrates The Bad Faith of the City.</u>

6  The City does not deny that Plaintiffs duly served the City on May 5th, the

7  date the Complaint was filed in state court; nor does the City deny it filed its Petition

8  to remove the case to Federal Court on June 3rd. However, the City, incredibly,

9  argued to Plaintiffs the state court service must be ignored for purposes of the Rule

10  16 deadlines. The City of course provided no legal authority for this position, and

11  Plaintiffs submit the argument borders on the risable.

12  Likewise, the City argued to Plaintiffs the City's removal petition was not an

13  "appearance" for purposes of the Rule 16 deadlines. This contention flies in the face

14  of settled law holding the filing of a notice of removal is an appearance in the action.

15  *See General Inv. Co. v. Lake Shore & M. S. RY. Co.*, 260 U.S. 261, 268 (1922); *In re*

16  *Wellington Resources Corp.*, 20 B.R. 64, 67 (1982).

17  But, even if the City's first appearance was on June 19th when it filed its Rule

18  12(b) motions, because Rule 16's deadline is the <u>earlier</u> of the service of the

19  complaint or the first appearance, Rule 16 would still mandate September 2nd as the

20  deadline for the Scheduling Order and Rule 26 would mandate August 12th for the

21  Rule 26(f) Conference.

22       3.    <u>The City's Assertion That It Properly Ignored The Deadlines Because The Case Is Not At Issue Flies In The Face of The Rules' Legislative History</u>

24  The City argued the Rule 16(b) Scheduling Order deadline and Rule 26(f)

25  Conference deadline were "premature" because the case is not "at issue." This

26  argument directly contravenes, the policies and the stated intent of both Rule 16(b)

27  and Rule 26(f), and are unsupported by case law.

28

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

- 9 -

The Advisory Committee Notes to both Rule 16(b) and Rule 26(f) confirm the intent of the Rules is to require commencement of the pretrial phase of the action regardless of whether the case is "at issue." Specifically, the Advisory Committee Notes to the 1993 Amendments to Rule 26(f) provides a defendant <u>who has not yet filed an answer</u> is nevertheless subject to the deadlines even though the case is not at issue:

> To *assure* … the *commencement of discovery is not delayed unduly*, the rule provides that the meeting of the parties take place as soon as practicable and in any event at least 14 days before the scheduling conference or the scheduling order is due under Rule 16(b).
>
> The **obligation to participate in the planning process [i.e. Rule 26(f) conference] is imposed on all parties that have appeared** in the case, *including defendants who, because of a pending Rule 12 motion, may not have yet filed an answer in the case*.

(Emphasis added.)

### 4. The City's Reliance on Statements Made By Judge Pregerson's Clerk Relating to the Need For A City Answer Is Misplaced.

To buttress its meritless contention Rule 16 deadlines are inapplicable because this case is "not at issue," the City relies on a voicemail the City received from Mr. John Chambers, the clerk for the Court. The transcript of that voicemail shows Mr. Chambers erroneously believed no scheduling order may be issued under Rule 16 unless the City first files an answer. As he explains in his voicemail, he understands Rule 16 or Rule 26(f) was amended in 2000 to require that an *answer* be filed by the defendant before a scheduling order could be issued.

But Rule 16 was not amended in 2000, and Rule 26(f) was only amended in 2000 to require a "conference" of parties rather than a face-to-face meeting. Advisory Committee Notes to the 2000 Amendments to Rule 26(f). More importantly, Mr. Chamber's recollection was faulty because none of the applicable Rules have ever required the filing of a defendant's answer to trigger the Rule 16 deadline.

AUGUSTINI **LAW** OFFICES
ATTORNEYS AT LAW

5. <u>The City's Assertion It Properly Ignored The Deadlines Because There Is "No Operative Complaint" On File Is Unavailing Both Because the Claim Is Without Merit And Because Plaintiffs' Existing Complaint Remains The Operative Complaint in This Action.</u>

The City, perhaps realizing its "at issue" claim was without merit, also argued it could ignore the Rule 16 deadlines because Plaintiffs have "no operative complaint" on file. This contention is apparently based on the Court's prior order granting the City's Rule 12(e) request for a more definite statement.

But that same order <u>denied</u> the City's Rule 12(b)(2) and 12(b)(6) motions to dismiss the complaint. The Court, by denying those motions, found Plaintiffs Complaint states valid claims. Indeed, the order requiring a more definite statement required the Court to so find. Thus, this is <u>not</u> a case where the Court has dismissed the complaint. The original complaint is still "operative."

