UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

O

| | |
|---|---|
| 640 SOUTH MAIN STREET PARTNERS,LLC and HSC PROPERTIES, ,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES,<br><br>Defendant. | Case No. CV 08-03611 DDP (JTLx)<br><br>**ORDER DENYING EX PARTE APPLICATION**<br><br>[Application filed on November 11, 2008] |

    This case was first removed from state court on June 3, 2008. On July 15, 2008, this Court ordered Plaintiffs to file an amended complaint. Plaintiffs did not comply with the Court's order and instead filed a document styled "More Definite Statement." On October 15, 2008, the Court again ordered Plaintiffs to file an amended complaint within 30 days. Additionally, on October 16, 2008, pursuant to Federal Rule of Civil Procedure 16, the Court ordered the parties to meet and confer and produce a Rule 26(f) scheduling report.

    The parties were unable to comply with the Court's order. While they did meet, they did not file a joint scheduling report. Instead, each side filed its own scheduling report. (<u>See</u> Dkt. Nos.

60, 62.)  Plaintiffs then noticed a series of depositions, some of which were to take place before it had filed an amended complaint. Defendant objected and filed an ex parte application on November 5, 2008 seeking a protective order before Magistrate Judge Jennifer Lum;[1] and a second ex parte application before this Court on November 11 seeking a stay of discovery until a complaint had been filed and a hearing was held on a motion to dismiss.  Defendant argues that Plaintiffs' discovery requests are overly burdensome for two reasons.  First, Defendant argues that Plaintiffs have no existing complaint and that it cannot properly frame objections or know its defenses.  Defendant next argues that it plans to raise jurisdictional issues on its motion to dismiss, which would dispense with some or all of Plaintiffs' claims and therefore reduce the discovery requests.

On November 14, 2008, Plaintiffs filed a First Amended Complaint and, accordingly, this rationale for a protective order or stay has now passed.  Nevertheless, the Court finds that Plaintiffs were entitled to begin discovery pursuant to Rule 16 and 26.

A district court may limit discovery for "good cause," and may stay discovery when it is "convinced that the plaintiff will be unable to state a claim for relief." Wenger v. Monroe, 282 F.3d 1068, 1077 (9th Cir. 2002)(citing Wood v. McEwan, 644, F.2d 797, 801-02 (9th Cir. 1981)).  The Court is not convinced at this early stage that Plaintiffs will be unable to state a claim for relief,

---

[1] Judge Lum denied Defendant's request in an order dated November 10, 2008 and found that Plaintiffs were entitled to begin discovery, absent an order from this Court.

and Defendant has not otherwise demonstrated that it will be prejudiced by Plaintiffs' discovery requests.

The Court DENIES Defendant's ex parte applications.

IT IS SO ORDERED.

Dated: November 20, 2008

_____
DEAN D. PREGERSON
United States District Judge