BRANT H. DVEIRIN, Bar No. 130621
Brant.Dveirin@bbklaw.com
MARC S. EHRLICH, Bar No. 198112
Marc.Ehrlich@bbklaw.com
G. ROSS TRINDLE III, Bar No. 228654
Ross.Trindle@bbklaw.com
BEST BEST & KRIEGER LLP
300 South Grand Avenue, 25th Floor
Los Angeles, CA  90071
Telephone: (213) 617-8100
Telecopier: (213) 617-7480

Attorneys for Defendant
CITY OF LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| 640 SOUTH MAIN STREET PARTNERS, LLC, and HSC PROPERTIES, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES,<br><br>Defendant. | Case No.  CV08-03611 DDP (JTLx)<br>Judge: Hon. Dean D. Pregerson<br><br>**JOINT REPORT PURSUANT TO F.R.C.P. 26(f)**<br><br>Action Filed:          May 5, 2008<br>Action Removed    June 3, 2008<br>Scheduling Conf:   August 14, 2009<br>Trial Date:              None Set |
| LOS ANGELES COMMUNITY ACTION NETWORK,<br><br>Counterclaimant,<br><br>vs.<br><br>640 SOUTH MAIN STREET PARTNERS, LLC, HSC Properties, LLC,<br><br>Counterdefendants. | |

*By this joint report, the parties, through their respective counsel, hereby jointly request that the Court continue the August 14th Scheduling Conference for an additional ninety (90) days.*

This joint request for a continuance of the Scheduling Conference is based on the fact that, as Plaintiffs have represented to all parties, Plaintiffs, as owners of the Cecil Hotel, are presently in final negotiations for the execution of a non-binding letter of intent (LOI) with a third party for the execution of a purchase and sale agreement ("P&S") of the Hotel, upon the closing of which the buyer will be required to use the Hotel primarily for affordable housing. The consummation of the proposed LOI and proposed P&S is dependent upon the satisfaction of several important conditions precedent, including cooperation of the Defendant City with the proposed sale, and the agreement of all parties to dismiss their respective claims and the entire pending action, including the Counterclaims, with prejudice.

As noted below, the City and Intervenors cannot presently commit to cooperate with the proposed sale of the Hotel, or to the dismissal of either Plaintiffs' claims or the pending Counterclaims – because their willingness to do so depends on the terms of the LOI and P&S including among other things the terms of State of California bond financing, agreed protections for existing residential occupants of the Hotel and other related matters.

If the Court grants the request to continue the Scheduling Conference for 90 days, all counsel and all parties have agreed to use that period in a good faith effort to negotiate a settlement of the entire action, including the sale of the Hotel and dedication of the use of the Hotel primarily for affordable housing.

In the event the Court is unwilling to grant the joint request for a 90 day continuance of the Scheduling Conference, the parties jointly request that the Court set a trial date approximately one year from the date of the Scheduling Conference, in order to give Plaintiffs sufficient time to negotiate the proposed sale, and for all parties to negotiate a settlement of the entire case, before all parties have to incur

substantial litigation costs in preparation for trial and trial.

### A. PARTICIPANTS

On July 17, 2009, counsel for the parties met and conferred in accordance with FRCP 26(f). Present were: Alfred E. Augustini for Plaintiffs 640 South Main Street, LLC, HSC Properties, LLC, Christopher Murphy for Counter-Defendant 640 South Main Street Partners, LLC, Philip Nevinny for Counter-Defendants HSC Properties, LLC, Brant Dveirin for Defendant City of Los Angeles, and Deborah Drooz and Barbara Schultz for Counter-Claimants LA CAN, et al.

### B. SYNOPSIS OF CLAIMS AND DEFENSES

Defendant contends the only claim remaining on Plaintiffs' First Amended Complaint, as a result of this Court's ruling on the City's Motion to Dismiss, is the claim for equal protection violations. Counter-claimants contend that Counter-claimants' Complaint remains in its entirety. Plaintiffs contend (and Defendant and Counter-claimants dispute), that if Counter-claimants' state law claims remain in this case, then so do Plaintiffs' affirmative state law claims, which are substantially the same as Counter-claimants' state law claims.

