6/17

BRANT H. DVEIRIN, Bar No. 130621
Brant.Dveirin@bbklaw.com
G. ROSS TRINDLE III, Bar No. 228654
Ross.Trindle@bbklaw.com
BEST BEST & KRIEGER LLP
300 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 617-8100
Telecopier: (213) 617-7480

Attorneys for Defendant
CITY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| 640 SOUTH MAIN STREET PARTNERS, LLC, and HSC PROPERTIES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LOS ANGELES, <br><br> Defendant. | Case No. CV08-03611 DDP (JTLx) <br> Judge: Hon. Dean D. Pregerson <br><br> **SUPPLEMENTAL JOINT REPORT OF PLAINTIFFS AND CITY PURSUANT TO F.R.C.P. 26(f)** <br><br> Action Filed:   May 5, 2008 <br> Action Removed   June 3, 2008 <br> Scheduling Conf Date: May 17, 2010 <br> Trial Date:   None Set |
| LOS ANGELES COMMUNITY ACTION NETWORK, <br><br> Counterclaimant, <br><br> vs. <br><br> 640 SOUTH MAIN STREET PARTNERS, LLC, HSC Properties, LLC, <br><br> Counterdefendants. | |

By this joint report, the City of Los Angeles ("City") and the Plaintiffs, through their respective counsel, request that the scheduling conference be continued for an additional 90 days. This is based on the fact that Plaintiffs, the owners of the Cecil Hotel ("Hotel"), have executed a written purchase and sale agreement ("P&S") for Cecil Hotel with National Housing Ventures, LLC ("Buyer"). The P&S has a 90 day contingency period and the possibility of an additional 90 days. If the P&S closes, the Buyer has stated it plans to propose the Hotel be used primarily for affordable housing.

The parties, through their respective legal counsel have met with the Buyer to determine if a settlement of the pending action could be negotiated based upon the current P&S. Unfortunately, the Intervenors and Buyer could not agree on the Hotel renovation plans submitted by the Buyer. Negotiations are continuing. The Intervenors have stated their position that if the Buyer acquires the Hotel, Intervenors want to reserve the right to oppose the renovation plans of the Buyer.

However, all parties have informally agreed that, in the event the pending Hotel closes within the next 90 days, Plaintiffs will dismiss their existing claims with prejudice, and Intervenors will dismiss their "residential hotel" claims with prejudice, and Intervenors will reserve the right to prosecute their existing Federal Fair Housing Act, California Fair Housing Act Claim, nuisance and emotional distress claims against Plaintiffs, and those remaining claims will be the only part of the present litigation that would remain, with the City will no longer be a party to the action.

If the Court will not grant the additional 90 day continuance, the City and Plaintiffs request the trial date be set approximately one year from 90 days after the date of the scheduling conference, which should give the sufficient time to complete the proposed sale and settlement of all pending "residential hotel" claims before all parties incur substantial litigation costs in discovery and preparation for trial and trial.

The Intervenors in emails today May 17, 2010 suggested a trial date in November, 2010, then January 2011 – trial dates only about 45 days (November 2009) and about 100 days (January 2011) after the contingency periods in the P&S. In a response email, Defendant City's counsel, Brant Dveirin, explained to all counsel that the November date is too soon, that he is recovering from two successive surgeries and may need a third surgery. He suggested a date at least a year or more from the Scheduling conference, which is the same time period that was in the Intervenors' and Defendant City's earlier Joint Statement filed in this case. It makes much more sense to keep the "at least" 12 month period the Intervenors and Defendant City earlier agreed to.

For synopsis of claims and defenses, on case, agreements on discovery, number of depositions and time on depositions, written discovery limits, parties' legal issues, disagreements on the number of sides in the case, trial estimates, etc., the City and Plaintiffs refer the Court to the Reports previously filed by the parties pursuant to FCRP 26 (f).

