BROWNSTEIN HYATT FARBER SCHRECK, LLP
Deborah Drooz (State Bar No. 133355)
DDrooz@bhfs.com
2029 Century Park East, Suite 2100
Los Angeles, CA 90067-3007
Telephone: 310.500.4600
Facsimile: 310.500.4602

BARBARA SCHULTZ (168766)
LEGAL AID FOUNDATION OF LOS ANGELES
bschultz@lafla.org
1550 W. 8th St.
Los Angeles, CA 90017
Telephone: (213) 640-3823
Facsimile: (213) 640-3850

Attorneys for Counterclaimants
Alvin Taylor, Saverio Maniscalco, and LA CAN

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 640 SOUTH MAIN STREET PARTNERS, LLC, AND HSC PROPERTIES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES,<br><br>Defendants.<br><br>LOS ANGELES COMMUNITY NETWORK, ALVIN TAYLOR, AND SAVERIO MANISCALCO,<br><br>Counterclaimant,<br><br>v.<br><br>640 SOUTH MAIN STREET PARTNERS, LLC, HSC PROPERTIES, LLC,<br><br>Counterdefendants. | Case No. CV08-03611 DDP (AGRx)<br><br>Assigned to the Honorable Alicia G. Rosenberg<br><br>**DISCOVERY MATTER**<br><br>**MOTION TO COMPEL REQUESTS FOR PRODUCTION OF DOCUMENTS; DECLARATION OF DEBORAH DROOZ AND [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH**<br><br>**Date:      July 8, 2011**<br>**Time:      10:00 a.m.**<br>**Ctrm:      D**<br><br>**Discovery Cutoff Date: August 12, 2011**<br><br>Pretrial Conf. Date:        January 23, 2012<br><br>Action Filed:            May 5, 2008<br>Action Removed:       June 3, 2008<br>Trial Date:             August 23, 2011 |

1

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067-3007

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page(s)**

I.     FACTUAL SUMMARY. ............................................................................ 1

II.    COUNTERCLAIMANTS SERVE RFDS SEEKING DOCUMENTS
       CONCERNING THE CONDITION OF, CONSTRUCTION ON, AND
       MAINTENANCE OF THE CECIL HOTEL. ............................................. 3

III.   PLAINTIFF/COUNTERDEFENDANTS SERVE BOILERPLATE
       OBJECTIONS AND SHOW BAD FAITH IN THE MEET AND
       CONFER PROCESS. ................................................................................ 4

IV.    PLAINTIFF/COUNTERDEFENDANTS' OBJECTIONS AS TO TIME
       FRAME ARE WITHOUT MERIT............................................................. 7

V.     L.A. CAN IS ENTITLED TO DISCOVER THE DOCUMENTS
       SOUGHT IN THE RFDS. ......................................................................... 8

VI.    THE  LIBERAL STANDARDS GOVERNING THE SCOPE OF
       DISCOVERY ARE APPLICABLE HERE.............................................. 10

VII.   CONCLUSION......................................................................................... 11

# TABLE OF AUTHORITIES

## CASES

Baker v. Burbank-Glendale-Pasadena Airport Authority,
   39 Cal. 3d 862 (1985) ........................................................................................ 7

Boon Rawd Trading Int'l Co., Ltd. v.
   Paleewong Trading Co.,
   688 F. Supp. 2d 940 (D. Cal. 2010)................................................................... 7

Do v. Superior Court,
   (2003) 109 Cal. App. 4th 1210 ........................................................................ 11

Garneau v. City of Seattle,
   147 F.3d 802 (9th Cir. 1998) ........................................................................... 10

Global Ampersand, LLC v. Crown Eng'g & Constr.,
   261 F.R.D. 495 (E.D. Cal. 2009).................................................................... 11

Hecht, Solberg, Robinson, Goldberg & Bagley LLP v. Superior Court,
   137 Cal. App. 4th 579 (Cal. App. 4th Dist. 2006)......................................... 10