The reasons the Court gave for requiring a more definite statement related primarily to the narrative material included in the pleading under applicable state rules, and the City's somewhat disingenuous assertion it was "confused" and couldn't tell whether Plaintiffs were suing under the draft PCO or the enacted PCO. In any event, the more definite statement will not amend or supplement the present pleading, but only state the existing claims "more clearly." Thus, the pendency of that more definite statement can have no impact on the Rule 16 deadline – it will contain no claims not already present in the existing and presently "operative" Complaint.

6. <u>The Pending Motion To Intervene Is Irrelevant To The Deadlines Imposed In Rule 16 And 26 Because Those Deadlines Apply Only To "Parties"</u>

The City argues the recently filed and now pending motion to intervene requires the Rule 16 scheduling deadlines be extended until after the disposition of the motion to intervene. This contention is also specious. Rule 16 expressly governs "parties" and proposed intervenors are not "parties" unless and until their motion to intervene has been granted. *Mutual Produce, Inc. v. The Penn Central*

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

1  *Transportation Co.*, 119 F.R.D. 619, 620-621 (D.Mass. 1988).

2      The possible <u>later</u> entry of the intervenors into the case <u>as parties</u> will have no

3  impact on the Rule 16 deadlines. Those deadlines were triggered by the City's

4  service and appearance. Rule 26(a)(1)(D) clearly provides parties arriving after the

5  issuance of the scheduling order, will be subject to that original scheduling order but

6  each shall be required to engage in other disclosure exchanges.

### III.   PLAINTIFFS ARE ENTITLED TO HAVE THIS COURT ASSERT JUDICIAL CONTROL AND MANAGEMENT OVER THE PRETRIAL PHASE OF THIS ACTION AND ENSURE PLAINTIFFS' RIGHTS TO COMMENCE DISCOVERY AND DILIGENTLY PROSECUTE THEIR CLAIMS.

9      The drafters of the Rules believed that "active management is the best path

10  towards the just, speedy, and inexpensive resolution of civil cases." Steven Gensler,

11  Federal Rules of Civil Procedure Rule and Commentary, Rule 16 practice comments

12  at pg. 255-256 (2008 Edition).

13      It is precisely for this reason Rule 16 was dramatically expanded in 1983 and

14  again in 1993 "both to reflect the emerging case management philosophy and to

15  provide a secure rules-based foundation for active case management practices."

16  Steven Gensler, Federal Rules of Civil Procedure Rule and Commentary, Rule 16

17  practice comments at pg. 256 (2008 Edition); *See also* Fed. R. Civ. Proc. 16

18  Advisory Committee's notes (1983) and (1993).

19      Thus, the objectives and policies behind the enactment of Rules 16(b) and

20  26(f) and their subsequent amendments have been to "shift the prior focus of the

21  pretrial conference as related to trial toward a process of judicial management

22  embracing the entire pretrial phase" as well as "the determination of disputes on their

23  merits rather than on the basis of procedural niceties or tactical advantage." 6A C.

24  Wright and A. Miller, <u>Federal Practice and Procedure</u> §1522.

25      As more fully described in the Augustini Declaration, such judicial

26  management and control as contemplated by Rule 16 is especially necessary in this

27  action to end the City's continuing tactics to indefinitely continue the Rule 26

28

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

- 12 -

moratorium on discovery, until after the parties hold the Rule 26(f) Conference.

**IV.   THE CITY WILL SUFFER NO PREJUDICE BY THE COURT'S ENFORCEMENT OF THE RULE 16 SCHEDULING DEADLINES, BUT PLAINTIFFS WILL BE SUBSTANTIALLY PREJUDICED IF THE CITY IS PERMITTED TO LIMIT PLAINTIFFS' ABILITY TO ACTIVELY PROSECUTE THIS ACTION.**

The City will suffer no prejudice by the Court's enforcement of the statutorily imposed deadlines expressly set forth in the Rules. Plaintiffs, however, continue to be prejudiced as a result of the continuous delays in the prosecution of this action. As more specifically set forth in the Augustini Declaration, Plaintiffs, to avoid a loan default were forced to take approximately $2.5 million in investor funds earmarked to pay the construction budget, and use those funds to cover debt service shortfalls resulting from the City imposing the ICO and PCO on the Cecil.

Plaintiffs' plan was to use the three-to-five month respite provided by the use of those funds to complete Plaintiffs' discovery, discover the legal and factual bases for the City's bogus claim the Cecil is a residential hotel, and use that information to seek and hopefully obtain preliminary injunctive relief against the City's application of the PCO. However, Plaintiffs' efforts have been repeatedly blocked by the City since the filing of this action on May 5th; and Plaintiffs now face the prospect of default and foreclosure and the loss of the hotel to the lender.