#### 1. PLAINTIFFS'/COUNTER-DEFENDANTS' AND DEFENDANT'S SYNOPSIS

In October 2006, Defendant, City of Los Angeles, enacted an "Interim Control Ordinance" prohibiting the conversion of historical Residential Hotels in the downtown area. The ICO expired in May, 2008 and was followed by a Permanent Control Ordinance ("PCO"), which Defendant contends was drafted during the period of the ICO.

Shortly before the ICO expired, the PCO came into effect. Defendant contends, which Plaintiffs dispute, but which may no longer be relevant as a result of the Court's grant of the City's Motion to Dismiss, that the PCO did not automatically adopt any determinations made under ICO. The PCO was then itself amended and the Amended PCO, or APCO, ultimately came into effect. Defendant

contends, which Plaintiffs dispute, that the APCO did not automatically adopt any determinations made under the ICO. Plaintiffs also dispute Defendant's contentions that the PCO was never enforced against any properties, including the Cecil Hotel, and that the APCO has also not been enforced against the Cecil Hotel.

The parties agree that the City on September 12, 2008 sent Plaintiffs a letter stating that the Cecil may fall under the provisions of the APCO and requesting Plaintiffs to maintain documents, and the City on December 5, 2008, sent Plaintiffs a letter requesting Plaintiffs produce certain documentation which the City contends is necessary to the City's final determination regarding the Hotel's status under the APCO. Plaintiffs contend they have produced all records in their possession relevant to the issue of the Cecil's status, and the parties have agreed to meet and confer regarding the City's request and the Plaintiffs' objections.

Defendant City filed its Motion to Dismiss Plaintiffs' First Amended Complaint, and the City's Motion was granted in part, and denied in part. The Court's ruling states what has not been dismissed, and that Plaintiffs state a claim for equal protection violations under the ICO, PCO, and APCO. Defendant contends, which Plaintiffs dispute, that there can be no equal protection violation as to the ICO or PCO, as Plaintiffs did not own the property during the time the ICO was applied to the Cecil, which was in 2006, and that the PCO was never applied to any properties, as it was immediately amended.

### 2. COUNTER-CLAIMANT'S SYNOPSIS

Counter-claimants are residents of the Cecil Hotel and LA CAN, a non-profit agency that renders services to indigent residents of downtown Los Angeles. Counter-claimants seeks a judicial determination that the Cecil is a Residential Hotel as defined in Health & Safety Code §50519(b), and at all relevant times was, and currently is, subject to all of the regulations and restrictions attendant to this status. Counter-claimants also asked the Court to declare that, in keeping with it's Residential Hotel status, the Cecil was subject to Interim Control Ordinance No.

17757 (ICO), Final Ordinance No. 179868 (PCO) and is currently subject to Amended Ordinance No. 180175 (APCO), all of which ordinances place limitations on the conversion or demolition of Residential Hotel units. Counter-claimants seek relief for violations of the Federal Housing Act and the California Fair Housing Act, both of which violations occurred during Plaintiffs' efforts to convert the Cecil from a Residential Hotel to a tourist/transient hotel. Finally, Counter-claimants seek relief for nuisance and emotional distress.

### C. LEGAL ISSUES

#### 1. PLAINTIFFS/COUNTER-DEFENDANTS' AND DEFENDANT'S LEGAL ISSUES:

The legal issues involved related to Plaintiffs' Complaint, include without limitation the following:

    a.    Whether Defendant violated Plaintiffs' equal protection rights under the ICO, PCO, and APCO.

    b.    Whether the Counter-claimants can prosecute their state law claims, including declaratory relief, claims, etc. that were dismissed by this action by the Court.

#### 2. COUNTER-CLAIMANTS LEGAL ISSUES:

The legal issues involved in this case include, without limitation the following:

    a.    Whether the Cecil Hotel was, during the relevant time periods, and currently is, a Residential Hotel;

    b.    Whether the Cecil Hotel was and or is subject to any of the following City Ordinances: No. 177557, No. 179868, and No. 180175;

    c.    Whether Plaintiffs converted or destroyed the Cecil's residential units in violation of said ordinances;

    d.    Whether Plaintiffs violated the Federal Housing Act by

failing to provide reasonable accommodations for Counter-claimant, a handicapped resident;

e. Whether Plaintiffs violated the California Fair Employment and Housing Act by failing to provide reasonable accommodations for Counter-claimant, a handicapped resident;

f. Whether Plaintiffs maintained the Cecil Hotel, portions thereof, in a manner that interfered with the resident Counter-claimants' peaceful use and enjoyment of their units;

g. Whether Plaintiffs intentionally or negligently subjected Counter-claimants to emotional distress; and

h. Whether and to what extent Counter-claimants were damaged by Plaintiff's wrongful conduct.

### D. REMEDIES

Plaintiffs/Counter-defendants plead for a TRO, Preliminary Injunction, Permanent Injunction, compensatory damages and reasonable attorneys fees as part of the first count, which includes the claim of violation of equal protection.

Defendant requests that the Court deny Plaintiffs any injunctive or declaratory relief and that Plaintiffs take nothing.

Counter-claimants seek all available federal remedies including declaratory relief, injunctive relief, punitive damages, and interest thereon.

Plaintiffs claim that all state law claims brought by Counter-claimants regarding the Cecil's Residential Hotel status should be dismissed.

### E. INSURANCE

Counter-defendant 640 Main Street Partners, LLC, has insurance and the insurance company has appointed counsel to defend Counter-claimants' Complaint. Counter-defendant HSC Properties LLC, does not have insurance coverage.

Except as stated above, Defendants and Counter-claimants are unaware of any insurance policy that might be used to satisfy a judgment on the Complaint or Counter claimants' Complaint.

All parties anticipate discovery disputes, having to meet and confer, discovery motions, and motion for summary judgment/summary adjudication of issues.

### F.  DISCOVERY AND EXPERTS

The parties have been engaged in various discovery proceedings and were in the process of meeting and conferring regarding various discovery issues when Plaintiffs began their above-referenced negotiations for the sale of the Cecil Hotel, and the parties requested the initial extension of time of the Scheduling Conference to enable the parties to pursue a global settlement including the potential sale of the Hotel. Because the proposed settlement and sale remains subject to various contingencies, the parties are presently engaged in a meet and confer process regarding documents Defendant believes are necessary in order to both defend against Plaintiffs' claims and to make what the City contends would be its "final determination" regarding whether the Hotel is subject to the APCO as a "residential hotel." Plaintiffs contend the documents sought by the City are irrelevant to the action and unnecessary to the determination of the Cecil's status.

The parties discussed these ongoing discovery disputes as part of the July 17, 2009 meeting of counsel. As a result, in the event that the parties are unsuccessful in negotiating a global settlement and sale of the Hotel, it is likely that the pending disputes will result in significant discovery motion practice.

Counter-claimants and Counter-defendants have taken discovery on some of the issues related to Counter-claimants' Complaint and will continue to do so, independent of any discovery limitations that may be opposed or agreed to by Plaintiffs and Defendant related to the Complaint.

All parties will attempt to work in good faith to resolve all discovery disputes

and will meet and confer, and try to resolve any disputes without resorting to any motions.

### 1. RULE 26(A) DISCLOSURES

The Parties have provided their initial disclosures in a timely fashion. Defendant City of Los Angeles has subsequently provided additional documents as part of its initial disclosures.

### 2. DISCOVERY SUBJECTS AND PHASES

The parties agree that discovery need not be conducted in phases. It may be appropriate to bifurcate Plaintiffs' Complaint from Counter-claimants Complaint at some point, but that requires more discussion. The parties discuss this briefly as part of their July 17 meeting. The dates by which discovery should be completed are set forth below in the proposed schedule.

### 3. ELECTRONICALLY STORED INFORMATION

Parties agree that important evidence may be maintained in the parties' computer files. To ensure the preservation of that evidence, they agree that the attached "Notice re Preservation of Electronically Stored Information (attached hereto as Exhibit "A") shall be forwarded to their agents, employees, and assigns who are currently believed to posses or control such materials. The parties agree to comply in good faith with the requirements in Exhibit "A". Defendant contends that the City may have difficulty complying with some parts of Exhibit "A", primarily due to the fact that various City departments do not use a uniform archival system. The specifics of the City of Los Angeles compliance difficulties remain to be discussed by the parties, however, Plaintiffs do not agree with the City's representations about its own limitations and expects the City, as a party to the case and the party that removed this action to federal court, to fully comply with the preservation requirements of the Federal and Local Rules. The parties further agree that if additional such persons (agents, employees, etc.) are identified in the future, they'll be provided with the Notice. They agree to use their best efforts to

comply with the measures prescribed in the Notice.

### 4. PRIVILEGE/PROTECTIVE ORDERS

The parties will make a good faith effort to stipulate to any reasonable protective orders and/or confidentiality agreements that would enable discovery to proceed without significant interruption. To the extent such disputes are not promptly resolved, any party may move to compel, or seek a protective order from the Court.

### 5. CHANGES TO LIMITATIONS ON DISCOVERY

Defendant and Counter-claimants contend that there are three sides in this case: that of the property owner Plaintiffs, that of the Defendant City, and that of the Counter-claimants, tenants and LA CAN. As such, they propose that each side be permitted to conduct twenty depositions, propound seventy-five interrogatories, and propound fifty requests for admissions. They further propose that the depositions may, when necessary, continue for two days, with no more than seven hours of examination on each day.

Plaintiffs contends that there only two sides to the case, as Counter-claimants intervened to ensure proper action by the City related to the Cecil, and the proposed limits should be applied to Plaintiffs on the one hand, and to Defendant and Counter-claimants, on the other hand.

## G. LOCAL RULE 26-1

### 1. COMPLEX CASES

Parties agree that this is not a complex case. The procedures described in the manual for complex litigation are inapplicable.

### 2. SETTLEMENT AND SETTLEMENT MECHANISMS

At the July 17, 2009 meeting, the parties discussed possibly involving a third party neutral in the event there were outstanding issues as part of any potential sale that may need to be resolved. Those issues have not yet been identified. The parties will revisit this issue as the negotiations progress and possibly involve a

mediator.

### 3. MOTION SCHEDULE

Parties anticipate that motions will be filed in the time frame prescribed by the proposed case schedule, below.

### 4. TRIAL ESTIMATE

Counter-claimants have requested a trial by jury in this action and estimate that the trial will last approximately twenty (20) court days. Plaintiffs estimate the trial will require 14 to 18 court days.

### 5. EXPERT WITNESSES

The parties anticipate that experts will be designated in the time frame prescribed by the case schedule, below, and will follow the Federal Rules of Civil Procedure, except where specifically noted.

### 6. ADDITIONAL PARTIES

At about the time of the first scheduled conference, Plaintiffs stated they were considering adding an additional defendant into the case. At this time, Defendant and Counter-claimants do not foresee the need to join parties.

### 7. MAGISTRATE JUDGE

The parties do not wish to have a Magistrate Judge preside over this action.

### 8. OTHER ISSUES

There are no other issues that require discussion at this time.

### H. PROPOSED CASE SCHEDULE

The parties propose the following schedule for this action:

(1) Last day to file motions to add a new party: **120 days after scheduling conference.**

(2) Designation of Experts for affirmative use: **FRCP 26/90 days before trial.**

(3) Designation of Rebuttal Experts: **FRCP 26 / 30 days after affirmative designation.**

(4) Close of Fact Discovery: **30 days before trial.**

(5) Disclosure of Expert Testimony for affirmative use: **FRCP 26/90 days before trial.**

(6) Disclosure of Rebuttal Expert Testimony: **FRCP 26/30 days after affirmative designation.**

(7) Close of Expert Discovery: **15 days before trial.**

(8) Last day to file Dispositive Motions: **120 days before trial.**

(9) Last day to file Discovery Motions: **20 days before trial.**

(10) Pretrial Conference: **30 days before trial.**

(11) Trial Date: approximately one year: **August 14, 2010.**

Dated:    August 11, 2009                BEST BEST & KRIEGER LLP

By: _____
BRANT H. DVEIRIN, ESQ.
MARC S. EHRLICH, ESQ.
G. ROSS TRINDLE, III, ESQ.
Attorneys for Defendant
City of Los Angeles

| | | |
|---|---|---|
| Dated: | August 11, 2009 | AUGUSTINI LAW OFFICES<br>ALFRED E. AUGUSTINI<br>FINLAYSON, AUGUSTINI & WILLIAMS LLP<br><br>By: *[signature]*<br>ALFRED E. AUGUSTINI<br>Attorneys for Plaintiffs<br>640 South Main Street Partners, LLC, and HSC Properties, LLC<br>(only re Amended Complaint) |
| Dated: | August 11, 2009 | GORDON & REES, LLP<br><br>By: _____<br>CHRISTOPHER R. MURPHY, ESQ.<br>Attorneys for Counter-defendant<br>640 South Main Street Partners, LLC |
| Dated: | August 11, 2009 | ECOFF, LAW & SALOMONS, LLP<br><br>By: _____<br>LAWRENCE E. ECOFF, ESQ.<br>PHILIP NEVINNY, ESQ.<br>Attorneys for Counter-defendant<br>HSC Properties, LLC |
| Dated: | August 11, 2009 | LEGAL AID FOUNDATION OF LOS ANGELES<br><br>By: _____<br>BARBARA SCHULTZ, ESQ.<br>Attorneys for Counter-claimants LA CAN, Alvin Taylor and Soverio Maniscalco |

| | | |
|---|---|---|
| Dated: | August 11, 2009 | AUGUSTINI LAW OFFICES<br>ALFRED E. AUGUSTINI<br>FINLAYSON, AUGUSTINI &<br>WILLIAMS LLP<br><br>By: _____<br>ALFRED E. AUGUSTINI<br>Attorneys for Plaintiffs<br>640 South Main Street Partners,<br>LLC, and HSC Properties, LLC<br>(only re Amended Complaint) |
| Dated: | August 11, 2009 | GORDON & REES, LLP<br><br>By: _____<br>CHRISTOPHER R. MURPHY, ESQ.<br>Attorneys for Counter-defendant<br>640 South Main Street Partners, LLC |
| Dated: | August 11, 2009 | ECOFF, LAW & SALOMONS, LLP<br><br>By: _____<br>LAWRENCE E. ECOFF, ESQ.<br>PHILIP NEVINNY, ESQ.<br>Attorneys for Counter-defendant<br>HSC Properties, LLC |
| Dated: | August 11, 2009 | LEGAL AID FOUNDATION OF LOS ANGELES<br><br>By: _____<br>BARBARA SCHULTZ, ESQ.<br>Attorneys for Counter-claimants LA CAN, Alvin Taylor and Soverio Maniscalco |

| | | |
|---|---|---|
| Dated: | August 11, 2009 | AUGUSTINI LAW OFFICES<br>ALFRED E. AUGUSTINI<br>FINLAYSON, AUGUSTINI & WILLIAMS LLP<br><br>By: _____<br>ALFRED E. AUGUSTINI<br>Attorneys for Plaintiffs<br>640 South Main Street Partners, LLC, and HSC Properties, LLC<br>(only re Amended Complaint) |
| Dated: | August 11, 2009 | GORDON & REES, LLP<br><br>By: _____<br>CHRISTOPHER R. MURPHY, ESQ.<br>Attorneys for Counter-defendant<br>640 South Main Street Partners, LLC |
| Dated: | August 11, 2009 | ECOFF, LAW & SALOMONS, LLP<br><br>By: /s/ _____<br>LAWRENCE E. ECOFF, ESQ.<br>PHILIP NEVINNY, ESQ.<br>Attorneys for Counter-defendant<br>HSC Properties, LLC |
| Dated: | August 11, 2009 | LEGAL AID FOUNDATION OF LOS ANGELES<br><br>By: _____<br>BARBARA SCHULTZ, ESQ.<br>Attorneys for Counter-claimants LA CAN, Alvin Taylor and Soverio Maniscalco |

| | | |
|---|---|---|
| Dated: | August 11, 2009 | FINLAYSON, AUGUSTINI & WILLIAMS LLP |

By: _____
JEFF AUGUSTINI
Attorneys for Plaintiff
640 South Main Street Partners, LLC, and HSC Properties, LLC

| | | |
|---|---|---|
| Dated: | August 11, 2009 | GORDON & REES, LLP |

By: _____
CHRISTOPHER R. MURPHY, ESQ.
Attorneys for Counter-defendant
640 South Main Street Partners

| | | |
|---|---|---|
| Dated: | August 11, 2009 | ECOFF, LAW & SALOMONS, LLP |

By: _____
LAWRENCE E. ECOFF, ESQ.
PHILIP NEVINNY, ESQ.
Attorneys for Counter-defendant
HSC Properties, LLC

| | | |
|---|---|---|
| Dated: | August 11, 2009 | LEGAL AID FOUNDATION OF LOS ANGELES |

By: _____
BARBARA SCHULTZ, ESQ.
Attorneys for Counter-claimants LA CAN, Alvin Taylor and Soverio Maniscalco

Notice Re: Preservation of Electronically Stored Information.

The purpose of this Notice is to request that _____ ("YOU") immediately take all steps necessary to preserve and maintain all documents and all Electronically Stored Information ("ESI")[1], of any kind, in any form, and wherever located (including private files, home computers, and PDAs) that refer or relate to the Claims, Counterclaims and/or defenses in the action styled 640 South Main Street Partners, et al. v. City of Los Angeles, case number CV 08-03611 DDP (JTLx), including, without limitation, all ESI relating or referring to the Plaintiffs' purchase of the Cecil Hotel (the "Property"). In addition, you should preserve all documents reflecting any discussions, communications, correspondence internally or with any individual or entity related to the Claims, Counterclaims and/or defenses in the above-referenced matter and/or to the purchase or sale of the Property. You should preserve documents and ESI for the time period extending from January 1, 2005 to the present.

Critical evidence may exist in the form of ESI contained in personal home computer or Computer Systems used by the parties and their employees.[2] Accordingly, this is a Notice that YOU immediately preserve and retain, in its original electronic format, as well as all related hard copy documents, any materials that relate or refer to the Claims, Counterclaims and/or defenses in this action. Such preservation and retention of ESI is essential because a paper printout of text contained in a computer file does not capture all information contained within the electronic file.

In addition, this Notice requests that YOU:

(1) preserve and retain in a forensically sound manner all ESI contained on the relevant Computers and/or Computer Systems by having an exact forensic image of the hard drive duplicated.

(2) refrain from removing or altering fixed or external drives and media attached thereto from the Computer or Computer Systems unless and until exact forensic images of the hard drives of such systems are made by a qualified computer forensics expert.

---

[1] For purposes of this Notice, ESI means all computerized data and other electronically recorded information which includes, but not limited to, all text files (including word processing documents), spread sheets, e-mail messages and files and information concerning e-mail (including metadata fields, logs of e-mail history and usage, header information, and "deleted" files including all potentially relevant data contained in free or slack space), backup e-mail files, deleted e-mils, data files, program files, backup and archival tapes, temporary files, system history files, Internet history files and preferences, graphical image format ("GIF"), tagged image file format ("TIF"), portable document format ("PDF") files, voice mail messages and files back-up voice mail files, databases, contacts, tasks, calendar and scheduling information, computer system activity logs, web site information stored in textual, graphical or audio format, web site log files, cache files, cookies, web site information stored in textual, graphical or audio format, and other electronically-recorded information.

[2] For purposes of this Notice, "Computer Systems" shall mean any and all devices, services, or systems of any type whatsoever, wherever located in the world - including, without limitation, personal computing devices and removable storage media, lap top computers, desk top computers, cell phones, PDAs, printers, fax machines, CDs, DVDs, floppy disks, Zip drives, thumb drives, FireWire drives, and all web-based email services and accounts (i.e., AOL) that you or others acting on your behalf may have used -- that contain electronic data concerning the Lawsuit, the Property, or the Claims.

NY 71819927v1
10/30/08

EXHIBIT "A"

(3) preserve and retain all backup tapes or other storage media, whether online, near-line or off-line, and refrain from overwriting or deleting information contained thereon, which may contain relevant ESI.

The failure to preserve and retain any of the electronically stored information outlined in this Notice may constitute spoliation of evidence.

If for any reason whatsoever YOU are unable to comply with the foregoing requirements, please contact your attorney of record immediately.

NY 71819927v1
10/30/08