### A.   PROPOSED CASE SCHEDULE IN THE EVENT COURT SETS TRIAL DATE

The City and Plaintiffs propose the following schedule for this action:

(1) Last day to file motions to add a new party: **120 days after scheduling conference.**

(2) Designation of Experts for affirmative use: **FRCP 26/90 days before trial.**

(3) Designation of Rebuttal Experts: **FRCP 26 / 30 days after affirmative designation.**

(4) Close of Fact Discovery: **30 days before trial.**

(5) Disclosure of Expert Testimony for affirmative use: **FRCP 26/90 days before trial.**

(6) Disclosure of Rebuttal Expert Testimony: **FRCP 26/30 days**

after affirmative designation.

  (7) Close of Expert Discovery: **15 days before trial.**

  (8) Last day to file Dispositive Motions: **120 days before trial.**

  (9) Last day to file Discovery Motions: **20 days before trial.**

  (10) Pretrial Conference: **30 days before trial.**

  (11) Trial Date: approximately 90 days plus one year: **August 2, 2011.**

Dated: May 17, 2010

BEST BEST & KRIEGER LLP

By: _____
BRANT H. DVEIRIN, ESQ.
G. ROSS TRINDLE, III, ESQ.
Attorneys for Defendant
City of Los Angeles

Dated: May 17, 2010

AUGUSTINI LAW OFFICES

By: _____
ALFRED E. AUGUSTINI
Attorneys for Plaintiffs
640 South Main Street Partners, LLC, and HSC Properties, LLC

Dated: May 17, 2010

GORDON & REES, LLP

By: _____
CHRISTOPHER R. MURPHY, ESQ.
Attorneys for Counter-defendant
640 South Main Street Partners

after affirmative designation.

(7) Close of Expert Discovery: **15 days before trial.**

(8) Last day to file Dispositive Motions: **120 days before trial.**

(9) Last day to file Discovery Motions: **20 days before trial.**

(10) Pretrial Conference: **30 days before trial.**

(11) Trial Date: approximately 90 days plus one year: **August 2, 2011.**

Dated: May 17, 2010          BEST BEST & KRIEGER LLP

By: _____
BRANT H. DVEIRIN, ESQ.
G. ROSS TRINDLE, III, ESQ.
Attorneys for Defendant
City of Los Angeles

Dated: May 17, 2010          AUGUSTINI LAW OFFICES

By: _____
ALFRED E. AUGUSTINI
Attorneys for Plaintiffs
640 South Main Street Partners,
LLC, and HSC Properties, LLC

Dated: May 17, 2010          GORDON & REES, LLP

By: _____
CHRISTOPHER R. MURPHY, ESQ.
Attorneys for Counter-defendant
640 South Main Street Partners

after affirmative designation.

(7) Close of Expert Discovery: **15 days before trial.**

(8) Last day to file Dispositive Motions: **120 days before trial.**

(9) Last day to file Discovery Motions: **20 days before trial.**

(10) Pretrial Conference: **30 days before trial.**

(11) Trial Date: approximately 90 days plus one year: **August 2, 2011.**

Dated: May 17, 2010            BEST BEST & KRIEGER LLP

By: _____
BRANT H. DVEIRIN, ESQ.
G. ROSS TRINDLE, III, ESQ.
Attorneys for Defendant
City of Los Angeles

Dated: May 17, 2010May 17, 2010   AUGUSTINI LAW OFFICES

By: _____
ALFRED E. AUGUSTINI
Attorneys for Plaintiffs
640 South Main Street Partners,
LLC, and HSC Properties, LLC

Dated: May 17, 2010            GORDON & REES, LLP

By: _____
CHRISTOPHER R. MURPHY, ESQ.
Attorneys for Counter-defendant
640 South Main Street Partners

| | | | |
|---|---|---|---|
| 1 | Dated: | May 17, 2010 | ECOFF, LAW & SALOMONS, LLP |

By: _____
LAWRENCE E. ECOFF, ESQ.
PHILIP NEVINNY, ESQ.
Attorneys for Counter-defendant
HSC Properties, LLC

| | | | |
|---|---|---|---|
| 6 | Dated: | May 17, 2010 | LEGAL AID FOUNDATION OF LOS ANGELES |

By: _____
BARBARA SCHULTZ, ESQ.
Attorneys for Counter-claimants LA CAN, Alvin Taylor and Soverio Maniscalco