Hickman v. Taylor,
   329 U.S. 495 (1947)......................................................................................... 10

Mangini v. Aerojet-Gen. Corp.

i

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 CENTURY PARK EAST, SUITE 2100
· LOS ANGELES, CA 90067-3007

230 Cal. App. 3d 1125 (1991) ......................................................... 7
Nestle v. Santa Monica,
    6 Cal. 3d 920 (Cal. 1972) ........................................................... 7
Oppenheimer Fund, Inc. v. Sanders,
    437 U.S. 340 (1978) ................................................................... 10
Richards v. CH2M Hill, Inc.,
    26 Cal. 4th 798 (Cal. 2001) ......................................................... 8
Uniguard Security Ins. Co. v. Lakwork Eng. Mfg Corp.,
    982 F.2d 363 (9th Cir. 1992) ....................................................... 11
Volk v. D.A. Davidson & Co.,
    816 F.2d 1406 (9th Cir. 1987) ..................................................... 10

**STATUTES**

Code Civ. Proc. § 2017.010 ........................................................... 10
Federal Rule of Civil Procedure 26(b)(1) ....................................... 10
Gov. Code, § 12900 ........................................................................ 8
Gov. Code, § 12993, subd. (a) ....................................................... 8

ii

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067-3007

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   FACTUAL SUMMARY.

The Counterclaims in this case initially arose out of Plaintiff/counterdefendants' violations of the then-effective Interim Residential Hotel Ordinance, #177557[1], the subsequent Residential Hotel Ordinances #179868[2].

The Counterclaim alleges that, in violation of the Ordinances and in disregard of counterclaimants' rights, Plaintiff/counterdefendants demolished residential units at the Cecil Hotel, a property that the City of Los Angeles has thrice designated as a Residential Hotel. The Counterclaim further alleges that Plaintiff/counterdefendants engaged in these unlawful actions to make way for more profitable tourist units.  See Counterclaim at ¶ 4, attached as Exhibit "A" to the Declaration of Deborah Drooz ("Drooz Decl."), submitted in support hereof.

The Counterclaim goes on to allege that, in the course of demolition and conversion, and on occasions thereafter, plaintiff/counterdefendants unlawfully displaced long-time residential tenants without providing them with legally mandated relocation assistance.  Counterclaim, ¶ 8.  They engaged in a practice known as the 28-day shuffle pursuant to which Hotel management forced residents to check  out for a brief period every 28 days, after which the residents would be permitted to check in again, making it appear that they were transient rather than permanent residents.

---

[1] The Interim Residential Hotel Ordinance, #177557, was  enacted in May 2006 and expired May 2008.

[2] #178868 was enacted May 6, 2008 and amended on August 22, 2008.  The currently operative amended version is #18017 (referred to jointly as the "Ordinances").

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067-3007

1    They cut off tenants' access to basic services such as water and bathroom

2    facilities.  They converted the hotel around the remaining residents, exposing them to

3    deafening construction noise, the accumulated building debris and contaminated air.

4    They  made no attempt to provide reasonable accommodation for residents with

5    disabilities as required by the Federal Fair Housing Act.  They cut off

6    Counterclaimant Alvin Taylor's water, deprived Taylor of a place to bathe and

7    ultimately charged him to bathe on another floor.  Counterclaim, ¶¶ 7, 8, 9, 29-40, 62.

8    Some of the  wrongful acts alleged in the Counterclaim were continuing and may

9    continue to the present day.  Counterclaim, ¶¶ 8, 9, 40, 45, 46, 62.

10    All counterclaimants are "Interested Parties," as that term is defined in the

11    Ordinances.  All have standing to complain of violations of the Ordinances and to

12    appeal determinations that affect residential hotel status and the number of rooms

13    designated for residential use.  See Ordinance, # 180175 at Sec. 47.73(L); Ordinance

14    # 179868 Sec. 47.37 (L).  Counterclaimants Saverino Maniscalco and Alvin Taylor

15    are long-time residents of the Hotel.  Counterclaimant L.A. Can is a non-profit

16    corporation that aids and advocates for low income residents of down town.

17    Counterclaimants are prosecuting claims for:

18        ▪        Violation of the Ordinances,

19        ▪        Nuisance,

20        ▪        Violation of the Federal Fair Housing Act,

21        ▪        Violation of the California Fair Employment and Housing Act, and

22        ▪        Intentional  and negligent infliction of emotional distress.

23    The Counterclaim alleges that these claims arose from specific, unlawful

conduct on the part of plaintiffs, to wit:

2

- Forced eviction of tenants and failure to provide relocation assistance to wrongfully removed residents;

- Denial of basic amenities (including water and bathrooms) to residential tenants;

- Subjecting residential tenants to noise, air contamination and debris;

- Illegally collecting transient occupancy tax from residential tenants;

- Falsifying guest arrival dates on rental receipts to make it appear that long-term residents are tourists;

- Demanding – on threat of eviction -- that residential tenants leave their long-term units and move to less desirable units;

- Demolishing units and walls to reduce the number of residential units.

See Counterclaim, ¶¶ 7, 8, 62.

## II.   COUNTERCLAIMANTS SERVE RFDS SEEKING DOCUMENTS CONCERNING THE CONDITION OF, CONSTRUCTION ON, AND MAINTENANCE OF THE CECIL HOTEL.

On March 11, 2011, Counterclaimants propounded a set of document requests ("RFDs") on each of the plaintiff/counterdefendants.  The RFDs focused on (1) plaintiff/counterdefendants' maintenance and operation of the Hotel; (2) their remodeling of and construction on the Hotel, and (3) the physical condition of the premises.  (Drooz Decl., Exhibit "B".)

The RFDs sought such writings as "communications between plaintiff/counterdefendants and, e.g., the Department of Building and Safety regarding the condition of the Hotel," (RFD 1);  Documents that reflect interruption of or repair to the hotel's electrical service (RFD 10);  Documents that reflect interruption of or repair to the water service, gas service, heating system and flooring

3

1   at the hotel (RFDs 8, 9, 16 and 17); Documents that reflect the demolition of

2   residential units that plaintiff/counterdefendants admittedly did in the course of their

·3   unlawful conversion of the hotel.

4   **III.    PLAINTIFF/COUNTERDEFENDANTS SERVE BOILERPLATE OBJECTIONS AND SHOW BAD FAITH IN THE MEET AND CONFER**
5   **PROCESS.**

6   On March 16, 2011-- 4 days after the RFDs were served – counsel for

7   plaintiffs/counterclaimants responded with over forty pages of boilerplate objections.

·8   (Drooz Decl., Exhibits "C"  and "D".)[3]  These abrupt and thoughtless responses

9   reflected Plaintiff/counterdefendants' supercilious and dismissive attitude toward the

10   Counterclaimants.  Their message was clear:  We do not intend to dignify

11   Counterclaimants' requests with real responses; If you want the documents you will

12   have to compel production.

13   That message was hammered home in the weeks following the service of the

14   responses.  Counterclaimants' counsel repeatedly requested – in telephone

15   conversations and in email -- that counsel meet and confer on the document demands.

16   Because such a conference could involve as many as 8 attorneys[4], it was virtually

17   impossible to arrange. Someone who represented one or more

18   plaintiffs/counterdefendants in some capacity was always unavailable.  (Drooz Decl.,

19   ¶ 11.)

20   Counterclaimants' counsel made her first request for a meet and confer on

21

22   [3] On April 14, 640 Main street partners served another 20 page set of similar objections, ostensibly in its capacity as a plaintiff/counterdefendant.

23   [4] Messrs. A. Augustini, J. Augustini, Ecoff, Nevinny, Wagner, Murphy and, more recently, Khalsa.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067-3007

4

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067-3007

1    March 18, 2011 in a telephone conversation with Mr. Augustini, attorney for

2    plaintiffs.  She made her second request for such a meeting in writing on March 19,

3    2011. (Drooz Decl.,. Exhibit "E".)

4         In the ensuing weeks – particularly in the course of the meet and confer process

5    undertaken in connection with Counterclaimants' 30(b)(6) notices –

6    Counterclaimants' counsel repeatedly requested a meet and confer on the RFDs, to no

7    avail.  Her last request was sent on May 11, 2011.  (Drooz Decl., Exhibit "F".)

8         On May 18, 2011, counsel finally met and conferred on the subject RFDs.  In

9    the course of that conference, Counterclaimants' counsel expressed willingness to

10   make a number of meaningful concessions in order to reach agreement without need

11   for court intervention.

12        By way of example, she offered to impose a time limit on counterclaimants'

13   request for documents reflecting communications with the City about the

14   condition/habitability of the Hotel.  She offered to narrow the scope of documents

15   subject to discovery by replacing the phrase "reflect or refer to" with "constitute."

16   She further agreed upon a narrow definition of "condition of the property," to wit,

17   that it would mean  conditions that implicate habitability and not minor conditions.

18   At the time of the meet and confer, counsel for plaintiff/counterdefendants

19   commented that these concessions were "appreciated" and "made in good faith" but

20   they were unwilling to accept or reject them.  Rather they advised Counterclaimants'

21   counsel that they had to consult with their "clients" to determine whether they would

22   "accept" them. (Drooz Decl., ¶ 15.)

23        During the meet and confer, Counterclaimants' counsel made other

concessions. For example, she agreed that the word "maintenance" could be

5

construed as routine maintenance (such as replacing burned out light bulbs) and, if so construed, would require plaintiff/counterdefendants to produce documents that had little evidentiary value. She therefore removed the word from the request, seeking only those documents that reflect major repair, restoration and improvements to the Hotel. She revised a request for documents reflecting vermin infestations at plaintiff/counterdefendants' request. (Drooz Decl., ¶ 16.)

Counterclaimants' counsel even agreed that the standard that would govern the requests would be "habitability" -- thereby excluding evidence of may potentially relevant conditions. She made the concession even though it arguably gives plaintiff/counterdefendants enormous discretion to determine what they will and will not produce. At the time of the meet and confer, counsel for plaintiff/counterdefendants approved these concessions in principle but did not actually accept them.

On May 20, 2011, Counterclaimant's counsel prepared a letter memorializing the 95 minute meet and confer of May 18th. (Drooz Decl., Exhibit "G".)

On May 25, 2011, Mr. Al Augustini sent me a responding letter. Instead of offering a compromise, the letter amounted to another set of discovery. Mr. Augustini posed questions about the RFDs, the answers to which were conditions precedent to his client's production of a single document. (Drooz Decl., Exhibit "H".)

As of this date, no plaintiff or counterdefendant has produced or offered to search for a single document responsive to Counterclaimants' March 11, 2011 RFDs. (Drooz Decl., ¶ 20.)

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067-3007

6

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067-3007

## IV. PLAINTIFF/COUNTERDEFENDANTS' OBJECTIONS AS TO TIME FRAME ARE WITHOUT MERIT.

Plaintiff/couterdefendants have repeatedly stated that documents reflecting habitability problems at the hotel are outside the scope of discovery because the requests describe "a period of time unrelated to the pending counterclaims." (Drooz Decl., Exhibit "H".)

The objection is unmeritorious because Counterclaimants have alleged continuing torts. It is well-settled that nuisance is a continuing tort and that damages continue to accrue until the nuisance is abated. See Baker v. Burbank-Glendale-Pasadena Airport Authority, 39 Cal. 3d 862, 868-9 (1985); Nestle v. Santa Monica, 6 Cal. 3d 920 (Cal. 1972);

Boon Rawd Trading Int'l Co., Ltd. v. Paleewong Trading Co., 688 F. Supp. 2d 940, 952, n.6 (D. Cal. 2010). In this regard, the courts have held even if the defendant ceases to create the nuisance, the nuisance may still be deemed continuing if the harm continues. Mangini v. Aerojet-Gen. Corp. 230 Cal. App. 3d 1125 (1991).

Even if nuisance were Counterclaimants' only claim, they would be entitled to documents that reflect continuing nuisance caused by, e.g., faulty plumbing, vermin infestation, serious problems with water, gas and electrical services and by the repeated or ongoing disruption of those services. The information is directly relevant to both nuisance liability and damages.

Such information is also directly relevant to Counterclaimants' cause of action for emotional distress. For example, Counterclaimants alleged that plaintiff/counterdefendants' outrageous conduct in cutting off his water, denying him access to bathroom facilities and making him pay to bathe cause him extreme

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067-3007

1    emotional distress.  Evidence that plaintiff/counterclaimants persisted in that conduct

2    is relevant to general and punitive damages.

3              Such information is also relevant to damages for violation of the California and

4    Federal Fair Housing Acts.  The continuing violation doctrine applies to the Federal

5    and State Fair Housing Acts.  See Richards v. CH2M Hill, Inc., 26 Cal. 4th 798 (Cal.

6    2001) (continuing violation doctrine applicable to Fair Employment and Housing

7    Act, allowing liability for wrongful conduct extending beyond the statute of

8    limitations period. ); Harris v. City of Fresno, 625 F. Supp. 2d 983, 1024 (D. Cal.

9    2009) (continuing violation doctrine applicable to FEHA claim). See also, Gov.

10   Code, § 12993, subd. (a), (provisions of the Fair Employment and Housing Act

11   (FEHA) ( Gov. Code, § 12900 et seq.) shall be construed liberally for the

12   accomplishment of the purposes thereof.)  Moreover, the information contained in the

13   requested documents is relevant to prove the willful and wanton nature of

14   plaintiff/counterdefendants' misconduct.

## V.    L.A. CAN IS ENTITLED TO DISCOVER THE DOCUMENTS SOUGHT IN THE RFDS.

16              Plaintiff/counterdefendants argue that Counterclaimants Taylor and Maniscalco

17   are not entitled to evidence of nuisance conditions and Fair Housing Act Violations

18   that did not affect them directly.  (Drooz Decl., Exhibit "H".)[5]  Even if

19   Plaintiff/counterdefendants could prove that Maniscalco and Taylor suffered from

20   certain Plaintiff-created conditions but not others (and they cannot) the fact remains

21   that counterclaimant L.A. Can is an "interested party" as defined in the Ordinances.

22   _____

[5] It should be noted that plaintiff/counterclaimants have not deposed either
23   individual Counterclaimant and have no idea what hardships they experienced at
     plaintiff/counterdefendants' hands.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067-3007

1   L.A. Can has claimed that plaintiff/counterdefendants violated the ordinances and has

2   asked for declaratory relief on the issue of the Cecil's Residential Hotel status.

3   Despite repeated residential  hotel designations by the City of Los Angles, the

4   Cecil's status as such remains in dispute. Plaintiff/defendants appealed the City's

5   latest determination and at least two more rounds of appeals will be adjudicated

6   before the issues of (1) status and (2) number of residential units are finally resolved.

7   As a party to this litigation who has sought declaratory relief on the status issue and

8   has claimed violation of the Ordinances and as an entity with standing to appeal the

9   City's status determinations, L.A. Can is entitled to any material reasonably

10  calculated to lead to admissible evidence of the Cecil's Residential Hotel status and

11  of plaintiff/counterdefendants' Ordinance violation.  Such evidence includes evidence

12  related to the plaintiff/counterdefendants' conversion of the hotel into tourist units.

13  Consequently, L.A. Can is entitled to the documents sought in the RFDs even

14  if the individual counterclaimants were not.  The Counterclaim alleges that

15  Counterclaimants tore down walls and demolished residential units in violation of the

16  Ordinances.  Evidence related to construction, remodeling and repair – including

17  renovation/refurbishment/replacement of flooring, water systems, gas and  electrical

18  systems and heating systems are relevant to both the status of the Hotel and to

19  plaintiff/counterdefendants' knowing, willful and persistent violations of the

20  ordinances.

21  It goes almost without saying that willful violation of the Ordinances

22  constitutes a misdemeanor. Tortuous conduct committed in willful violation of law

23  exposes the tortfeasor to punitive damages. Plaintiff/counterdefendants' state of

    mind at the time they committed their torts is also at issue and evidence related to it is

discoverable.

## VI.   THE LIBERAL STANDARDS GOVERNING THE SCOPE OF DISCOVERY ARE APPLICABLE HERE.

California courts have consistently held that the scope of discovery permissible under Code Civ. Proc. § 2017.010 is broad. See Emerson Electric Co. v. Superior Court, 16 Cal. 4th 1101 (1997); accord Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978). The test is whether information requested is relevant, per FRCP 26(b)(1), but "[r]elevance for purposes of discovery is [also] defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998); Soto v. City of Concord, 162 F.R.D. 603, 610 (N.D. Cal. 1995) "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." See Oppenheimer Fund, 437 U.S. at 351.  This may be a "variety of fact-oriented issues... not related to the merits."  Volk v. D.A. Davidson & Co., 816 F.2d 1406, 1416-17 (9th Cir. 1987).  It includes information that might reasonably assist a party in evaluating the case, preparing for trial, or facilitating settlement Hickman v. Taylor, 329 U.S. 495, 506-07, 67 S. Ct. 385, 91 L. Ed. 451 (1947) "[D]oubts as to relevance should generally be resolved in favor of permitting discovery [citation]." Hecht, Solberg, Robinson, Goldberg & Bagley LLP v. Superior Court, 137 Cal. App. 4th 579, 595 (Cal. App. 4th Dist. 2006), citing Ameri-Medical Corp., supra, 42 Cal.App.4th at p. 1287.)

Here, as explained above, the RFDs are designed to elicit evidence that is relevant to Counterclaimants' claims.  The documents sought are within the scope of discovery and must be produced.  Plaintiff/counterclaimant's resort to "boilerplate" objections does not suffice to meet their discovery obligations.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067-3007

10

1    Discovery misconduct -- such as the stonewalling tactics employed here --

2    may be punished under the Court's "inherent powers" to manage its affairs. Uniguard

3    Security Ins. Co. v. Lakwork Eng. Mfg Corp., 982 F.2d 363, 368 (9th Cir. 1992). If a

4    motion to compel is granted - even if the requested discovery is provided after the

5    motion was filed - the court must require the party whose conduct necessitated the

6    filing of the motion to pay reasonable expenses including attorney's fees. Global

7    Ampersand, LLC v. Crown Eng'g & Constr., 261 F.R.D. 495, 499 (E.D. Cal. 2009)

8    citing Fed. R. Civ. P. Rule 37(a)(5). This includes fees for pro bono attorneys. Do v.

9    Superior Court, (2003) 109 Cal. App. 4th 1210, 135 Cal. Rptr. 2d 855.

## VII.   CONCLUSION

11    For all the reasons stated herein, Counterclaimants' Motion to compel

12    production of documents responsive to their second set of requests for documents

13    should be granted in its entirety, and Counterclaimants should be awarded their

14    reasonable attorneys' fees.

15

16    Dated: June 28, 2011                    BROWNSTEIN HYATT FARBER
                                              SCHRECK, LLP

17

18                                            By: :/s/ Deborah Drooz
                                              DEBORAH DROOZ, ESQ.
19                                            TODD R. LEISHMAN, ESQ.
                                              BARBARA SCULTZ, ESQ.
                                              Attorneys for Counterclaimants
20                                            ALVIN TAYLOR, SAVERIO
                                              MANISCALCO, AND LA CAN

21

22

23

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067-3007