**V.   PLAINTIFFS ARE ENTITLED TO SANCTIONS PURSUANT TO RULE 37(F) FOR THE CITY'S REFUSAL TO CONDUCT THE RULE 26(F) CONFERENCE OF THE PARTIES, TO WHICH IT PREVIOUSLY AGREED.**

Plaintiffs respectfully submit the City's reckless and improper conduct in reneging on its agreement to conduct the Rule 26(f) Conference on August 12th and otherwise refusing to complete the Conference within applicable deadlines was done in bad faith and solely to delay the expeditious resolution of this litigation and to delay and hinder Plaintiffs' discovery rights. The City is aware of Plaintiffs' precarious financial condition and is apparently hoping Plaintiff will be foreclosed out of the Cecil, thereby rendering moot Plaintiffs' declaratory and injunctive relief claims.

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

- 13 -

Accordingly, Plaintiffs request the Court award Plaintiffs' sanctions in the amount of their reasonable attorney fees incurred in bringing this *ex parte* application. As more particularly stated in the Augustini Declaration, Plaintiffs' have incurred or will incur approximately $15,900.00 in attorney fees in connection with attempting to hold the Rule 26(f) Conference and preparing and prosecuting this application, including the time estimated to prepare for and appear at a hearing on this application.

Sanctions are proper under Rule 37(f), which provides:

> If a party or its attorney fails to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f), the court may, after giving an opportunity to be heard, require that party or attorney to pay to any other party the reasonable expenses, including attorney's fees, caused by the failure.

Plaintiffs ask the Court to exercise its inherent power to impose sanctions against the City for their bad faith conduct. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (recognizing this inherent power). The Supreme Court has specifically recognized a party may be shown to have acted in "bad faith" by intentionally delaying litigation, which is exactly what the City has done. *Id.* at 46.

## VI. PLAINTIFFS REQUEST THE COURT ISSUE AN ORDER REVISING APPLICABLE DEADLINES TO PERMIT THE ACTION TO PROCEED AS INTENDED UNDER THE RULE 16 AND RULE 26 DEADLINES, AND ALSO SET THIS MATTER FOR AN INITIAL PRE-TRIAL CONFERENCE ON SEPTEMBER 8TH.

Notwithstanding the City's wrongful refusal to comply with the deadlines established in Rules 16 and 26, this Court, to comply with the mandate of Rule 16(b), is still required to promptly issue its Scheduling Order. However, by reason of the City's wrongful conduct, it is now impractical for the Court to comply with the September 2, 2008 deadline specified in Rule 16(b). Accordingly, Plaintiffs herein request the Court issue an Order setting:

    (1)    The Scheduling Order deadline for September 15th;

    (2)    The Rule 26(f) Conference deadline to be not less than 2 days after its Order;

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

- 14 -

(3)     The Rule 26(f) Report deadline on September 8th; and

(4)     The deadline for the Parties' initial disclosures as specified in Rule 26(f), namely, 14 days after the Rule 26(f) Conference.

In addition, to ensure the action is immediately placed under the active management of the Court, Plaintiffs request the Court set this matter for an Initial Pre-trial Conference on September 8th.

## VII.   ALTERNATIVELY, THE COURT SHOULD SHORTEN TIME FOR HEARING THE ISSUES PRESENTED IN THIS APPLICATION

In the event, the Court is not inclined to grant Plaintiffs' application on an *ex parte* basis, Plaintiffs respectfully request the Court grant Plaintiffs' alternative *ex parte* application for an order shortening the time to permit Plaintiffs' requests to be heard on September 8th, and Order the City file and serve its opposition on or before September 2, 2008 at 5pm, and reply papers, if any, be filed and served on or before September 5, 2008.

Rule 16(a) authorizes the Court "in any action" to set a pretrial conference for the purposes of, among other things: "expediting disposition of the action;" "establishing early and continuing control so that the case will not be protracted because of lack of management;" and "discouraging wasteful pretrial activities." Whether or not the Court is inclined to set a Rule 16 scheduling deadline, a pretrial conference is necessary in order to facilitate control by the Court over this action and to prevent the continuous delay and obstruction by the City of Plaintiffs' expeditious prosecution of this action.

//

//

//

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

*EX PARTE* APPLICATION FOR ORDER ENFORCING RULE 16 DEADLINES AND OTHER RELIEF

1

**VIII.  CONCLUSION**

2

          For all of the foregoing reasons, Plaintiffs respectfully request that the Court

3

grant Plaintiffs *ex parte* application.

4

5

 Dated:  August 19, 2008                    **AUGUSTINI LAW OFFICES**
                                            **FINLAYSON, AUGUSTINI & WILLIAMS LLP**

6

7

8

                                   By:        _____/AEA_____

9

                                            ALFRED E. AUGUSTINI
                                            ATTORNEYS FOR PLAINTIFFS

10

                                   640 SOUTH MAIN STREET PARTNERS, LLC
                                   AND HSC PROPERTIES, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW