1   BROWNSTEIN HYATT FARBER SCHRECK, LLP
    Deborah Drooz (State Bar No. 133355)
2   DDrooz@bhfs.com
    Todd R. Leishman (State Bar No. 253169)
3   TLeishman@bhfs.com
    2029 Century Park East
4   Suite 2100
    Los Angeles, CA 90067-3007
5   Telephone:310.500.4600
    Facsimile: 310.500.4602
6
    BARBARA SCHULTZ (168766)
7   LEGAL AID FOUNDATION OF LOS ANGELES
    bschultz@lafla.org
8   1550 W. 8th St.
    Los Angeles, CA  90017
9   Telephone:   (213) 640-3823
    Facsimile:   (213) 640-3850
10
    Attorneys for Counterclaimants
11  Alvin Taylor, Saverio Maniscalco, and LA CAN

12              UNITED STATES DISTRICT COURT

13          WESTERN DISTRICT OF CALIFORNIA

14  640 SOUTH MAIN STREET          | Case No. CV08-03611 DDP (AGRx)
15  PARTNERS, LLC AND HSC          | Assigned to the Honorable Alicia G.
    PROPERTIES, LLC,               | Rosenberg
16
          Plaintiffs,              | **DISCOVERY MATTER**
17
       v.                          | **DECLARATION OF DEBORAH
18                                 | DROOZ IN SUPPORT OF MOTION
    CITY OF LOS ANGELES,           | TO COMPEL PRODUCTION OF
19                                 | DOCUMENTS**
          Defendants.
20  LOS ANGELES COMMUNITY          | **Date:      July 8, 2011**
    NETWORK, ALVIN TAYLOR,         | **Time:      10:00 a.m.**
21  AND SAVERIO MANISCALCO,        | **Ctrm:      D**

22        Counterclaimants,        | **Discovery Cutoff Date: August 12, 2011**

23     v.                          | Pretrial Conf. Date: January 23, 2012
                                   | Action Filed:       May 5, 2008
24  640 SOUTH MAIN STREET          | Action Removed:     June 3, 2008
    PARTNERS, LLC, HSC             | Trial Date:         August 23, 2011
25  PROPERTIES, LLC,

26        Counterdefendants.

27

28

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067-3007

I, Deborah Drooz, state and declare:

1.    I am over the age of 18 and competent to make this declaration. I am an attorney at the law firm of Brownstein Hyatt Farber Schreck LLP, counsel for Counterclaimants in this action. I have knowledge of the facts stated herein and if called as witness could and would testify competently thereto.

2.    I make this declaration in support of Counterclaimants'[1] Motion to Compel Production of documents related to the maintenance, condition and operation of, and construction on,  the Cecil Hotel -- a property that, on three separate occasions was designated as a "Residential Hotel" as that term is defined in the currently operative Residential Hotel Ordinance # 180175 (the "Ordinance").

3.    The Counterclaim in this action include claims for violation of the herein referenced Ordinances, nuisance, violation of the Federal Fair Housing Act, the California Fair Employment and Housing Act, intentional infliction of emotional distress and negligent infliction of emotional distress.  A true copy of the Counterclaim is attached hereto as Exhibit "A".

4.    The Counterclaim alleges that these claims arose from specific, unlawful conduct on the part of plaintiff/counterdefendants, to wit:  In violation of the then-effective Interim Residential Housing Ordinance, 177557,[2] the subsequently effective Residential Hotel Ordinance #179868,[3] and the current Ordinance, plaintiffs/counterdefendants demolished residential units that had long served as housing of last resort for the indigent population of downtown Los Angeles. (See Counterclaim,  ¶¶, 7, 8. They then converted those residential units into tourist units.

---

[1] L.A. CAN,  Saverino Maniscalco ("Maniscalco") and Alvin Taylor ("Taylor").

[2] The Interim Residential Housing Ordinance, #177557, was  enacted in May 2006 and expired May 2008.

[3] Enacted May 6, 2008 and amended on August 22, 2008.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 CENTURY PARK EAST, SUITE 2100
Los ANGELES, CA 90067-3007

1

5.      In the process, they displaced long-time residential tenants by threats and other unlawful conduct.  They engaged in a practice known as the 28-day shuffle pursuant to which Hotel management forced residents to check out for a brief period every 28 days, after which the residents would be permitted to check in again, making it appear that they were transient rather than permanent residents. Counterclaim, ¶ 8.

6.      In demolishing residential units, they cut off tenants' access to basic services such as water and bathroom facilities.  They effectively converted the hotel around the remaining residents, exposing them to construction noise, accumulated building debris and contaminated air.  They made no attempt to provide reasonable accommodation for residents with disabilities as required by the Federal Fair Housing Act.  They cut off Taylor's water, deprived Taylor of a place to bathe and ultimately charged him to bathe on another floor.  Counterclaim, ¶¶ 7, 8, 9, 29-40, 62. Some of the consequences of plaintiff/counterdefendants wrongful acts continue to the present day.  Counterclaim, ¶¶ 40, 45, 46, 62.

7.      Plaintiffs/counterdefendants' conduct in violation of the Ordinances include:

- Forced eviction of tenants and failure to provide relocation assistance to wrongfully removed residents;
- Denial of basic amenities (including water and bathrooms) to residential tenants;
- Subjecting residential tenants to noise, air contamination and debris;
- Illegally collecting transient occupancy tax from residential tenants;
- Falsifying guest arrival dates on rental receipts to make it appear that long-term residents are tourists;
- Demanding – on threat of eviction -- that residential tenants

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067-3007

leave their long-term units and move to less desirable units; and

- Demolishing units and walls to reduce the number of residential units. See Counterclaim, ¶¶ 8, 9, 62.

8.    On March 11, 2011, Counterclaimants propounded a set of document requests ("RFDs") on the Plaintiffs/counterdefendants. The requests focused on the plaintiff/counterdefendants' maintenance and operation of the Hotel and the condition of the premises at the time of purchase and during and subsequent to the unlawful demolition and conversion.

9.    The requests sought such things as "communications between plaintiff/counterdefendants and, e.g., the Department of Building and Safety regarding the condition of the Hotel," (RFD 1): Documents that reflect interruption of or repair to the hotel's electrical service (RFD 10); Documents that reflect interruption of or repair to the water service, gas service, heating system and flooring at the hotel (RFDs 8, 9, 16 and 17); Documents that reflect the remodeling and refurbishing of the hotel that plaintiff/counterdefendants admittedly did in the course of their unlawful conversion. A true copy of one set of the RFDs (identical for all recipients) is attached hereto as Exhibit "B".

10.    On March 16, 2011 -- 4 days after service of the RFDs – counsel for plaintiffs and counterclaimants responded to the RFDs with 40 pages of boilerplate objections. A true and correct copy of the objections are attached hereto as Exhibits "C" and "D".

11.    In the weeks following the service of the responses, I repeatedly requested – in telephone conversations and in email -- that counsel meet and confer on the document demands. Because such a conference would involve as many as 8 attorneys[4] it was virtually impossible to arrange. Someone who represented one or

---

[4] Messrs. A. Augustini, J. Augustini, Ecoff, Nevinny, Wagner, Murphy and, more recently, Khalsa.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067-3007

more of Plaintiffs/counterdefendants in some capacity was always unavailable.

12.    I made my first request for a meet and confer on March 18, 2011 in a telephone conversation with Mr. Augustini, attorney for plaintiffs. I made my second request for such a meeting in writing on March 19, 2011. A true copy of that email is attached hereto as Exhibit "E".

13.    In the ensuing weeks – particularly in the course of the meet and confer process undertaken in connection with Counterclaimants' 30(b)(6) notices -- I repeatedly requested a meet and confer on the RFDs, to no avail. My last request was sent on May 11, 2011. A true copy of that request is attached hereto as Exhibit "F".

14.    On May 18, 2011, counsel finally met and conferred on the subject RFDs. In the course of that conference, I expressed Counterclaimants' willingness to make many concessions in order to reach agreement without need for Court intervention.

15.    By way of example, I offered to impose a five year time limit on counterclaimants' request for documents reflecting communications with the City about the condition/habitability of the Hotel. I offered to narrow the scope of documents subject to discovery by replacing the phrase "reflect or refer to" with "constitute." I further agreed upon a narrow definition of "condition of the property," to wit, that it would mean conditions that implicate habitability and not minor conditions. At the time of the meet and confer, counsel for plaintiff/counterdefendants stated that these concessions were appreciated and showed good faith but they were unwilling to accept or reject them. Rather they advised me that they had to consult with their "clients" to determine whether they would "accept" them.

16.    During the meet and confer, I made other concessions. For example, I agreed that the word "maintenance" could be construed as routine maintenance (such as replacing burned out light bulbs) and, if so construed, would require

4

plaintiff/counterdefendants to produce documents that had little evidentiary value.  I therefore removed the word from the request, seeking only those documents that reflect major repair, restoration and improvements to the Hotel.  I revised a request for documents reflecting vermin infestations at Plaintiff/counterdefendants' request.

17.    I even agreed that the standard that would govern the requests would be "habitability" -- thereby excluding evidence of may potentially relevant conditions.  I made the concession even though that arguably gives plaintiff/counterdefendants enormous discretion to determine what they will and will not produce.  At the time of the meet and confer, counsel for plaintiff/counterdefendants approved of these concessions in principle but did not actually accept them.

18.    On May 20, 2011, I prepared a letter memorializing the 95 minute meet and confer of May 18th.  Attached hereto as Exhibit "G" is a true copy of that letter.

19.    On May 25, 2011, Mr. Al Augustini sent me a responding letter.  Instead of offering a compromise, the letter amounted to another set of discovery.  Mr. Augustini posed questions about the RFDs, the answers to which were conditions precedent to his client's production of a single document.  A true copy of Mr. Augustini's May 25th letter is attached hereto as Exhibit "H"

20.    As of this date, no plaintiff or counterdefendant has produced or offered to search for a single document responsive to Counterclaimants' March 11, 2011 RFDs.

I declare under penalty of perjury under the State of California and the United States of American that the foregoing is true and correct.

Executed this 28th day of June, 2011 at Los Angeles, California.

/s/ Deborah Drooz
Deborah Drooz

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067-3007

# EXHIBIT "A'

1  DEBORAH DROOZ (SB No. 133355)
2  VONA S. EKPEBE (SB No. 240459)
   STROOCK & STROOCK & LAVAN LLP
3  2029 Century Park East
   Los Angeles, CA 90067-3086
   Telephone: 310-556-5800
4  Facsimile: 310-556-5959
   Email: ddrooz@stroock.com
5  Email: vekpebe@stroock.com
   Email: lacalendar@stroock.com
6
7  BARBARA SCHULTZ (SB No. 168766)
   LEGAL AID FOUNDATION OF LOS ANGELES
8  1550 W. 8th St.
   Los Angeles, CA 90017
   Telephone: 213-640-3823
9  Facsimile: 213-640-3850
10 Email: bschultz@lafla.org

11 Attorneys for Counterclaimants
   LA CAN, Alvin Taylor and Saverio Maniscalco

12                 UNITED STATES DISTRICT COURT

13      CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

14

15  640 SOUTH MAIN STREET        )  Case No. CV08-03611 DDP (JTLx)
    PARTNERS, LLC, HSC           )
16  PROPERTIES, LLC              )  Judge: Hon. Dean D. Pregerson
                                 )
17              Plaintiffs,      )  COUNTERCLAIM FOR:
                                 )
18       vs.                     )  (1) Declaratory Relief;
                                 )  (2) Violation of the Federal Housing Act
19  CITY OF LOS ANGELES,         )  (3) Violation of Los Angeles City Ordinance
                                 )  No. 177557;
20              Defendant.       )  (4) Violation of Los Angeles City Ordinance
                                 )  No. 179868;
21  _____  )  (5) Nuisance;
    LA CAN, a non-profit corporation, )  (6) Violation of the California Fair
22  ALVIN TAYLOR, AND            )  Employment and Housing Act;
    SAVERIO MANISCALCO,          )  (7) Intentional Infliction of Emotional
23  individuals.                 )  Distress;
                                 )  (8) Negligent Infliction of Emotional Distress
24              Counterclaimants, )
                                 )
25       vs.                     )
                                 )
26  640 SOUTH MAIN STREET        )
    PARTNERS, LLC, HSC           )
27  PROPERTIES, LLC,             )
                                 )
28                               )
                                 )
                Counterdefendants. )

NY 71624943

COUNTERCLAIM

## INTRODUCTION

1.    Counterclaimants Alvin Taylor ("Taylor") and Saverio Maniscalco ("Maniscalco") are elderly, low-income tenants of the Cecil Hotel, a 600 room Residential Hotel in downtown Los Angeles.   Taylor is 63 years old and has lived at the Cecil since 1979.  He suffers from leukemia and diabetes, and undergoes dialysis treatment three times a week at the nearby Good Samaritan Hospital.

2.    Maniscalco is 78 years old and has lived at the Cecil since 1991.  Taylor and Maniscalco survive on Supplemental Social Security Income and Social Security benefits.  Each receives approximately $900 per month.

3.    Counterclaimant Los Angeles Community Action Network (LA CAN) is a non-profit organization exempt from taxation under section 501, chapter 1, subtitle (c) of the Internal Revenue Code.  LA CAN is committed to ensuring the availability of affordable housing in the downtown area.  Many of LA CAN's current and former clients are tenants of the Cecil.

4.    Counterdefendants 640 South Main Street Partners, LLC and HSBC Properties, LLC, are owners of the Cecil Hotel.  For decades, it has provided affordable residential housing to downtown's poor, elderly, and disabled.

5.    In 2003 and again in 2006, the Cecil was designated a Residential Hotel by the City of Los Angeles.  California Health & Safety Code Section 50519(b)(1) provides in pertinent part that a Residential Hotel is:

> any building containing six or more guestrooms…intended or designed to be used, or which are used, rented, or hired out, to be occupied, or which are occupied, for sleeping purposes by guests, which is also the primary residence of those guests, but does not mean any building containing six or more guestrooms…which is primarily used by transient guests who do not occupy that building as their primary residence.

6.    Residential Hotels like the Cecil are often housing of the last resort for the poor.  Without them, many of Los Angeles' poorest citizens would become homeless. In recent years, Residential Hotels have been threatened by gentrification. In an effort to preserve that Residential Hotel units, the Los Angeles City Council

1   passed Interim Control Ordinance No. 177557 ("ICO") in May 2006. The ICO,

2   which expired in May 2008, temporarily prohibited the conversion of guest rooms in

3   Residential Hotels to, among other things, transient units. At all relevant times, the

4   ICO applied to the Cecil.

5        7.    On May 6, 2008, the City Council enacted Ordinance No. 179868 (the

6   "Final Ordinance"). The Final Ordinance limits the conversion or demolition of

7   residential units but permits such conversion/demolition when specified conditions

8   are met. Counterclaimants are informed and believe and thereon allege that

9   Counterdefendants have not satisfied the conditions for lawful conversion or

10   demolition of the Cecil's residential units.

11        8.    Notwithstanding the provisions of the ICO and the Final Ordinance,

12   Counterdefendants have converted many of the Cecil's residential units into transient

13   units. In furtherance of this unlawful objective; Counterdefendants have forced

14   tenants to check out and then check back into the hotel's residential units (the "28-

15   day Shuffle") to create the appearance of a transient stay; shut off access to water of

16   residential tenants who refuse to move; prevented residential tenants from accessing

17   communal bathrooms and other hotel amenities; subjected tenants to unreasonably

18   loud construction noises and debris; forced ejection from residential units without

19   cause; and prepared false rent invoices and rent receipts that create the appearance of

20   transient stays.

21        9.    Counterclaimants are informed and believe that Counterdefendants

22   committed these acts against residential tenants to force them to leave the Cecil so

23   that their rooms could be unlawfully converted into tourist units. Counterdefendants'

24   conducts have caused Taylor and Maniscalco significant damage and emotional

25   distress.

26        10.    If the Cecil's Residential Hotel status were lifted, Counterclaimant LA

27   CAN's work in preserving affordable housing would be irredeemably compromised,

28

1   and its interest in assisting indigent clients with housing issues would be

2   substantially foreclosed.

3       11.   Accordingly, Counterclaimants bring this action seeking injunctive

4   relief and declaratory relief to stop the Cecil's management from engaging in further

5   illegal conversions of residential guest units and to stop the hotel from causing them

6   further harm. Counterclaimants also seek monetary damages to compensate them for

7   their injuries.

## JURISDICTION AND VENUE

9       12.   Paragraphs 1-11 are incorporated herein by this reference as though

10  fully set forth. The parties to this action were within the jurisdiction of the United

11  States of America at all times alleged herein.

12      13.   The District Court has original jurisdiction over Counterclaimants'

13  federal claim pursuant to 28 U.S.C. § 1331. The Counterclaimants' claims are also

14  related to and are part of the same case and controversy as are the

15  Plaintiffs/Counterdefendants' claims against the City of Los Angeles. Because the

16  District Court has original jurisdiction over Plaintiffs' federal claims against the City

17  of Los Angeles, it also has supplemental jurisdiction over this action pursuant to 28

18  U.S.C. §1367. Finally, this Court has jurisdiction over Counterclaimants' claims for

19  declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

20      14.   The acts complained of arose in the Central District of California; venue

21  is therefore proper in this District pursuant to 28 U.S.C. § 1391.

## PARTIES

23      15.   Paragraphs 1-14 are incorporated herein by this reference as though

24  fully set forth. The parties to this action were within the jurisdiction of the United

25  States of America at all times alleged herein.

26      16.   Counterclaimant Taylor is an individual who is a citizen of the State of

27  California and resides in the City and County of Los Angeles County.

28

NY 71624943

3

COUNTERCLAIM

17.   Counterclaimant Maniscalco is an individual who is a citizen of the State of California and resides in the City and County of Los Angeles.

18.   Counterclaimant LA CAN is a non-profit corporation existing under the laws of the State of California, with its principal place of business in the City and County of Los Angeles.

19.   Plaintiff and Counterdefendant 640 South Main Street Partners, LLC is a limited liability company organized under the laws of the state of Delaware and has its principal place of business in the City and County of Los Angeles.

20.   Plaintiff and Counterdefendant HSC Properties, LLC is a limited liability company organized under the laws of the state of Delaware and has its principal place of business in the City and County of Los Angeles.

21.   Plaintiff 640 South Main Street Partners LLC and HSC Properties, LLC (collectively "Plaintiffs" and/or "Counterdefendants") are co-owners of the Cecil.

## FACTS COMMON TO ALL CLAIMS

### The ICO

22.   Counterclaimants hereby incorporate and reallege paragraphs 1 through 21 above, as though fully set forth herein.

23.   On May 10, 2006, the Los Angeles, City Council enacted the ICO.  The ICO imposes a moratorium on, among other things, the conversion of residential units in Residential Hotels.  Conversion is defined in the ICO as

"any action that converts one or more existing guest rooms…in a Residential Hotel to: a commercial, industrial, or other non-residential use; to dwelling units…or other different residential use; to an adaptive reuse project…to a condominium, cooperative…or from a residential to a transient guest use or occupancy."

24.   The ICO applied to "Residential Hotels" within the meaning of section 50519(b)(1) of the California Health and Safety code.

25.   The ICO expired on May 28th, 2006.

## The Final Ordinance

26.    On May 6, 2008, the City adopted the Final Ordinance.  The Final Ordinance prohibits the conversion of residential units in Residential Hotels unless LAHD approves an Application for Clearance filed by the owner of the hotel.  The conditions for approval of an Application for Clearance include that, for each residential unit to be demolished or converted, an owner must construct a comparable unit in the City of Los Angeles within a two-mile radius of the unit to be converted or demolished.  Counterclaimants are informed and believe and thereon allege that the owners of the Cecil have not satisfied any of the conditions for an Application for Clearance under the Final Ordinance, yet they continue to convert residential units to tourist units.

27.    The Final Ordinance defines conversion to include:

any action that converts any residential unit in a residential hotel through either: (1) a change of use to a commercial, industrial, or other non-residential use; (2) a change to a different residential use; (3) a change from a residential use to a transient guest use or occupancy; or (4) a conversion to a condominium, cooperative, or similar form of ownership.

28.    The Final Ordinance defines a Residential Hotel in accordance with the definition contained in California Health & Safety Code Section 50519(b)(1).

## Alvin Taylor

29.    Counterclaimants hereby incorporate and reallege the allegations contained in paragraphs 1 through 28 as though fully set forth herein.

30.    In or around July 2007 Counterdefendants began efforts to force Taylor to move out of his unit.  They told him that he was required to move so that his unit could be updated.  Taylor noticed that the residential tenants who gave up their rooms at management's request were relocated to less desirable units and never returned to their original units.  Their original rooms were rented to tourists.

31.    Counterdefendants made three requests of Taylor to move from his rental unit.  Taylor refused to move.

1      32.   Counterdefendants subsequently shut off running water in Taylor's unit

2   for approximately two months.  They told him that the water was shut off due to

3   renovations.

4      33.   Taylor is informed and believes and thereon alleges that the water was

5   shut off from his room because he refused to leave his rental unit at the

6   management's request.  He is informed and believes and thereon alleges that

7   Counterdefendants demanded that he leave his unit in order to convert it into a

8   transient unit for tourists.

9      34.   Due to his medical condition, Taylor has a catheter attached to his chest.

10  He must to take baths instead of showers in order to prevent the catheter from

11  becoming infected.

12     35.   Residential tenants who do not have private bathtubs in their units use

13  the bathtub in the communal bathroom.  Taylor does not have a bathtub and uses the

14  bathtub in the communal bathroom.

15     36.   Counterdefendants padlocked the communal bathroom on Taylor's floor

16  approximately two weeks after the water in his unit had been shut off.

17     37.   Taylor approached Counterdefendants to inquire about another room

18  with a bathtub and running water.  They informed him that he would need to rent a

19  new room in order to have access to running water and a bathtub for a charge of

20  $50.00.  Taylor has paid $50.00 to take a bath on three occasions.

21     38.   Taylor is informed and believes and thereon alleges that he was

22  permitted to suffer lack of access to running water and a bathtub because, inter alia,

23  he refused to move out of his unit.

24     39.   In or about the beginning 2008, Counterdefendants have undertaken

25  heavy construction on the 4th, 5th, and 6th floors of the Cecil.  They have done

26  nothing virtually to protect residents from the noise, dust, and pollution caused by the

27  construction.  At times, Taylor has been unable to sleep at night because of banging

28

1   and drilling. Counterclaimant has had difficulty breathing because of layers of
2   plaster dust in the hallways from the construction.

3       40.     Counterclaimant is informed and believes and thereon alleges that the
4   construction activities that have occurred at the Cecil since the beginning of the year
5   have been in efforts to convert the hotel for use by tourists.

### Saverio Maniscalco

7       41.     Maniscalco moved into unit 1441 when he first arrived at the hotel. The
8   unit is located on the 14th floor. On July 3rd, 2001, he moved into unit 1408, which
9   is also on the 14th floors.

10      42.     On June 15, 2007, Counterdefendants demanded that he move to
11  another less desirable unit on the 2nd floor. Maniscalco informed and believe and
12  thereon allege that he was required to move so that his 14th floor unit could be
13  converted for tourist use.

14      43.     Counterdefendants require Maniscalco to sign guest receipts that falsify
15  the date on which he arrived at the Cecil in order to make it appear that he is as a
16  short-term guest. For example, Maniscalco's rent receipts from December 2007
17  show an arrival date of September 2007.

18      44.     Counterdefendants informed him that tenants were required to allow the
19  hotel's agents to enter tenant units.

20      45.     Beginning in about January 2008, the Cecil began construction work on
21  the floors above the 2nd floor of the hotel. During the construction, Maniscalco was
22  subject to deafening noise from drilling and hammering at all hours. Heavy layers of
23  plaster dust filled the hallways and in the common areas. The dust has been so thick
24  that he has had difficulty breathing.

25      46.     Maniscalso is informed, believes, and thereon alleges that the
26  construction activities occurring at the Cecil since the beginning of the year are in
27  order to make the hotel more attractive to tourists.

28

NY 71624943                                         7
                              COUNTERCLAIM

## LA CAN

47.   Since its incorporation in 2002, LA CAN has been dedicated to protecting the rights of downtown Los Angeles' indigent population. To this end, it assists the City's low-income residents with housing issues. For example, LA CAN holds a weekly landlord/tenant clinic for residents in the downtown Los Angeles Area. The clinic provides free legal advice for tenants and assists them as appropriate with their housing needs. LA CAN is committed to ensuring the availability of affordable housing in the downtown area. LA CAN spent considerable time and resources advocating for the ICO and Final Ordinance.

48.   If the Cecil residents lose their units, many would be unable to find other housing and will almost certainly seek LA CAN's help. LA CAN's clinic is located just three blocks away from the hotel. The sudden influx of residents needing assistance with housing will put a strain on the LA CAN's limited resources.

49.   If the Cecil's status as a Residential Hotel is lifted, LA CAN's work in the affordable housing sphere will be undermined.

## FIRST CLAIM FOR RELIEF
### Declaratory Relief
### (By all Counterclaimants against all Counterdefendants)

50.   Counterclaimants hereby incorporate and reallege the allegations contained in paragraphs 1 through 49 above, as though fully set forth herein.

51.   An actual controversy has arisen and now exists between Counterclaimants and Counterdefendants concerning the status of the Cecil as a Residential Hotel as defined by California Health & Safety Code Section 50519.

52.   Counterdefendants contend that the Cecil is not a Residential Hotel and therefore not subject to the ICO or Final Ordinance. Accordingly, they continue to convert residential guest units at the Cecil for tourist guest use in a manner that

NY 71624943

8

COUNTERCLAIM

1  threatens Counterclaimants Taylor and Maniscalco's residences and subjects them to

2  physical harm and emotional distress, and undermines the work of LA CAN.

3      53.    Counterclaimants contend that the Cecil is a Residential Hotel subject to

4  the ICO and Final Ordinance.

5      54.    Counterclaimants desire a judicial determination as to whether the Cecil

6  is a Residential Hotel subject to the ICO and the Final Ordinance.

7      55.    A judicial declaration is necessary and appropriate at this time under the

8  circumstances in order that Taylor and Maniscalco may ascertain their rights and

9  duties with regards to their tenancy at the Cecil, and so that LA CAN may ascertain

10  the rights and duties of the community residents who are its clients and tenants of the

11  Cecil.

12  ### SECOND CLAIM FOR RELIEF

13  ### Violation of the Federal Fair Housing Act

14  **(By Counterclaimant Alvin Taylor against all Counterdefendants)**

15      56.    Counterclaimant Taylor hereby incorporates and realleges paragraphs 1

16  through 57 above, as though fully set forth herein.

17      57.    The Federal Fair Housing Act ("FHA") makes it unlawful for anyone to

18  "discriminate in the sale or rental, or to otherwise make unavailable or deny, a

19  dwelling to any buyer or renter because of a handicap of that buyer or renter." 42

20  U.S.C. §3604(f). The FHA defines discrimination to include "a refusal to make

21  reasonable accommodations in rules, policies, practices, or services, when such

22  accommodations may be necessary to afford such person equal opportunity to use

23  and enjoy a dwelling." *Id.*

24      58.    The term handicap is defined under the FHA to include "a physical or

25  mental impairment which substantially limits one or more of such person's major life

26  activities." *Id.* at §3602(h).

27      59.    Under these definitions, Taylor's cancer condition creates a handicap.

28  Taylor has been diagnosed with leukemia, a disease known to affect the sufferer's

NY 71624943

9

COUNTERCLAIM

EXHIBIT "A" - 16

1  immune and neurological systems and, among other things, causes physical

2  weakness and fatigue, thereby affecting the ability to engage in basic physical

3  activities.

4       60.   The Cecil's management discriminated against Taylor by refusing to

5  make reasonable accommodation for his bathing needs.  Their failure to do so,

6  violated the FHA and caused Taylor to suffer damages in an amount to be proven at

7  trial.

8  **THIRD CLAIM FOR RELIEF**

9  <u>Violation of the ICO</u>

10 **(By all Counterclaimants against all Counterdefendants)**

11      61.   Counterclaimants hereby incorporate and reallege the allegations

12 contained in paragraphs 1 through 60 above as though fully set forth herein.

13      62.   The Cecil has been determined by the City of Los Angeles to be a

14 Residential Hotel subject to the ICO.  Nonetheless, during the time period in which

15 the ICO was in effect, Counterdefendants converted residential guest rooms to

16 transient guest rooms in violation of the ICO.  The conversion activities included, but

17 are not limited to:

18        &bull;   Forced evictions of residential tenants without notice;

19        &bull;   Denying residential tenants access to hotel amenities such as running water and clean bathrooms;

20-21        &bull;   Subjecting residential tenants to excessive noise and debris caused by construction activities;

22        &bull;   Illegally collecting transient occupancy taxes from residential tenants;

23-24        &bull;   Falsifying guest arrival dates on rental receipts to make it appear as if tenants are short-term tourist guests rather than long-term residents; and;

25-26        &bull;   Demanding that residential tenants move to less desirable hotel rooms in order to make better rooms available for tourist guests.

       &bull;   Demolishing walls to create larger units, resulting in fewer units.

27

28

10
COUNTERCLAIM

63.   These attempts by the Cecil's management to convert residential guest rooms to transient use violated the ICO and caused Counterclaimants to suffer damages in an amount to be proven at trial.

### FOURTH CLAIM FOR RELIEF
#### Violation of the Final Ordinance
#### (By all Counterclaimants Against all Counterdefendants)

64.   Counterclaimants hereby incorporate and reallege the allegations contained in paragraphs 1 through 65 above, as though fully set forth herein.

65.   The Cecil has been determined by the City of Los Angeles to be a Residential Hotel subject to the Final Ordinance.

66.   Since the enactment of the Final Ordinance, the Counterdefendants has engaged in activities to convert guest units to tourist units as described herein.

67.   These attempts by the Cecil's management to convert residential guest rooms to tourist units violate the Final Ordinance.  The Counterdefendants' actions in violating the Final Ordinance have caused Counterclaimants to suffer damages in an amount to be proven at trial.

### FIFTH CLAIM FOR RELEIF
#### Nuisance
#### (By Counterclaimants Alvin Taylor and Saverio Maniscalco against all Counterdefendants)

68.   Counterclaimants hereby incorporate and reallege the allegations contained in paragraphs 1 through 67 above, as though fully set forth herein.

69.   California Civil Code section 3479 states that "[a]nything which is injurious to health...or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property...is a nuisance."  Section 3493 of the California Civil Code further provides that a private person may maintain a cause of action for public nuisance if it is "especially injurious to himself."

NY 71624943

11
COUNTERCLAIM

70.   The Counterdefendants' actions in subjecting residential tenants to the actions described herein were injurious to the health and safety of Taylor and Maniscalco, interfered substantially with their comfortable enjoyment of the premises, and injurious to the public at large.  Therefore, the actions of the Counterdefendants constitute nuisance under California Civil Code section 3479.

71.   Taylor and Maniscalco are entitled to maintain this cause of action because they are especially injured by the actions of the Counterdefendants since they live at the Cecil Hotel and are more exposed to the undesirable consequences of Counterdefendants' actions than the public at large.

72.   The actions of the Counterdefendants caused Taylor and Maniscalco to suffer damages in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF

### Violation of California Fair Employment and Housing Act

**(By Counterclaimant Alvin Taylor against all Counterdefendants)**

73.   Counterclaimant Taylor hereby incorporates and realleges the allegations contained paragraphs 1 through 72 above, as though fully set forth herein.

74.   The California Fair Employment and Housing Act (FEHA) prohibits "the owner of any housing accommodation to discriminate against or harass any person because of...disability of that person."  Cal. Govt. Code, §12955(a).

75.   Under FEHA, the term disability "includes, but is not limited to, any physical or mental disability..." *Id.* at §12955.3.  A physical disability is defined under Section 12926 (k) as a disorder that " affects one or more of the following body systems: neurological, immunological, musculoskeletal, special sense organs, respiratory, including speech organs, cardiovascular, reproductive, digestive, genitourinary, hemic and lymphatic, skin, and endocrine" and "limits a major life activity."  "Major life activity" is broadly construed to include "physical, mental, and social activities and working." *Id.*

76.   Under these definitions, Taylor's cancer and diabetes qualify as disabilities. Taylor has been diagnosed with leukemia, a disease known to affect the sufferer's immune and neurological systems and, among other things, cause physical weakness and fatigue, thereby affecting the ability to engage in basic physical activities. Taylor must undergo dialysis for his diabetes.

77.   As used under FEHA, discrimination "includes the refusal to permit, at the expense of the disabled person, reasonable modifications of existing premises occupied or to be occupied by the disabled person, if the modifications may be necessary to afford the disabled person full enjoyment of the premises..." Cal. Govt. Code § 12927(c).

The Cecil's management discriminated against Taylor by refusing to make reasonable accommodation for his bathing needs. Their failure to do so violated FEHA and caused Taylor to suffer damages in an amount to be proven at trial.

## SEVENTH CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress
**(By Counterclaimants Alvin Taylor and Saverio Maniscalco against all Counterdefendants)**

78.   Counterclaimants incorporate and reallege the allegations set forth in paragraphs 1 through 77 above as though fully set forth herein.

79.   Counterdefendants' actions in subjecting Taylor and Maniscalco to the inhabitable living conditions described herein violate every tenet of human decency and are outrageous.

80.   The Counterdefendants' actions were either intentional or in reckless disregard of the probability that they could have serious adverse effects on Taylor's and Maniscalco's health, safety, and peace of mind.

81.   The Counterdefendants' actions have caused Taylor and Maniscalco to suffer severe emotional distress in the form of anxiety and mental anguish over their living conditions, the extent of which will be proven at trial.

## EIGHTH CLAIM FOR RELIEF
### Negligent Infliction of Emotional Distress
**(By Counterclaimants Alvin Taylor and Saverio Maniscalco against all
Counterdefendants)**

82.    Counterclaimants hereby incorporate and reallege the allegations contained in paragraphs 1 through 81 above as though fully set forth herein.

83.    As landowners and/or managers of land, Counterdefendants owe or owed a duty of care under common law and under Civil Code section 1714 to exercise due care in the management and operation of their property to avoid foreseeable injury to others.  They breached their common law and statutory duties of due care by failing to correct the substandard conditions described herein.

84.    Counterdefendants knew, or reasonably should have known, that their conduct as would cause Taylor and Maniscalco to suffer severe emotional distress.

85.    The Cecil's management's conduct has caused Taylor and Maniscalco to suffer severe emotional distress in the form of anxiety and mental anguish over their living conditions, the extent of which will be proven at trial.

## PRAYER FOR RELIEF

Wherefore, Counterclaimants pray for judgment as follows:

a.    For a declaration that the Cecil is a Residential Hotel within the meaning of California Health & Safety Code section 50519(b)(1);

b.    For statutory and compensatory damages according to proof;

c.    For a preliminary and permanent injunction prohibiting Counterdefendants from engaging in any activities aimed at converting residential guest units in violation of the ICO and the Final Ordinance;

d.    For a preliminary and permanent injunction prohibiting Counterdefendants from subjecting Taylor and Maniscalco to inhabitable living conditions;

e.    For a preliminary and permanent injunction prohibiting Counterdefendants from the engaging in the violations complained of herein;

f.  For general damages in an amount to be proven at trial;

g.  For punitive damages in an amount to be proven at trial;

h.  For costs of suit incurred herein; and

i.  For such other and further relief as the Court may deem proper.

Dated: October 20, 2008                STROOCK & STROOCK & LAVAN LLP
                                       DEBORAH DROOZ


                            By: _____
                                       VONA S. EKPEBE

                                Attorneys for Counterclaimant
                                LA CAN, Alvin Taylor and
                                Saverio Maniscalco

NY 71624943                                    15
                                            COUNTERCLAIM

## PROOF OF SERVICE

STATE OF CALIFORNIA    )
                     ) ss
COUNTY OF LOS ANGELES  )

      I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: 2029 Century Park East, Los Angeles, CA  90067-3086.

      On October 20, 2008, I served the foregoing document(s) described as: **COUNTERCLAIMANTS' COUNTERCLAIM** on the interested parties in this action as follows:

### See attached Service List

☑   **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth above.

☐   **(VIA E-MAIL)** Based on a court order or an agreement of the parties to accept service by e-mail, I caused the documents to be sent to the persons at the e-mail addresses listed in the attached Service List.

☐   **(VIA ELECTRONIC CASE FILING)** I filed electronically the documents listed above, using the [court name]'s electronic case filing service, on [date]. Counsel of record are registered to file electronically with this Court, and receive copies of the documents via e-mail from the Court to confirm filing.

☐   **(VIA FACSIMILE)** By causing such document to be delivered to the office of the addressee via facsimile.

☐   **(VIA OVERNIGHT DELIVERY)** By causing the document(s), in a sealed envelope, to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express, or by a similar overnight delivery service.

      I declare that I am employed in the office of a member of the bar of this court, at whose direction the service was made.

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on October 20, 2008, at Los Angeles, California.

SANDRA AVALOS                       _/s/ Sandra Avalos_
[Type or Print Name]                     [Signature]

## SERVICE LIST

**Attorneys for Plaintiffs**
*640 South Main Street Partners, LLC*
*and HSC Properties, LLC*

Alfred E. Augustini, Esq.
Nazila Danesh, Esq.
Law Offices of Alfred E. Augustini
515 Figueroa Street, Suite 321
Los Angeles, CA 90071

Jeff Augustini, Esq.
Finlayson Augustini and Williams
110 Newport Center Drive, Suite 100
Newport Beach, CA 92660

**Attorneys for Defendant**
*City of Los Angeles*

Brant H. Dveirin, Esq.
G. Ross Trindle, III, Esq.
Juanita Estella Mantz, Esq.
Best Best and Krieger
300 South Grand Avenue, 25th Floor
Los Angeles, CA 90071

NY 71624943

17

COUNTERCLAIM

EXHIBIT "A" - 24

# EXHIBIT "B"

1  Deborah Drooz (State Bar No. 133355)
   BROWNSTEIN HYATT FARBER
2  SCHRECK, LLP
   DDrooz@bhfs.com
3  2029 Century Park East, Suite 2100
   Los Angeles, CA 90067
4  Telephone:   (310) 500-4600
   Facsimile:   (310) 500-4602
5
   BARBARA SCHULTZ (State Bar No. 168766)
6  LEGAL AID FOUNDATION OF LOS ANGELES
   bschultz@lafla.org
7  1550 W. 8th St.
   Los Angeles, CA 90017
8  Telephone:  (213) 640-3823
   Facsimile:  (213) 640-3850
9
   Attorneys for Counterclaimants
10 Alvin Taylor, Saverio Maniscalco, and LA CAN

11              UNITED STATES DISTRICT COURT

12       CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

13

| | |
|---|---|
| 14  640 SOUTH MAIN STREET<br>PARTNERS, LLC and HSC<br>15  PROPERTIES, LLC, | Case No.  CV08-03611 DDP (JTLx)<br><br>Assigned to the Honorable Dean D.<br>Pregerson |
| 16            Plaintiffs, | **COUNTERCLAIMANTS DEMAND<br>FOR PRODUCTION OF<br>DOCUMENTS** |
| 17  v. | |
| 18  CITY OF LOS ANGELES, | |
| 19            Defendants. | |
| 20  LOS ANGELES COMMUNITY<br>21  NETWORK, | Action Filed:      May 5, 2008<br>Action Removed: June 3, 2008 |
| 22            Counterclaimant, | Trial Date:          None |
| 23  v. | |
| 24  640 SOUTH MAIN STREET<br>PARTNERS, LLC, HSC PROPERTIES,<br>25  LLC, | |
| 26            Counterdefendants. | |

27

28

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 Century Park East, Suite 2100
Los Angeles, CA 90067

1  PROPOUNDING PARTY:     COUNTERLCLAIMANTS ALVIN TAYLOR, SAVERIO MANISCALCO, AND LA CAN

2  RESPONDING PARTY:      PLAINTIFF/COUNTER-DEFENDANT

3                         640 SOUTH MAIN STREET PARTNERS, LLC

4  SET NO.:               TWO

5                  **DEFINITIONS AND INSTRUCTIONS**

6       **A.**    **"YOU"** or **"YOUR"** refers to defendant 640 South Main Street Partners,

7  LLC and all **PERSONS** acting on its behalf or under its direction or control,

8  including, without limitation, employees, partners, agents, representatives, financial

9  advisors, investment bankers, financial consultants, independent contractors,

10  accountants and attorneys.

11      **B.**    **"PERSON"** means any natural person and any partnership,

12  proprietorship, firm, association, joint venture, corporation, subsidiary, government

13  agency or division or other entity organized for any purpose and their agents,

14  employees, representatives, and any other person acting on their behalf.

15      **C.**    **"COMMUNICATION(S)"** means and includes the conveyance to or

16  exchange of information of any kind or messages with any **PERSON** for any purpose

17  by any written, oral, or electronic means or method.

18      **D.**    **"DOCUMENT"** is used in its broadest sense as defined by Evidence

19  Code § 250 and includes e-mail, all stored compilations of information of any kind

20  that may be retrievable (such as, but without limitation, the content of computer

21  memory or information storage facilities, and computer programs, and any

22  instructions or interpretive materials associated with them), and copies of documents

23  that are not identical to the originals (*e.g.*, because handwritten "blind" notes appear

24  thereon or are attached hereto) whether or not the originals are in **YOUR** possession,

25  custody or control.]

26      **E.**    **"PROPERTY"** means the housing structure, including but not limited

27  to the common areas and individual apartment dwellings or units, located at 640

28  South Main Street, Los Angeles, California, and commonly known as the Cecil Hotel.

2

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 Century Park East, Suite 2100
Los Angeles, CA 90067

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 Century Park East, Suite 2100
Los Angeles, CA 90067

1   **F.**   The term **"CONDITION OF THE PROPERTY"** as used herein is a

2   broadly inclusive term, referring to the existence, at any time, of any physical

3   conditions in the apartment units or common areas of the **PROPERTY** that tend to

4   render it unfit for human habitation including, but not limited to:  holes, cracks,

5   fissures, humidity, mold, mildew or other defects in the walls, floors, passageways,

6   ceilings, stairways, doors, common areas, or foundation of the building; rodents,

7   cockroaches, pigeons, spiders, fleas, maggots, or other pests or vermin;

8   malfunctioning or broken heaters, smoke detectors, electrical outlets; missing or ill

9   fitting window screens, electrical outlet plates, window panes, light fixtures, fire

10  safety equipment, flooring or carpeting; gas or water leaks; defective plumbing;

11  missing or broken locks on doors; warped, broken, or otherwise defective doors,

12  windows, and frames; interruptions in water, gas, or electrical service; broken or

13  missing light fixtures in common areas; lead or asbestos; inadequate trash disposal or

14  trash in and around the property; and chipped, or peeling paint.

15  **G.**   The term **"HABITABILITY"** as used herein is a broadly inclusive

16  term, referring to the existence, at any time, of any conditions in the apartment units

17  or common areas of a residential rental property that tend to render it unfit for human

18  habitation, including but not limited to, holes, cracks, fissures, humidity, mold,

19  mildew, signs of deterioration, unevenness or other defects in the walls, floors,

20  passageways, ceilings, stairways, doors, common areas, or foundation of the building;

21  rodents, cockroaches, pigeons, spiders, fleas, maggots, or other pests or vermin;

22  malfunctioning or broken heaters, smoke detectors, electrical outlets; missing

23  window screens, electrical outlet plates, gas fixtures, window panes, fixtures, fire

24  safety equipment, flooring or carpeting; gas or water leaks; defective plumbing;

25  missing or broken locks on doors; warped, broken, or otherwise defective doors,

26  windows, and frames; interruptions in water, gas or electrical service; broken or

27  missing light fixtures in common areas; lead or asbestos; inadequate trash disposal or

28  trash in and around the property; and faded, chipped, or peeling paint.

3

**H.**   Any reference in any of these requests to any named individual, corporation, limited liability company, association, company, partnership, or other business combination or entity or person shall be deemed to include its partners, officers, directors, agents, employees, representatives, parents, subsidiaries, affiliates, predecessors, successors or any other person acting on its behalf.

**I.**   If a request calls for the production of a **DOCUMENT** that **YOU** know has been destroyed, placed beyond **YOUR** control, or otherwise, disposed of, please set forth with respect to each such **DOCUMENT**:

1.   The author of the **DOCUMENT**;

2.   The addressee, if any, and those persons, if any, specified in the **DOCUMENT** to receive a copy of the **DOCUMENT**, as well as all known recipients of the **DOCUMENT**;

3.   The title of the **DOCUMENT**, if any, or other identifying data;

4.   The type of **DOCUMENT** (e.g., memorandum, letter);

5.   A summary of the nature and subject matter of the **DOCUMENT**;

6.   The date on which the **DOCUMENT** was prepared;

7.   The date on which the **DOCUMENT** was sent or received by **YOU**, as the case may be;

8.   The identity of all individuals to whom the substance of the **DOCUMENT** was transmitted, or who saw the **DOCUMENT**, and under what circumstances;

9.   The present location of the **DOCUMENT**, if not destroyed; and

10.   The name, title, home and business address, and home and business telephone number, of the current custodian of the **DOCUMENT**.

**J.**   If a demand calls for the production of any **DOCUMENT** as to which **YOU** claim privilege, work product, and/or any other privilege as a ground for withholding that **DOCUMENT**, please set forth with respect to each such

4

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 Century Park East, Suite 2100
Los Angeles, CA  90067

1  **DOCUMENT** facts of sufficient specificity to permit the Court to make a full

2  determination as to whether the claim of privilege or work product is valid, including

3  each and every fact or basis upon which said privilege is claimed.  In particular, and

4  without limiting the generality of the foregoing, set forth with respect to each such

5  **DOCUMENT**;

6       **1.**     The author of the **DOCUMENT**;

7       **2.**     The addressee, if any, and those persons, if any, specified in the

8                  **DOCUMENT** to receive a copy of the **DOCUMENT**, as well as

9                  all recipients of the **DOCUMENT** of whom **YOU** are aware;

10      **3.**     The title of the **DOCUMENT**, if any, or other identifying data;

11      **4.**     The type of **DOCUMENT** (e.g., memorandum, letter);

12      **5.**     A summary of nature and subject matter of the **DOCUMENT**;

13      **6.**     The current location of the **DOCUMENT**;

14      **7.**     The identification of each and every person who participated in

15                  any way in the preparation of the **DOCUMENT**;

16      **8.**     The date on which the **DOCUMENT** was prepared;

17      **9.**     The date on which the **DOCUMENT** was sent or received by

18                  **YOU**, as the case may be;

19      **10.**    The name, title, home and business address, and home and

20                  business telephone number, of the current custodian of the

21                  **DOCUMENT**;

22      **11.**    The identity of all **PERSONS** to whom of the substance of the

23                  **DOCUMENT** was transmitted, or who saw the **DOCUMENT**,

24                  and under what circumstances; and

25      **12.**    Each and every fact or basis upon which privilege or work product

26                  is claimed.

27    **K.**     Whenever it is necessary to bring within the scope of these requests

28  **DOCUMENTS** that might otherwise be construed to be outside the scope, then:

5

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 Century Park East, Suite 2100
Los Angeles, CA 90067

1.     The use of **"and"** as well as **"or"** shall be construed both disjunctively and conjunctively;

2.     The use of **"include(s)"** and **"including"** shall be construed to mean **"without limitation;"**

3.     The use of a verb in any tense or voice shall be construed as the use of that verb in all other tenses and voices; and

4.     The singular number and masculine gender shall be deemed the plural, the feminine, and the neuter, as may be appropriate;

L.     Except as otherwise expressly indicated in a request, each request shall be construed independently and shall not be limited by reference to any other request.

## DEMAND FOR PRODUCTION

**DEMAND FOR PRODUCTION NO. 1:**

All DOCUMENTS that reflect or refer to COMMUNICATIONS with any agency or office of the City of Los Angeles, including but not limited to, the Los Angeles City Attorney's Office, the Department of Housing, Fire Department, Police Department, and Department of Building and Safety, concerning the CONDITION OF THE PROPERTY.

**DEMAND FOR PRODUCTION NO. 2:**

All DOCUMENTS that reflect or refer to COMMUNICATIONS with the County of Los Angeles, including but not limited to, the Los Angeles County Department of Health Services, concerning the CONDITION OF THE PROPERTY.

**DEMAND FOR PRODUCTION NO. 3:**

To the extent not already produced, All DOCUMENTS that reflect or refer to COMMUNICATIONS with any of the plaintiffs regarding the CONDITION OF THE PROPERTY.

**DEMAND FOR PRODUCTION NO. 4:**

To the extent not already produced, All DOCUMENTS that reflect or refer to

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 Century Park East, Suite 2100
Los Angeles, CA 90067

6

1  COMMUNICATIONS with any of the plaintiffs regarding any other matter related to

2  this litigation.

3  **DEMAND FOR PRODUCTION NO. 5:**

4  All DOCUMENTS that reflect or refer to any COMMUNICATIONS to any

5  individual or entity concerning the maintenance, restoration, repair, rehabilitation, or

6  improvements made at the PROPERTY at any time from the time YOU purchased

7  the property, to the present.

8  **DEMAND FOR PRODUCTION NO. 6:**

9  All DOCUMENTS that reflect or refer to any COMMUNICATIONS to any

10  individual or entity concerning the maintenance, restoration, repair, rehabilitation, or

11  improvements proposed to be made at the PROPERTY at any time from the time

12  YOU purchased the property to the present.

13  **DEMAND FOR PRODUCTION NO. 7:**

14  All DOCUMENTS that reflect or refer to YOUR efforts, if any, to correct any

15  CONDITION OF THE PROPERTY that you were informed of which by any City or

16  County PERSON.

17  **DEMAND FOR PRODUCTION NO. 8:**

18  All DOCUMENTS that reflect or refer to water service at the PROPERTY

19  including, but not limited to, any interruption of or repair to water service, at any time

20  from the time YOU purchased the property to the present.

21  **DEMAND FOR PRODUCTION NO. 9:**

22  All DOCUMENTS that reflect or refer to gas service at the PROPERTY

23  including, but not limited to, any interruption of or repair to gas service, at any time

24  from the time YOU purchased the property to the present.

25  **DEMAND FOR PRODUCTION NO. 10:**

26  All DOCUMENTS that reflect or refer to electrical service at the PROPERTY

27  including, but not limited to, any interruption of or repair to electrical service, at any

28  time the time YOU purchased the property to the present.

7

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 Century Park East, Suite 2100
Los Angeles, CA  90067

**DEMAND FOR PRODUCTION NO. 11:**

All DOCUMENTS that reflect or refer to efforts to eradicate vermin or prevent them from infesting the PROPERTY, at any time from the time YOU purchased the property to the present.

**DEMAND FOR PRODUCTION NO. 12:**

All DOCUMENTS that reflect or refer to plumbing at the PROPERTY including, but not limited to, installation or maintenance of plumbing pipes or fixtures, at any time from the time YOU purchased the property to the present.

**DEMAND FOR PRODUCTION NO. 13:**

All DOCUMENTS that reflect or refer to electrical systems at the PROPERTY including, but not limited to, the repair, installation or maintenance of smoke detectors at any time from the time YOU purchased the property to the present.

**DEMAND FOR PRODUCTION NO. 14:**

All DOCUMENTS that reflect or refer to electrical wiring or connections at the PROPERTY including, but not limited to, the repair, installation or maintenance of electrical wiring or outlets, at any time from the time YOU purchased the property to the present.

**DEMAND FOR PRODUCTION NO. 15:**

All DOCUMENTS that reflect or refer to lead-based paint at the PROPERTY including, but not limited to, the removal of lead-based paint at any time from the time YOU purchased the property to the present.

**DEMAND FOR PRODUCTION NO. 16:**

All DOCUMENTS that reflect or refer to heating units at the PROPERTY, including, but not limited to the repair, installation or maintenance of heaters in the units, at any time from the time YOU purchased the property to the present.

**DEMAND FOR PRODUCTION NO. 17:**

All DOCUMENTS that reflect or refer to flooring at the PROPERTY including, but not limited to, the repair, installation or maintenance of linoleum or

8

1  carpeting in individual units or common areas, at any time from the time YOU

2  purchased the property to the present.

3  **DEMAND FOR PRODUCTION NO. 18:**

4      All DOCUMENTS that reflect or refer to windows and window screens at the

5  PROPERTY including, but not limited to, the repair, installation or maintenance

6  window panes or screens, at any time from the time YOU purchased the property to

7  the present.

8  **DEMAND FOR PRODUCTION NO. 19:**

9      All DOCUMENTS that reflect or refer to any remodeling, refurbishing or other

10  physical alteration to the PROPERTY from the time YOU purchased the

11  PROPERTY to the present.

12

13  Dated:     March 11, 2011

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BROWNSTEIN HYATT FARBER
SCHRECK, LLP

By: _____
    DEBORAH DROOZ
    BARBARA SCHULTZ
    Attorneys for Counterclaimants
    ALVIN TAYLOR, SAVERIO
    MANISCALCO, AND LA CAN

9

EXHIBIT B - 34

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 Century Park East, Suite 2100
Los Angeles, CA 90067

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I am over the age of eighteen years and not a party to this action.  My business address is 2029 Century Park East, Suite 2100, Los Angeles, California  90067.  On March 11, 2011, I served the within document(s):

### COUNTERCLAIMANTS DEMAND FOR PRODUCTION OF DOCUMENTS

☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

☐   by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☒   by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

☒   By personally transmitting the document(s) via electronic service to the e-mail address(es) set forth below on this date.

addressed as follows:

### SEE ATTACHED SERVICE LIST

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on March 11, 2011, at Los Angeles, California.

_____
Colleen DeLee

10

SERVICE LIST

640 South Main Partners, LLC et al v. City of Los Angeles
U.S.D.C. Case No. 2:08-cv-03611-DDP-JTL

Brant H. Dveirin
G. Ross Trindle, III, Esq.
Juanita Estella Mantz, Esq.
Best Best & Krieger
300 South Grand Avenue
25th Floor
Los Angeles, California 90071
Tel: (213) 617-8100
Fax: (213) 617-7480
Email: brant.dveirin@bbklaw.com
Email: ross.trindle@bbklaw.com
Email: Juanita.mantz@bbklaw.com

Alfred E. Augustini, Esq.
Nazila Danesh, Esq.
Augustini Law Offices
515 S. Figueroa St., Ste. 321
Los Angeles, CA 90071
Tel: (213) 629-8888
Fax: (213) 688-7600
Email: alaugie@alaugie.com
Email: nazy@dd-llp.com

Barbara Schultz, Esq.
Legal Aid Foundation of Los Angeles
1550 W. 8th Street
Los Angeles, CA 90017
Tel: (213) 640-3823
Fax: (213) 640-3850
Email: bschultz@lafla.org

Joshua B. Wagner
Christopher R. Murphy
Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071
Tel.: (213) 576-5000
Fax: (213) 680-4470
Email: jwagner@gordonrees.com
Email: cmurphy@gordonrees.com

Jeff Augustini, Esq.
Gordee, Nowicki & Augustini LLP
8105 Irvine Center Drive, Suite 870
Newport Beach, CA 92615
Tel: (949) 567-9923
Fax: (949) 567-9928
Email: jaugustini@gna-law.com

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 Century Park East, Suite 2100
Los Angeles, CA 90067

11

# EXHIBIT "C"

EXHIBIT C - 37

**AUGUSTINI LAW OFFICES**
Alfred E. Augustini        SBN 43204
alaugie@alaugie.com
515 S. Figueroa St., Ste. 321
Los Angeles, CA 90071
Tel: 213-629-8888
Fax: 213-688-7600

Jeff Augustini         SBN 178358
jaugustini@gna -law.com
GORDEE, NOWICKI & AUGUSTINI
8105 Irvine Center Drive, Suite 870
Newport Beach, CA 92615
Tel: 949-567-9923
Fax: 949- 567-9928

Attorneys for Plaintiff HSC PROPERTIES, LLCs:
640 SOUTH MAIN STREET PARTNERS, LLC, AND
HSC PROPERTIES, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| 640 SOUTH MAIN STREET PARTNERS, LLC AND HSC PROPERTIES, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF LOS ANGELES, <br><br> Defendant. <br><br> LA CAN, a non-profit corporation, ALVIN TAYLOR, AND SAVERIO MANISCALCO, individuals. <br><br> Counter-Claimants, <br><br> vs. <br><br> 640 SOUTH MAIN STREET PARTNERS, LLC AND HSC PROPERTIES, LLC, <br><br> Plaintiff HSC PROPERTIES, LLCs. | Case No. 08-cv-3611–DDP-JTL <br> Hon. Dean D. Pregerson, Ctrm: 3 <br><br> **OBJECTIONS OF PLAINTIFF HSC PROPERTIES, LLC TO COUNTER-CLAIMANTS' REQUEST FOR PRODUCTION OF DOCUMENTS - NO. 2** <br><br> Action Filed:       May 5, 2008 <br> Action Removed:  June 3, 2008 <br> Discovery Cutoff: June 13, 2011 <br> Trial Date:         December 6, 2011 |

**AUGUSTINI LAW OFFICES**
ATTORNEYS AT LAW

- 1 -

EXHIBIT C-61
PLAINTIFF HSC's OBJS TO COUNTERCLAIMANTS' RFP SET No.2

| | |
|---|---|
| PROPOUNDING PARTY: | Counter-Claimants, Alvin Taylor, Saverio Maniscalco and LA CAN |
| RESPONDING PARTY: | Plaintiff HSC PROPERTIES, LLC |
| SET NO: | Two (Nos. 1-19) |

Pursuant to FRCivP Rule 34 and the Local Rules of this Court, Plaintiff HSC PROPERTIES, LLC ("HSC") by and through its attorneys in the main action hereby object and respond to Counter-Claimants LA CAN, Alvin Taylor and Saviero Maniscalco's ("Counter-Claimants") Request for Production of Documents ("Request") as follows:

## PRELIMINARY STATEMENT

1.    HSC's investigation and development of all facts and circumstances relating to this action is ongoing.  HSC has not completed its investigation of the facts relating to this case and has not completed their discovery. HSC has made the following objections and responses based upon the information presently available to it, and as such these responses do not prejudice and do not constitute a waiver of HSC's subsequent right to rely on other facts or documents at trial.

2.    By making the accompanying responses and these objections to Counter-Claimants' Request, HSC does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds, including, but not limited to, competency, relevancy, materiality, and privilege. Furthermore, HSC makes the subsequent responses and objections specified herein without in any way implying that it considers the requests or responses thereto to be relevant or material to the subject matter of the action.

3.    By responding to the Request, HSC neither admits nor concedes the appropriateness or accuracy of the words or definitions in the Request. Accordingly,

- 2 -

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

HSC will respond to each of the requests set forth in the Request to the extent that HSC does not object thereto, in accordance with relevant provisions of law and pursuant to their understanding of the fair and reasonable meaning of those requests.

4.     HSC's assertion of an objection to a particular request is not to be construed as an admission that responsive documents necessarily exist. In addition, a statement by HSC that they will produce documents in response to a particular request is not to be construed as an admission that any responsive documents now exist or previously existed.

5.         HSC, in accordance with the Federal Rules of Civil Procedure, objects to all requests to the extent they require HSC to produce responsive documents not currently in its possession, custody or control.

6.     HSC expressly reserves the right to supplement, clarify, revise or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental responses.

7.     Publicly available documents, including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

## GENERAL OBJECTIONS

Each and all of the following General Objections are incorporated into each and every Specific Objection and Response set forth below as though set forth fully therein. Any failure to include any general objection in any specific response does not waive such general objection to that request.  HSC hereby reserves, and thus cannot waive, its right to amend these responses at a future date.

1.     HSC objects to the Request and all requests contained therein on the ground the Request fails to set a specific date for the production or inspection of the documents demanded therein pursuant to FRCivP Rule 34.

2.     HSC objects to the definitions of "MAIN STREET" and "HSC," "YOU" and "YOUR" in the Request and the requests contained therein as

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

- 3 -

1    impermssably overbroad in that these definitions require HSC to respond on behalf

2    of Plaintiffs as well as, *inter alia*, their former directors, officers, managers, their

3    parents and subsidiaries, their predecessors and agents, their investigators and

4    attorneys and all other persons and entities purporting to have acted on their behalf

5    at any time.

6        3.    HSC objects to each individual "instruction" and "definition" set forth

7    in the Request and each of the requests set forth therein as well as to any other

8    portion of any request that imposes any requirement or discovery obligation greater

9    than or different from those under the FRCivP Rules and/or the applicable Rules and

10    Orders of the Court.

11        4.    HSC objects to each definition, instruction and request set forth in the

12    Request and each of the requests set forth therein to the extent such definition,

13    instruction or request requires disclosure of information protected by the attorney-

14    client privilege, the joint defense or common interest privilege, the attorney work

15    product privilege, the constitutional right of privacy of Plaintiffs, their managers and

16    employees and their Hotel guests and other otherwise seeks any proprietary business

17    information or information protected by any other applicable privilege.  HSC hereby

18    asserts each and all of these privileges and invokes the protection of such privileges.

19    Accordingly, HSC will not produce or disclose such privileged information, nor

20    produce or disclose any documents protected against disclosure by such

21    privileges/objections and, should HSC inadvertently produce any such privileged

22    information, such inadvertent production shall not constitute a waiver of such

23    privileges/objections.

24        5.    HSC objects to each definition, instruction and request of Counter-

25    Claimants set forth in the Request and all requests contained therein to the extent

26    such definition, instruction or request requires disclosure of information protected by

27    the California constitutional right of privacy or other applicable privacy rights of

28    Plaintiffs, their managers and employees, and their Hotel guests. HSC will not

**PLAINTIFF HSC's OBJS TO COUNTERCLAIMANTS' RFP SET No.2**

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

produce or disclose such privileged information, nor produce or disclose any documents protected against disclosure by such privileges/objections, and should HSC inadvertently produce or disclose privileged information, such inadvertent production/disclosure shall not constitute a waiver of any such privileges/objections.

6. HSC objects to the Request and each of the requests set forth therein to the extent they require production or disclosure of confidential research, development, commercial, financial, proprietary, or any other private information of Plaintiffs, their members, managers and employees ("Confidential Business Information"). HSC will not produce or disclose Confidential Business Information absent a stipulated order being entered in this lawsuit governing the production and exchange of Confidential Business Information, and which contains terms that are reasonably satisfactory to Plaintiffs.

7. HSC objects to the Request and each of the requests set forth therein to the extent such requests require production or disclosure of documents or information otherwise equally available to Cross-Complaintants and/or already in their possession, custody, or control, on the ground requiring HSC to produce or re-produce such documents would impose an undue burden and unwarranted expense on HSC.

8. HSC objects to the Request and each of the requests set forth therein on the ground the subject matter, category and scope of the items demanded therein are overbroad and thereby impose undue and unjust burdens on Plaintiffs.

9. HSC objects to the Request and each of the requests set forth therein to the extent they require Plaintiffs to search for and/or produce documents in the possession of third parties or entities, to produce documents not in the possession, custody or control of Plaintiffs, to summarize voluminous or a compilation of documents and/or to produce documents previously produced by the parties and/or that can and should be sought in the first instance from other parties/non-parties.

10. HSC objects to the Request and each of the requests set forth therein to

1    the extent they require Plaintiffs to produce documents or disclose information

2    including expert opinion, including without limitation survey materials and

3    accounting and/or audit reports, on the ground such requests are premature; and HSC

4    expressly reserves the right to supplement, clarify, correct and/or revise any or all

5    responses to such requests, and to assert additional objections or privileges, in one or

6    more subsequent supplemental response(s) in accordance with the time period for

7    exchanging expert reports previously set by the Court.

8                    **OBJECTIONS TO SPECIFIC REQUESTS**

9    **RFP NO. 1**:

10         All DOUCMENTS that reflect or refer to COMMUNICAITONS with any

11   agency or office of the City of Los Angeles, including but not limited to, the Los

12   Angeles City Attorney's, the Department of Housing, Fire Department, Police

13   Department, and Department of Building and Safety, concerning the CONDITION

14   OF THE PROPERTY.

15   **OBJECTIONS AND RESPONSE TO RFP NO. 1**:

16         In addition to the General Objections, HSC objects to this request on the

17   grounds it is overbroad and not reasonably limited as to subject matter and as to time

18   period, seeks voluminous records dating back to the 1920's, and: (1) is too vague for

19   Plaintiffs to determine what records are being sought; (2) seeks records not

20   reasonably related to and irrelevant to the Counterclaim or the claims stated therein

21   or otherwise by date or subject matter or otherwise, (3) seeks records relating to third

22   parties who are unrelated to the subject matter of this lawsuit and whose privacy

23   rights would be unnecessarily violated; (4) seeks records which would be extremely

24   burdensome and expensive for  Plaintiffs to locate, review and produce, (5) seeks

25   records of events and matters irrelevant to the subject matters of the lawsuit, and (6)

26   seeks records of persons, events and matters not reasonably calculated to lead to the

27   discovery of admissible evidence.

28         HSC further objects to the request on the ground it requires production of

- 6 -

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

1    documents protected against disclosure by the attorney-client privilege, the attorney

2    work product doctrine and applicable privacy protections, and places an undue

3    financial and administrative burden on Plaintiffs to conduct a "fishing expedition"

4    for documents not reasonably related to the lawsuit, and thus imposes an undue

5    financial burden on Plaintiffs and subjects them to harassment.

6    **RFP NO. 2:**

7        All DOCMENTS that reflect or refer to COMMUNICATIONS with County

8    of Los Angeles, including but not limited to, the Los Angeles County Department of

9    Health Services, concerning the CONDITION OF THE PROPERTY

10   **OBJECTIONS AND RESPONSE TO RFP NO. 2:**

11       In addition to the General Objections, HSC objects to this request on the

12   grounds it is overbroad both as to subject matter and as to time period, seeks

13   voluminous records dating back to the 1920's, and and: (1) is too vague for Plaintiffs

14   to determine what records are being sought; (2) seeks records not reasonably related

15   to and irrelevant to the Counterclaim or the claims stated therein or otherwise by date

16   or subject matter or otherwise, (3) seeks records which would be extremely

17   burdensome and expensive for Plaintiffs to locate, review and produce, (4) seeks

18   records relating to persons, events and matters irrelevant to the subject matters of the

19   lawsuit, and (5) seeks records relating to persons, events and matters not reasonably

20   calculated to lead to the discovery of admissible evidence.

21       HSC further objects to the request on the ground it requires production of

22   documents protected against disclosure by the attorney-client privilege, the attorney

23   work product doctrine and applicable privacy protections, and places an undue

24   financial and administrative burden on Plaintiffs to conduct a "fishing expedition"

25   for documents not reasonably related to the lawsuit, and thus imposes an undue

26   financial burden on Plaintiffs and subjects them to harassment.

27   **RFP NO. 3:**

28       To the extent not already produced, All DOCUMENTS that reflect or refer to

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

- 7 -

1    COMMUNICATIONS with any of the plaintiffs regarding the CONDITION OF

2    THE PROPERTY.

3    **OBJECTIONS AND RESPONSE TO RFP NO. 3**:

4         In addition to the General Objections, HSC objects to this request on the

5    grounds "plaintiffs" is undefined by Counter-Claimants and interpreted literally is

6    nonsensical. HSC further objects on the grounds that even if the request was

7    intelligible, it is overbroad and is not reasonably limited as to either subject matter or

8    time period, seeks voluminous records dating back more than 10 years, and: (1) is

9    too vague for Plaintiffs to determine what records are being sought; (2) seeks records

10   not reasonably related to and irrelevant to the Counterclaim or the claims stated

11   therein or otherwise by date or subject matter or otherwise, (3) seeks records which

12   would be extremely burdensome and expensive for  Plaintiffs to locate, review and

13   produce, and (4) seeks records relating to events and matters not reasonably

14   calculated to lead to the discovery of admissible evidence.

15        HSC further objects to the request on the ground it requires production of

16   documents protected against disclosure by the attorney-client privilege, the attorney

17   work product doctrine and applicable privacy protections, and places an undue

18   financial and administrative burden on Plaintiffs to conduct a "fishing expedition"

19   for documents not reasonably related to the lawsuit, and thus imposes an undue

20   financial burden on Plaintiffs and subjects them to harassment.

21   **RFP NO. 4**:

22        To the extent not already produced, All DOCUMENTS that reflect or refer to

23   COMMUNICATIONS with any of the plaintiffs regarding any other matter related

24   to the CONDITION OF THE PROPERTY.

25   **OBJECTIONS AND RESPONSE TO RFP NO. 4**:

26        In addition to the General Objections, HSC objects to this request on the

27   grounds "plaintiffs" is undefined by Counter-Claimants and interpreted literally is

28   nonsensical. HSC further objects on the grounds that even if the request was

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

- 8 -

1   intelligible, it is overbroad and not reasonably limited as to either subject matter or

2   time period, seeks voluminous records dating back more than 10 years, and: (1) is

3   too vague for Plaintiffs to determine what records are being sought; (2) seeks records

4   not reasonably related to and irrelevant to the Counterclaim or the claims stated

5   therein or otherwise by date or subject matter or otherwise, (3) seeks records which

6   would be extremely burdensome and expensive for Plaintiffs to locate, review and

7   produce, and (4) seeks records relating to events and matters not reasonably

8   calculated to lead to the discovery of admissible evidence.

9        HSC further objects to the request on the ground it requires production of

10  documents protected against disclosure by the attorney-client privilege, the attorney

11  work product doctrine and applicable privacy protections, and places an undue

12  financial and administrative burden on Plaintiffs to conduct a "fishing expedition"

13  for documents not reasonably related to the lawsuit, and thus imposes an undue

14  financial burden on Plaintiffs and subjects them to harassment.

15  **RFP NO. 5**:

16       All DOCUMENTS that reflect or refer to any COMMUNICATIONS to any

17  individual or entity concerning the maintenance, restoration, repair, rehabilitation, or

18  improvements made at the PROPERTY at any time from the time YOU purchased

19  the property, to the present.

20  **OBJECTIONS AND RESPONSE TO RFP NO. 5**:

21       In addition to the General Objections, HSC objects to this request on the

22  grounds it is overbroad and not reasonably limited as to either subject matter or time

23  period and: (2) seeks records not reasonably related to and irrelevant to the

24  Counterclaim or the claims stated therein or otherwise by date or subject matter or

25  otherwise, (3) seeks records which would be extremely burdensome and expensive

26  for Plaintiffs to locate, review and produce, and (4) seeks records relating to events

27  and matters not reasonably calculated to lead to the discovery of admissible

28  evidence.

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

- 9 -

1   HSC further objects to the request on the ground it requires production of

2   documents protected against disclosure by the attorney-client privilege, the attorney

3   work product doctrine and applicable privacy protections, and places an undue

4   financial and administrative burden on Plaintiffs to conduct a "fishing expedition"

5   for documents not reasonably related to the lawsuit, and thus imposes an undue

6   financial burden on Plaintiffs and subjects them to harassment.

7   **RFP NO. 6**:

8   All DOCUMENTS that reflect or refer to any COMMUNICATIONS to any

9   individual or entity concerning the maintenance, restoration, repair, rehabilitation, or

10   improvements proposed to be made at the PROPERTY at any time from the time

11   YOU purchased the property, to the present.

12   **OBJECTIONS AND RESPONSE TO RFP NO. 6**:

13   In addition to the General Objections, HSC objects to this request on the

14   grounds it is overbroad and not reasonably limited as to either subject matter or time

15   period and: (2) seeks records not reasonably related to and irrelevant to the

16   Counterclaim or the claims stated therein or otherwise by date or subject matter or

17   otherwise, (3) seeks records which would be extremely burdensome and expensive

18   for Plaintiffs to locate, review and produce, and (4) seeks records relating to events

19   and matters not reasonably calculated to lead to the discovery of admissible

20   evidence.

21   HSC further objects to the request on the ground it requires production of

22   documents protected against disclosure by the attorney-client privilege, the attorney

23   work product doctrine and applicable privacy protections, and places an undue

24   financial and administrative burden on Plaintiffs to conduct a "fishing expedition"

25   for documents not reasonably related to the lawsuit, and thus imposes an undue

26   financial burden on Plaintiffs and subjects them to harassment.

27   **RFP NO. 7**:

28   All DOCUMENTS that reflect or refer to YOUR efforts, if any, to correct any

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

- 10 -

1  CONDITION OF THE PROPERTY that you were informed of which by any City or

2  County PERSON.

3  **OBJECTIONS AND RESPONSE TO RFP NO. 7**:

4      In addition to the General Objections, HSC objects to this request on the

5  grounds it is overbroad and not reasonably limited as to either subject matter or time

6  period and: (2) seeks records not reasonably related to and irrelevant to the

7  Counterclaim or the claims stated therein or otherwise by date or subject matter or

8  otherwise, (3) seeks records which would be extremely burdensome and expensive

9  for Plaintiffs to locate, review and produce, and (4) seeks records relating to events

10  and matters not reasonably calculated to lead to the discovery of admissible

11  evidence.

12      HSC further objects to the request on the ground it requires production of

13  documents protected against disclosure by the attorney-client privilege, the attorney

14  work product doctrine and applicable privacy protections, and places an undue

15  financial and administrative burden on Plaintiffs to conduct a "fishing expedition"

16  for documents not reasonably related to the lawsuit, and thus imposes an undue

17  financial burden on Plaintiffs and subjects them to harassment.

18      HSC further objects to the request on the ground it requires production of

19  documents protected against disclosure by the attorney-client privilege, the attorney

20  work product doctrine and applicable privacy protections, and places an undue

21  financial and administrative burden on Plaintiffs to conduct a "fishing expedition"

22  for documents not reasonably related to the lawsuit, and thus imposes an undue

23  financial burden on Plaintiffs and subjects them to harassment.

24  **RFP NO. 8**:

25      All DOCUMENTS that reflect or refer to water service at the PROPERTY

26  including, but not limited to, any interruption of or repair to water service, at any

27  time from the time YOU purchased the property to the present.

28      ////

**PLAINTIFF HSC's OBJS TO COUNTERCLAIMANTS' RFP SET No.2**

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

**OBJECTIONS AND RESPONSE TO RFP NO. 8:**

In addition to the General Objections, HSC objects to this request on the grounds it is overbroad and not reasonably limited as to either subject matter or time period and: (2) seeks records not reasonably related to and irrelevant to the Counterclaim or the claims stated therein or otherwise by date or subject matter or otherwise, (3) seeks records which would be extremely burdensome and expensive for Plaintiffs to locate, review and produce, and (4) seeks records relating to events and matters not reasonably calculated to lead to the discovery of admissible evidence.

HSC further objects to the request on the ground it requires production of documents protected against disclosure by the attorney-client privilege, the attorney work product doctrine and applicable privacy protections, and places an undue financial and administrative burden on Plaintiffs to conduct a "fishing expedition" for documents not reasonably related to the lawsuit, and thus imposes an undue financial burden on Plaintiffs and subjects them to harassment.

**RFP NO. 9:**

All DOCUMENTS that reflect or refer to gas service at the PROPERTY including, but not limited to, any interruption of or repair to gas service, at any time from the time YOU purchased the property to the present.

**OBJECTIONS AND RESPONSE TO RFP NO. 9:**

In addition to the General Objections, HSC objects to this request on the grounds it is overbroad and not reasonably limited as to either subject matter or time period and: (2) seeks records not reasonably related to and irrelevant to the Counterclaim or the claims stated therein or otherwise by date or subject matter or otherwise, (3) seeks records which would be extremely burdensome and expensive for Plaintiffs to locate, review and produce, and (4) seeks records relating to events and matters not reasonably calculated to lead to the discovery of admissible evidence.

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

- 12 -

1   HSC further objects to the request on the ground it requires production of

2   documents protected against disclosure by the attorney-client privilege, the attorney

3   work product doctrine and applicable privacy protections, and places an undue

4   financial and administrative burden on Plaintiffs to conduct a "fishing expedition"

5   for documents not reasonably related to the lawsuit, and thus imposes an undue

6   financial burden on Plaintiffs and subjects them to harassment.

7   **RFP NO. 10**:

8   All DOCUMENTS that reflect or refer to electrical service at the PROPERTY

9   including, but not limited to, any interruption of or repair to electrical service, at any

10  time from the time YOU purchased the property to the present.

11  **OBJECTIONS AND RESPONSE TO RFP NO. 10**:

12  In addition to the General Objections, HSC objects to this request on the

13  grounds it is overbroad and not reasonably limited as to either subject matter or time

14  period and: (2) seeks records not reasonably related to and irrelevant to the

15  Counterclaim or the claims stated therein or otherwise by date or subject matter or

16  otherwise, (3) seeks records which would be extremely burdensome and expensive

17  for Plaintiffs to locate, review and produce, and (4) seeks records relating to events

18  and matters not reasonably calculated to lead to the discovery of admissible

19  evidence.

20  HSC further objects to the request on the ground it requires production of

21  documents protected against disclosure by the attorney-client privilege, the attorney

22  work product doctrine and applicable privacy protections, and places an undue

23  financial and administrative burden on Plaintiffs to conduct a "fishing expedition"

24  for documents not reasonably related to the lawsuit, and thus imposes an undue

25  financial burden on Plaintiffs and subjects them to harassment.

26  **RFP NO. 11**:

27  All DOCUMENTS that reflect or refer to efforts to eradicate vermin or

28  prevent them from infesting the PROPERTY, at any time from the time YOU

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

- 13 -

1  purchased the property to the present.

2  **OBJECTIONS AND RESPONSE TO RFP NO. 11:**

3      In addition to the General Objections, HSC objects to this request on the

4  grounds it is overbroad and not reasonably limited as to either subject matter or time

5  period and: (2) seeks records not reasonably related to and irrelevant to the

6  Counterclaim or the claims stated therein or otherwise by date or subject matter or

7  otherwise, (3) seeks records which would be extremely burdensome and expensive

8  for Plaintiffs to locate, review and produce, and (4) seeks records relating to events

9  and matters not reasonably calculated to lead to the discovery of admissible

10  evidence.

11      HSC further objects to the request on the ground it requires production of

12  documents protected against disclosure by the attorney-client privilege, the attorney

13  work product doctrine and applicable privacy protections, and places an undue

14  financial and administrative burden on Plaintiffs to conduct a "fishing expedition"

15  for documents not reasonably related to the lawsuit, and thus imposes an undue

16  financial burden on Plaintiffs and subjects them to harassment.

17  **RFP NO. 12:**

18      All DOCUMENTS that reflect or refer to plumbing at the PROPERTY

19  including, but not limited to, installation or maintenance of plumbing pipes or

20  fixtures, at any time from the time YOU purchased the property to the present.

21  **OBJECTIONS AND RESPONSE TO RFP NO. 12:**

22      In addition to the General Objections, HSC objects to this request on the

23  grounds it is overbroad and not reasonably limited as to either subject matter or time

24  period and: (2) seeks records not reasonably related to and irrelevant to the

25  Counterclaim or the claims stated therein or otherwise by date or subject matter or

26  otherwise, (3) seeks records which would be extremely burdensome and expensive

27  for Plaintiffs to locate, review and produce, and (4) seeks records relating to events

28  and matters not reasonably calculated to lead to the discovery of admissible

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

- 14 -

1    evidence.

2         HSC further objects to the request on the ground it requires production of

3    documents protected against disclosure by the attorney-client privilege, the attorney

4    work product doctrine and applicable privacy protections, and places an undue

5    financial and administrative burden on Plaintiffs to conduct a "fishing expedition"

6    for documents not reasonably related to the lawsuit, and thus imposes an undue

7    financial burden on Plaintiffs and subjects them to harassment.

8    **RFP NO. 13:**

9         All DOCUMENTS that reflect or refer to electrical systems at the

10   PROPERTY including, but not limited to, the repair, installation or maintenance of

11   smoke detectors at any time from the time YOU purchased the property to the

12   present.

13   **OBJECTIONS AND RESPONSE TO RFP NO. 13:**

14        In addition to the General Objections, HSC objects to this request on the

15   grounds it is overbroad and not reasonably limited as to either subject matter or time

16   period and: (2) seeks records not reasonably related to and irrelevant to the

17   Counterclaim or the claims stated therein or otherwise by date or subject matter or

18   otherwise, (3) seeks records which would be extremely burdensome and expensive

19   for Plaintiffs to locate, review and produce, and (4) seeks records relating to events

20   and matters not reasonably calculated to lead to the discovery of admissible

21   evidence.

22        HSC further objects to the request on the ground it requires production of

23   documents protected against disclosure by the attorney-client privilege, the attorney

24   work product doctrine and applicable privacy protections, and places an undue

25   financial and administrative burden on Plaintiffs to conduct a "fishing expedition"

26   for documents not reasonably related to the lawsuit, and thus imposes an undue

27   financial burden on Plaintiffs and subjects them to harassment.

28   ///

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

PLAINTIFF HSC's OBJS TO COUNTERCLAIMANTS' RFP SET No.2

**RFP NO. 14:**

All DOCUMENTS that reflect or refer to electrical wiring or connections at the PROPERTY including, but not limited to, the repair, installation or maintenance of electrical wiring or outlets, at any time from the time YOU purchased the property to the present.

**OBJECTIONS AND RESPONSE TO RFP NO. 14:**

In addition to the General Objections, HSC objects to this request on the grounds it is overbroad and not reasonably limited as to either subject matter or time period and: (2) seeks records not reasonably related to and irrelevant to the Counterclaim or the claims stated therein or otherwise by date or subject matter or otherwise, (3) seeks records which would be extremely burdensome and expensive for Plaintiffs to locate, review and produce, and (4) seeks records relating to events and matters not reasonably calculated to lead to the discovery of admissible evidence.

HSC further objects to the request on the ground it requires production of documents protected against disclosure by the attorney-client privilege, the attorney work product doctrine and applicable privacy protections, and places an undue financial and administrative burden on Plaintiffs to conduct a "fishing expedition" for documents not reasonably related to the lawsuit, and thus imposes an undue financial burden on Plaintiffs and subjects them to harassment.

**RFP NO. 15:**

All DOCUMENTS that reflect or refer to lead-based paint at the PROPERTY including, but not limited to, the removal of lead-based paint at any time from the time YOU purchased the property to the present.

**OBJECTIONS AND RESPONSE TO RFP NO. 15:**

In addition to the General Objections, HSC objects to this request on the grounds it is overbroad and not reasonably limited as to either subject matter or time period and: (2) seeks records not reasonably related to and irrelevant to the

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

1   Counterclaim or the claims stated therein or otherwise by date or subject matter or

2   otherwise, (3) seeks records which would be extremely burdensome and expensive

3   for Plaintiffs to locate, review and produce, and (4) seeks records relating to events

4   and matters not reasonably calculated to lead to the discovery of admissible

5   evidence.

6          HSC further objects to the request on the ground it requires production of

7   documents protected against disclosure by the attorney-client privilege, the attorney

8   work product doctrine and applicable privacy protections, and places an undue

9   financial and administrative burden on Plaintiffs to conduct a "fishing expedition"

10  for documents not reasonably related to the lawsuit, and thus imposes an undue

11  financial burden on Plaintiffs and subjects them to harassment.

12  **RFP NO. 16:**

13         All DOCUMENTS that reflect or refer to heating units at the PROPERTY

14  including, but not limited to, any interruption of or repair, installation or maintenance

15  of heaters in the units, at any time from the time YOU  purchased the property to the

16  present.

17  **OBJECTIONS AND RESPONSE TO RFP NO. 16:**

18         In addition to the General Objections, HSC objects to this request on the

19  grounds it is overbroad and not reasonably limited as to either subject matter or time

20  period and: (2) seeks records not reasonably related to and irrelevant to the

21  Counterclaim or the claims stated therein or otherwise by date or subject matter or

22  otherwise, (3) seeks records which would be extremely burdensome and expensive

23  for Plaintiffs to locate, review and produce, and (4) seeks records relating to events

24  and matters not reasonably calculated to lead to the discovery of admissible

25  evidence.

26         HSC further objects to the request on the ground it requires production of

27  documents protected against disclosure by the attorney-client privilege, the attorney

28  work product doctrine and applicable privacy protections, and places an undue

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

- 17 -

**PLAINTIFF HSC's OBJS TO COUNTERCLAIMANTS' RFP SET No.2**

1   financial and administrative burden on Plaintiffs to conduct a "fishing expedition"

2   for documents not reasonably related to the lawsuit, and thus imposes an undue

3   financial burden on Plaintiffs and subjects them to harassment.

4   **RFP NO. 17:**

5       All DOCUMENTS that reflect or refer to flooring at the PROPERTY

6   including, but not limited to, any interruption of or repair, installation or maintenance

7   of linoleum or carpeting in individual units or common areas, at any time from the

8   time YOU purchased the property to the present.

9   **OBJECTIONS AND RESPONSE TO RFP NO. 17:**

10       In addition to the General Objections, HSC objects to this request on the

11   grounds it is overbroad and not reasonably limited as to either subject matter or time

12   period and: (2) seeks records not reasonably related to and irrelevant to the

13   Counterclaim or the claims stated therein or otherwise by date or subject matter or

14   otherwise, (3) seeks records which would be extremely burdensome and expensive

15   for Plaintiffs to locate, review and produce, and (4) seeks records relating to events

16   and matters not reasonably calculated to lead to the discovery of admissible

17   evidence.

18       HSC further objects to the request on the ground it requires production of

19   documents protected against disclosure by the attorney-client privilege, the attorney

20   work product doctrine and applicable privacy protections, and places an undue

21   financial and administrative burden on Plaintiffs to conduct a "fishing expedition"

22   for documents not reasonably related to the lawsuit, and thus imposes an undue

23   financial burden on Plaintiffs and subjects them to harassment.

24   **RFP NO. 18:**

25       All DOCUMENTS that reflect or refer to windows and window screens at the

26   PROPERTY including, but not limited to, any interruption of or repair, installation

27   or maintenance of window panes or screens, at any time from the time YOU

28   purchased the property to the present.

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

- 18 -

**OBJECTIONS AND RESPONSE TO RFP NO. 18:**

In addition to the General Objections, HSC objects to this request on the grounds it is overbroad and not reasonably limited as to either subject matter or time period and: (2) seeks records not reasonably related to and irrelevant to the Counterclaim or the claims stated therein or otherwise by date or subject matter or otherwise, (3) seeks records which would be extremely burdensome and expensive for Plaintiffs to locate, review and produce, and (4) seeks records relating to events and matters not reasonably calculated to lead to the discovery of admissible evidence.

HSC further objects to the request on the ground it requires production of documents protected against disclosure by the attorney-client privilege, the attorney work product doctrine and applicable privacy protections, and places an undue financial and administrative burden on Plaintiffs to conduct a "fishing expedition" for documents not reasonably related to the lawsuit, and thus imposes an undue financial burden on Plaintiffs and subjects them to harassment.

**RFP NO. 19:**

All DOCUMENTS that reflect or refer to any remodeling, refurbishing or other physical alteration to the PROPERTY from the time YOU purchased the property to the present.

**OBJECTIONS AND RESPONSE TO RFP NO. 19:**

In addition to the General Objections, HSC objects to this request on the grounds it is overbroad and not reasonably limited as to either subject matter or time period and: (2) seeks records not reasonably related to and irrelevant to the Counterclaim or the claims stated therein or otherwise by date or subject matter or otherwise, (3) seeks records which would be extremely burdensome and expensive for Plaintiffs to locate, review and produce, and (4) seeks records relating to events and matters not reasonably calculated to lead to the discovery of admissible evidence.

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

1    HSC further objects to the request on the ground it requires production of

2  documents protected against disclosure by the attorney-client privilege, the attorney

3  work product doctrine and applicable privacy protections, and places an undue

4  financial and administrative burden on Plaintiffs to conduct a "fishing expedition"

5  for documents not reasonably related to the lawsuit, and thus imposes an undue

6  financial burden on Plaintiffs and subjects them to harassment.

7

8                                                      Respectfully Submitted,

9    Dated: March 16, 2011              **AUGUSTINI LAW OFFICES**
                                        **GORDEE, NOWICKI & AUGUSTINI, LLP**

10                                        ATTORNEYS FOR PLAINTIFFS

11

12

13

14

15   By: _____
                            ALFRED E. AUGUSTINI
16                          AUGUSTINI LAW OFFICES

                          640 SOUTH MAIN STREET PARTNERS, LLC
17                        AND HSC PROPERTIES, LLC

·18

19

20

21

22

23

24

25

26

·27

28

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

- 20 -

# EXHIBIT "D"

1

**AUGUSTINI LAW OFFICES**
Alfred E. Augustini          SBN 43204
2      alaugie@alaugie.com
515 S. Figueroa St., Ste. 321
3      Los Angeles, CA 90071
Tel: 213-629-8888
4      Fax: 213-688-7600

5      Jeff Augustini          SBN 178358
jaugustini@gna -law.com
6      GORDEE, NOWICKI & AUGUSTINI
8105 Irvine Center Drive, Suite 870
7      Newport Beach, CA 92615
Tel: 949-567-9923
8      Fax: 949- 567-9928

9      Attorneys for Plaintiff 640 PROPERTIES, LLCs:
640 SOUTH MAIN STREET PARTNERS, LLC, AND
10     HSC PROPERTIES, LLC

11

12                    **UNITED STATES DISTRICT COURT**

13        **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

14

15     640 SOUTH MAIN STREET PARTNERS, LLC        Case No. 08-cv-3611–DDP-JTL
AND HSC PROPERTIES, LLC,                    Hon. Dean D. Pregerson, Ctrm: 3
16

17                          Plaintiffs,          **OBJECTIONS OF PLAINTIFF**
**640 SOUTH MAIN STREET**
18            vs.                                **PARTNERS, LLC TO**
**COUNTER-CLAIMANTS'**
19     CITY OF LOS ANGELES,                      **REQUEST FOR PRODUCTION**
**OF DOCUMENTS - NO. 2**
20                          Defendant.

21     LA CAN, a non-profit corporation, ALVIN
22     TAYLOR, AND SAVERIO MANISCALCO,          Action Filed:      May 5, 2008
individuals.                             Action Removed:    June 3, 2008
23                                                Discovery Cutoff: June 13, 2011
Counter-Claimants,     Trial Date:        December 6, 2011
24            vs.

25     640 SOUTH MAIN STREET PARTNERS, LLC
26     AND 640 PROPERTIES, LLC,

27                          Plaintiff HSC
PROPERTIES, LLCs.
28

- 1 -
EXHIBIT 6
**PLAINTIFF 640's OBJS TO COUNTERCLAIMANTS' RFP SET No.2**

PROPOUNDING PARTY:      Counter-Claimants, Alvin Taylor, Saverio
                        Maniscalco and LA CAN

RESPONDING PARTY:       Plaintiff 640 SOUTH MAIN STREET PARTNERS,
                        LLC

SET NO:                 Two (Nos. 1-19)

   Pursuant to FRCivP Rule 34 and the Local Rules of this Court, Plaintiff 640
SOUTH MAIN STREET PARTNERS, LLC ("640") by and through its attorneys in
the main action hereby object and respond to Counter-Claimants LA CAN, Alvin
Taylor and Saviero Maniscalco's ("Counter-Claimants") Request for Production of
Documents ("Request") as follows:

## PRELIMINARY STATEMENT

   1.     640's investigation and development of all facts and circumstances
relating to this action is ongoing. 640 has not completed its investigation of the facts
relating to this case and has not completed their discovery. 640 has made the
following objections and responses based upon the information presently available to
it, and as such these responses do not prejudice and do not constitute a waiver of
640's subsequent right to rely on other facts or documents at trial.

   2.     By making the accompanying responses and these objections to
Counter-Claimants' Request, 640 does not waive, and hereby expressly reserves, its
right to assert any and all objections as to the admissibility of such responses into
evidence in this action, or in any other proceedings, on any and all grounds,
including, but not limited to, competency, relevancy, materiality, and privilege.
Furthermore, 640 makes the subsequent responses and objections specified herein
without in any way implying that it considers the requests or responses thereto to be
relevant or material to the subject matter of the action.

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

- 2 -

3.     By responding to the Request, 640 neither admits nor concedes the appropriateness or accuracy of the words or definitions in the Request. Accordingly, 640 will respond to each of the requests set forth in the Request to the extent that 640 does not object thereto, in accordance with relevant provisions of law and pursuant to their understanding of the fair and reasonable meaning of those requests.

4.     640's assertion of an objection to a particular request is not to be construed as an admission that responsive documents necessarily exist. In addition, a statement by 640 that they will produce documents in response to a particular request is not to be construed as an admission that any responsive documents now exist or previously existed.

5.     640, in accordance with the Federal Rules of Civil Procedure, objects to all requests to the extent they require 640 to produce responsive documents not currently in its possession, custody or control.

6.     640 expressly reserves the right to supplement, clarify, revise or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental responses.

7.     Publicly available documents, including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

## GENERAL OBJECTIONS

Each and all of the following General Objections are incorporated into each and every Specific Objection and Response set forth below as though set forth fully therein. Any failure to include any general objection in any specific response does not waive such general objection to that request.  640 hereby reserves, and thus cannot waive, its right to amend these responses at a future date.

1.     640 objects to the Request and all requests contained therein on the ground the Request fails to set a specific date for the production or inspection of the documents demanded therein pursuant to FRCivP Rule 34.

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

- 3 -
**PLAINTIFF 640's OBJ.** EXHIBIT C **TO COUNTERCLAIMANTS' RFP SET No.2**

2.      640 objects to the definitions of "MAIN STREET" and "640," "YOU" and "YOUR" in the Request and the requests contained therein as impermissably overbroad in that these definitions require 640 to respond on behalf of Plaintiffs as well as, *inter alia*, their former directors, officers, managers, their parents and subsidiaries, their predecessors and agents, their investigators and attorneys and all other persons and entities purporting to have acted on their behalf at any time.

3.      640 objects to each individual "instruction" and "definition" set forth in the Request and each of the requests set forth therein as well as to any other portion of any request that imposes any requirement or discovery obligation greater than or different from those under the FRCivP Rules and/or the applicable Rules and Orders of the Court.

4.      640 objects to each definition, instruction and request set forth in the Request and each of the requests set forth therein to the extent such definition, instruction or request requires disclosure of information protected by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product privilege, the constitutional right of privacy of Plaintiffs, their managers and employees and their Hotel guests and other otherwise seeks any proprietary business information or information protected by any other applicable privilege.  640 hereby asserts each and all of these privileges and invokes the protection of such privileges. Accordingly, 640 will not produce or disclose such privileged information, nor produce or disclose any documents protected against disclosure by such privileges/objections and, should 640 inadvertently produce any such privileged information, such inadvertent production shall not constitute a waiver of such privileges/objections.

5.      640 objects to each definition, instruction and request of Counter-Claimants set forth in the Request and all requests contained therein to the extent such definition, instruction or request requires disclosure of information protected by the California constitutional right of privacy or other applicable privacy rights of

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

1  Plaintiffs, their managers and employees, and their Hotel guests. 640 will not

2  produce or disclose such privileged information, nor produce or disclose any

3  documents protected against disclosure by such privileges/objections, and should

4  640 inadvertently produce or disclose privileged information, such inadvertent

5  production/disclosure shall not constitute a waiver of any such privileges/objections.

6         6.     640 objects to the Request and each of the requests set forth therein to

7  the extent they require production or disclosure of confidential research,

8  development, commercial, financial, proprietary, or any other private information of

9  Plaintiffs, their members, managers and employees ("Confidential Business

10  Information"). 640 will not produce or disclose Confidential Business Information

11  absent a stipulated order being entered in this lawsuit governing the production and

12  exchange of Confidential Business Information, and which contains terms that are

13  reasonably satisfactory to Plaintiffs.

14         7.     640 objects to the Request and each of the requests set forth therein to

15  the extent such requests require production or disclosure of documents or

16  information otherwise equally available to Cross-Complaintants and/or already in

17  their possession, custody, or control, on the ground requiring 640 to produce or re-

18  produce such documents would impose an undue burden and unwarranted expense

19  on 640.

20         8.     640 objects to the Request and each of the requests set forth therein on

21  the ground the subject matter, category and scope of the items demanded therein are

22  overbroad and thereby impose undue and unjust burdens on Plaintiffs.

23         9.     640 objects to the Request and each of the requests set forth therein to

24  the extent they require Plaintiffs to search for and/or produce documents in the

25  possession of third parties or entities, to produce documents not in the possession,

26  custody or control of Plaintiffs, to summarize voluminous or a compilation of

27  documents and/or to produce documents previously produced by the parties and/or

28  that can and should be sought in the first instance from other parties/non-parties.

PLAINTIFF 640's OBJ. TO COUNTERCLAIMANTS' RFP SET No.2

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

1    10.    640 objects to the Request and each of the requests set forth therein to

2  the extent they require Plaintiffs to produce documents or disclose information

3  including expert opinion, including without limitation survey materials and

4  accounting and/or audit reports, on the ground such requests are premature; and 640

5  expressly reserves the right to supplement, clarify, correct and/or revise any or all

6  responses to such requests, and to assert additional objections or privileges, in one or

7  more subsequent supplemental response(s) in accordance with the time period for

8  exchanging expert reports previously set by the Court.

9                    **OBJECTIONS TO SPECIFIC REQUESTS**

10  **RFP NO. 1**:

11    All DOUCMENTS that reflect or refer to COMMUNICAITONS with any

12  agency or office of the City of Los Angeles, including but not limited to, the Los

13  Angeles City Attorney's, the Department of Housing, Fire Department, Police

14  Department, and Department of Building and Safety, concerning the CONDITION

15  OF THE PROPERTY.

16  **OBJECTIONS AND RESPONSE TO RFP NO. 1**:

17    In addition to the General Objections, 640 objects to this request on the

18  grounds it is overbroad and not reasonably limited as to subject matter and as to time

19  period, seeks voluminous records dating back to the 1920's, and: (1) is too vague for

20  Plaintiffs to determine what records are being sought; (2) seeks records not

21  reasonably related to and irrelevant to the Counterclaim or the claims stated therein

22  or otherwise by date or subject matter or otherwise, (3) seeks records relating to third

23  parties who are unrelated to the subject matter of this lawsuit and whose privacy

24  rights would be unnecessarily violated; (4) seeks records which would be extremely

25  burdensome and expensive for  Plaintiffs to locate, review and produce, (5) seeks

26  records of events and matters irrelevant to the subject matters of the lawsuit, and (6)

27  seeks records of persons, events and matters not reasonably calculated to lead to the

28  discovery of admissible evidence.

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

640 further objects to the request on the ground it requires production of documents protected against disclosure by the attorney-client privilege, the attorney work product doctrine and applicable privacy protections, and places an undue financial and administrative burden on Plaintiffs to conduct a "fishing expedition" for documents not reasonably related to the lawsuit, and thus imposes an undue financial burden on Plaintiffs and subjects them to harassment.

**RFP NO. 2**:

All DOCMENTS that reflect or refer to COMMUNICATIONS with County of Los Angeles, including but not limited to, the Los Angeles County Department of Health Services, concerning the CONDITION OF THE PROPERTY

**OBJECTIONS AND RESPONSE TO RFP NO. 2**:

In addition to the General Objections, 640 objects to this request on the grounds it is overbroad both as to subject matter and as to time period, seeks voluminous records dating back to the 1920's, and and: (1) is too vague for Plaintiffs to determine what records are being sought; (2) seeks records not reasonably related to and irrelevant to the Counterclaim or the claims stated therein or otherwise by date or subject matter or otherwise, (3) seeks records which would be extremely burdensome and expensive for Plaintiffs to locate, review and produce, (4) seeks records relating to persons, events and matters irrelevant to the subject matters of the lawsuit, and (5) seeks records relating to persons, events and matters not reasonably calculated to lead to the discovery of admissible evidence.

640 further objects to the request on the ground it requires production of documents protected against disclosure by the attorney-client privilege, the attorney work product doctrine and applicable privacy protections, and places an undue financial and administrative burden on Plaintiffs to conduct a "fishing expedition" for documents not reasonably related to the lawsuit, and thus imposes an undue financial burden on Plaintiffs and subjects them to harassment.

///

PLAINTIFF 640's OBJ. TO COUNTERCLAIMANTS' RFP SET No.2

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

**RFP NO. 3**:

To the extent not already produced, All DOCUMENTS that reflect or refer to COMMUNICATIONS with any of the plaintiffs regarding the CONDITION OF THE PROPERTY.

**OBJECTIONS AND RESPONSE TO RFP NO. 3**:

In addition to the General Objections, 640 objects to this request on the grounds "plaintiffs" is undefined by Counter-Claimants and interpreted literally is nonsensical. 640 further objects on the grounds that even if the request was intelligible, it is overbroad and is not reasonably limited as to either subject matter or time period, seeks voluminous records dating back more than 10 years, and: (1) is too vague for Plaintiffs to determine what records are being sought; (2) seeks records not reasonably related to and irrelevant to the Counterclaim or the claims stated therein or otherwise by date or subject matter or otherwise, (3) seeks records which would be extremely burdensome and expensive for Plaintiffs to locate, review and produce, and (4) seeks records relating to events and matters not reasonably calculated to lead to the discovery of admissible evidence.

640 further objects to the request on the ground it requires production of documents protected against disclosure by the attorney-client privilege, the attorney work product doctrine and applicable privacy protections, and places an undue financial and administrative burden on Plaintiffs to conduct a "fishing expedition" for documents not reasonably related to the lawsuit, and thus imposes an undue financial burden on Plaintiffs and subjects them to harassment.

**RFP NO. 4**:

To the extent not already produced, All DOCUMENTS that reflect or refer to COMMUNICATIONS with any of the plaintiffs regarding any other matter related to the CONDITION OF THE PROPERTY.

**OBJECTIONS AND RESPONSE TO RFP NO. 4**:

In addition to the General Objections, 640 objects to this request on the

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

- 8 -

1   grounds "plaintiffs" is undefined by Counter-Claimants and interpreted literally is

2   nonsensical. 640 further objects on the grounds that even if the request was

3   intelligible, it is overbroad and not reasonably limited as to either subject matter or

4   time period, seeks voluminous records dating back more than 10 years, and: (1) is

5   too vague for Plaintiffs to determine what records are being sought; (2) seeks records

6   not reasonably related to and irrelevant to the Counterclaim or the claims stated

7   therein or otherwise by date or subject matter or otherwise, (3) seeks records which

8   would be extremely burdensome and expensive for Plaintiffs to locate, review and

9   produce, and (4) seeks records relating to events and matters not reasonably

10  calculated to lead to the discovery of admissible evidence.

11      640 further objects to the request on the ground it requires production of

12  documents protected against disclosure by the attorney-client privilege, the attorney

13  work product doctrine and applicable privacy protections, and places an undue

14  financial and administrative burden on Plaintiffs to conduct a "fishing expedition"

15  for documents not reasonably related to the lawsuit, and thus imposes an undue

16  financial burden on Plaintiffs and subjects them to harassment.

17  **RFP NO. 5:**

18      All DOCUMENTS that reflect or refer to any COMMUNICATIONS to any

19  individual or entity concerning the maintenance, restoration, repair, rehabilitation, or

20  improvements made at the PROPERTY at any time from the time YOU purchased

21  the property, to the present.

22  **OBJECTIONS AND RESPONSE TO RFP NO. 5:**

23      In addition to the General Objections, 640 objects to this request on the

24  grounds it is overbroad and not reasonably limited as to either subject matter or time

25  period and: (2) seeks records not reasonably related to and irrelevant to the

26  Counterclaim or the claims stated therein or otherwise by date or subject matter or

27  otherwise, (3) seeks records which would be extremely burdensome and expensive

28  for Plaintiffs to locate, review and produce, and (4) seeks records relating to events

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

1   and matters not reasonably calculated to lead to the discovery of admissible

2   evidence.

3       640 further objects to the request on the ground it requires production of

4   documents protected against disclosure by the attorney-client privilege, the attorney

5   work product doctrine and applicable privacy protections, and places an undue

6   financial and administrative burden on Plaintiffs to conduct a "fishing expedition"

7   for documents not reasonably related to the lawsuit, and thus imposes an undue

8   financial burden on Plaintiffs and subjects them to harassment.

9   **RFP NO. 6**:

10      All DOCUMENTS that reflect or refer to any COMMUNICATIONS to any

11  individual or entity concerning the maintenance, restoration, repair, rehabilitation, or

12  improvements proposed to be made at the PROPERTY at any time from the time

13  YOU purchased the property, to the present.

14  **OBJECTIONS AND RESPONSE TO RFP NO. 6**:

15      In addition to the General Objections, 640 objects to this request on the

16  grounds it is overbroad and not reasonably limited as to either subject matter or time

17  period and: (2) seeks records not reasonably related to and irrelevant to the

18  Counterclaim or the claims stated therein or otherwise by date or subject matter or

19  otherwise, (3) seeks records which would be extremely burdensome and expensive

20  for Plaintiffs to locate, review and produce, and (4) seeks records relating to events

21  and matters not reasonably calculated to lead to the discovery of admissible

22  evidence.

23      640 further objects to the request on the ground it requires production of

24  documents protected against disclosure by the attorney-client privilege, the attorney

25  work product doctrine and applicable privacy protections, and places an undue

26  financial and administrative burden on Plaintiffs to conduct a "fishing expedition"

27  for documents not reasonably related to the lawsuit, and thus imposes an undue

28  financial burden on Plaintiffs and subjects them to harassment.

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

- 10 -

PLAINTIFF 640's OBJS TO COUNTERCLAIMANTS' RFP SET No.2

**RFP NO. 7**:

All DOCUMENTS that reflect or refer to YOUR efforts, if any, to correct any CONDITION OF THE PROPERTY that you were informed of which by any City or County PERSON.

**OBJECTIONS AND RESPONSE TO RFP NO. 7**:

In addition to the General Objections, 640 objects to this request on the grounds it is overbroad and not reasonably limited as to either subject matter or time period and: (2) seeks records not reasonably related to and irrelevant to the Counterclaim or the claims stated therein or otherwise by date or subject matter or otherwise, (3) seeks records which would be extremely burdensome and expensive for Plaintiffs to locate, review and produce, and (4) seeks records relating to events and matters not reasonably calculated to lead to the discovery of admissible evidence.

640 further objects to the request on the ground it requires production of documents protected against disclosure by the attorney-client privilege, the attorney work product doctrine and applicable privacy protections, and places an undue financial and administrative burden on Plaintiffs to conduct a "fishing expedition" for documents not reasonably related to the lawsuit, and thus imposes an undue financial burden on Plaintiffs and subjects them to harassment.

640 further objects to the request on the ground it requires production of documents protected against disclosure by the attorney-client privilege, the attorney work product doctrine and applicable privacy protections, and places an undue financial and administrative burden on Plaintiffs to conduct a "fishing expedition" for documents not reasonably related to the lawsuit, and thus imposes an undue financial burden on Plaintiffs and subjects them to harassment.

**RFP NO. 8**:

All DOCUMENTS that reflect or refer to water service at the PROPERTY including, but not limited to, any interruption of or repair to water service, at any

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

1   time from the time YOU purchased the property to the present.

2   **OBJECTIONS AND RESPONSE TO RFP NO. 8**:

3       In addition to the General Objections, 640 objects to this request on the

4   grounds it is overbroad and not reasonably limited as to either subject matter or time

5   period and: (2) seeks records not reasonably related to and irrelevant to the

6   Counterclaim or the claims stated therein or otherwise by date or subject matter or

7   otherwise, (3) seeks records which would be extremely burdensome and expensive

8   for Plaintiffs to locate, review and produce, and (4) seeks records relating to events

9   and matters not reasonably calculated to lead to the discovery of admissible

10  evidence.

11      640 further objects to the request on the ground it requires production of

12  documents protected against disclosure by the attorney-client privilege, the attorney

13  work product doctrine and applicable privacy protections, and places an undue

14  financial and administrative burden on Plaintiffs to conduct a "fishing expedition"

15  for documents not reasonably related to the lawsuit, and thus imposes an undue

16  financial burden on Plaintiffs and subjects them to harassment.

17  **RFP NO. 9:**

18      All DOCUMENTS that reflect or refer to gas service at the PROPERTY

19  including, but not limited to, any interruption of or repair to gas service, at any time

20  from the time YOU  purchased the property to the present.

21  **OBJECTIONS AND RESPONSE TO RFP NO. 9**:

22      In addition to the General Objections, 640 objects to this request on the

23  grounds it is overbroad and not reasonably limited as to either subject matter or time

24  period and: (2) seeks records not reasonably related to and irrelevant to the

25  Counterclaim or the claims stated therein or otherwise by date or subject matter or

26  otherwise, (3) seeks records which would be extremely burdensome and expensive

27  for Plaintiffs to locate, review and produce, and (4) seeks records relating to events

28  and matters not reasonably calculated to lead to the discovery of admissible

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

EXHIBIT D-74
**PLAINTIFF 640's OBJS TO COUNTERCLAIMANTS' RFP SET No.2**

1   evidence.

2       640 further objects to the request on the ground it requires production of

3   documents protected against disclosure by the attorney-client privilege, the attorney

4   work product doctrine and applicable privacy protections, and places an undue

5   financial and administrative burden on Plaintiffs to conduct a "fishing expedition"

6   for documents not reasonably related to the lawsuit, and thus imposes an undue

7   financial burden on Plaintiffs and subjects them to harassment.

8   **RFP NO. 10**:

9       All DOCUMENTS that reflect or refer to electrical service at the PROPERTY

10   including, but not limited to, any interruption of or repair to electrical service, at any

11   time from the time YOU purchased the property to the present.

12   **OBJECTIONS AND RESPONSE TO RFP NO. 10**:

13       In addition to the General Objections, 640 objects to this request on the

14   grounds it is overbroad and not reasonably limited as to either subject matter or time

15   period and: (2) seeks records not reasonably related to and irrelevant to the

16   Counterclaim or the claims stated therein or otherwise by date or subject matter or

17   otherwise, (3) seeks records which would be extremely burdensome and expensive

18   for Plaintiffs to locate, review and produce, and (4) seeks records relating to events

19   and matters not reasonably calculated to lead to the discovery of admissible

20   evidence.

21       640 further objects to the request on the ground it requires production of

22   documents protected against disclosure by the attorney-client privilege, the attorney

23   work product doctrine and applicable privacy protections, and places an undue

24   financial and administrative burden on Plaintiffs to conduct a "fishing expedition"

25   for documents not reasonably related to the lawsuit, and thus imposes an undue

26   financial burden on Plaintiffs and subjects them to harassment.

27   **RFP NO. 11**:

28       All DOCUMENTS that reflect or refer to efforts to eradicate vermin or

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

EXHIBIT D
**PLAINTIFF 640's OBJS TO COUNTERCLAIMANTS' RFP SET No.2**

1   prevent them from infesting the PROPERTY, at any time from the time YOU

2   purchased the property to the present.

3   **OBJECTIONS AND RESPONSE TO RFP NO. 11:**

4       In addition to the General Objections, 640 objects to this request on the

5   grounds it is overbroad and not reasonably limited as to either subject matter or time

6   period and: (2) seeks records not reasonably related to and irrelevant to the

7   Counterclaim or the claims stated therein or otherwise by date or subject matter or

8   otherwise, (3) seeks records which would be extremely burdensome and expensive

9   for Plaintiffs to locate, review and produce, and (4) seeks records relating to events

10  and matters not reasonably calculated to lead to the discovery of admissible

11  evidence.

12      640 further objects to the request on the ground it requires production of

13  documents protected against disclosure by the attorney-client privilege, the attorney

14  work product doctrine and applicable privacy protections, and places an undue

15  financial and administrative burden on Plaintiffs to conduct a "fishing expedition"

16  for documents not reasonably related to the lawsuit, and thus imposes an undue

17  financial burden on Plaintiffs and subjects them to harassment.

18  **RFP NO. 12:**

19      All DOCUMENTS that reflect or refer to plumbing at the PROPERTY

20  including, but not limited to, installation or maintenance of plumbing pipes or

21  fixtures, at any time from the time YOU purchased the property to the present.

22  **OBJECTIONS AND RESPONSE TO RFP NO. 12:**

23      In addition to the General Objections, 640 objects to this request on the

24  grounds it is overbroad and not reasonably limited as to either subject matter or time

25  period and: (2) seeks records not reasonably related to and irrelevant to the

26  Counterclaim or the claims stated therein or otherwise by date or subject matter or

27  otherwise, (3) seeks records which would be extremely burdensome and expensive

28  for Plaintiffs to locate, review and produce, and (4) seeks records relating to events

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

1  and matters not reasonably calculated to lead to the discovery of admissible

2  evidence.

3       640 further objects to the request on the ground it requires production of

4  documents protected against disclosure by the attorney-client privilege, the attorney

5  work product doctrine and applicable privacy protections, and places an undue

6  financial and administrative burden on Plaintiffs to conduct a "fishing expedition"

7  for documents not reasonably related to the lawsuit, and thus imposes an undue

8  financial burden on Plaintiffs and subjects them to harassment.

9  **RFP NO. 13:**

10      All DOCUMENTS that reflect or refer to electrical systems at the

11  PROPERTY including, but not limited to, the repair, installation or maintenance of

12  smoke detectors at any time from the time YOU purchased the property to the

13  present.

14  **OBJECTIONS AND RESPONSE TO RFP NO. 13:**

15      In addition to the General Objections, 640 objects to this request on the

16  grounds it is overbroad and not reasonably limited as to either subject matter or time

17  period and: (2) seeks records not reasonably related to and irrelevant to the

18  Counterclaim or the claims stated therein or otherwise by date or subject matter or

19  otherwise, (3) seeks records which would be extremely burdensome and expensive

20  for Plaintiffs to locate, review and produce, and (4) seeks records relating to events

21  and matters not reasonably calculated to lead to the discovery of admissible

22  evidence.

23      640 further objects to the request on the ground it requires production of

24  documents protected against disclosure by the attorney-client privilege, the attorney

25  work product doctrine and applicable privacy protections, and places an undue

26  financial and administrative burden on Plaintiffs to conduct a "fishing expedition"

27  for documents not reasonably related to the lawsuit, and thus imposes an undue

28  financial burden on Plaintiffs and subjects them to harassment.

**AUGUSTINI LAW OFFICES**
ATTORNEYS AT LAW

- 15 -

**PLAINTIFF 640's OBJS TO COUNTERCLAIMANTS' RFP SET No.2**

**RFP NO. 14:**

All DOCUMENTS that reflect or refer to electrical wiring or connections at the PROPERTY including, but not limited to, the repair, installation or maintenance of electrical wiring or outlets, at any time from the time YOU purchased the property to the present.

**OBJECTIONS AND RESPONSE TO RFP NO. 14:**

In addition to the General Objections, 640 objects to this request on the grounds it is overbroad and not reasonably limited as to either subject matter or time period and: (2) seeks records not reasonably related to and irrelevant to the Counterclaim or the claims stated therein or otherwise by date or subject matter or otherwise, (3) seeks records which would be extremely burdensome and expensive for Plaintiffs to locate, review and produce, and (4) seeks records relating to events and matters not reasonably calculated to lead to the discovery of admissible evidence.

640 further objects to the request on the ground it requires production of documents protected against disclosure by the attorney-client privilege, the attorney work product doctrine and applicable privacy protections, and places an undue financial and administrative burden on Plaintiffs to conduct a "fishing expedition" for documents not reasonably related to the lawsuit, and thus imposes an undue financial burden on Plaintiffs and subjects them to harassment.

**RFP NO. 15:**

All DOCUMENTS that reflect or refer to lead-based paint at the PROPERTY including, but not limited to, the removal of lead-based paint at any time from the time YOU purchased the property to the present.

**OBJECTIONS AND RESPONSE TO RFP NO. 15:**

In addition to the General Objections, 640 objects to this request on the grounds it is overbroad and not reasonably limited as to either subject matter or time period and: (2) seeks records not reasonably related to and irrelevant to the

1  Counterclaim or the claims stated therein or otherwise by date or subject matter or

2  otherwise, (3) seeks records which would be extremely burdensome and expensive

3  for Plaintiffs to locate, review and produce, and (4) seeks records relating to events

4  and matters not reasonably calculated to lead to the discovery of admissible

5  evidence.

6        640 further objects to the request on the ground it requires production of

7  documents protected against disclosure by the attorney-client privilege, the attorney

8  work product doctrine and applicable privacy protections, and places an undue

9  financial and administrative burden on Plaintiffs to conduct a "fishing expedition"

10  for documents not reasonably related to the lawsuit, and thus imposes an undue

11  financial burden on Plaintiffs and subjects them to harassment.

12  **RFP NO. 16**:

13        All DOCUMENTS that reflect or refer to heating units at the PROPERTY

14  including, but not limited to, any interruption of or repair, installation or maintenance

15  of heaters in the units, at any time from the time YOU  purchased the property to the

16  present.

17  **OBJECTIONS AND RESPONSE TO RFP NO. 16:**

18        In addition to the General Objections, 640 objects to this request on the

19  grounds it is overbroad and not reasonably limited as to either subject matter or time

20  period and: (2) seeks records not reasonably related to and irrelevant to the

21  Counterclaim or the claims stated therein or otherwise by date or subject matter or

22  otherwise, (3) seeks records which would be extremely burdensome and expensive

23  for Plaintiffs to locate, review and produce, and (4) seeks records relating to events

24  and matters not reasonably calculated to lead to the discovery of admissible

25  evidence.

26        640 further objects to the request on the ground it requires production of

27  documents protected against disclosure by the attorney-client privilege, the attorney

28  work product doctrine and applicable privacy protections, and places an undue

**PLAINTIFF 640's OBJS TO COUNTERCLAIMANTS' RFP SET No.2**

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

1    financial and administrative burden on Plaintiffs to conduct a "fishing expedition"

2    for documents not reasonably related to the lawsuit, and thus imposes an undue

3    financial burden on Plaintiffs and subjects them to harassment.

4    **RFP NO. 17:**

5         All DOCUMENTS that reflect or refer to flooring at the PROPERTY

6    including, but not limited to, any interruption of or repair, installation or maintenance

7    of linoleum or carpeting in individual units or common areas, at any time from the

8    time YOU purchased the property to the present.

9    **OBJECTIONS AND RESPONSE TO RFP NO. 17:**

10        In addition to the General Objections, 640 objects to this request on the

11   grounds it is overbroad and not reasonably limited as to either subject matter or time

12   period and: (2) seeks records not reasonably related to and irrelevant to the

13   Counterclaim or the claims stated therein or otherwise by date or subject matter or

14   otherwise, (3) seeks records which would be extremely burdensome and expensive

15   for Plaintiffs to locate, review and produce, and (4) seeks records relating to events

16   and matters not reasonably calculated to lead to the discovery of admissible

17   evidence.

18        640 further objects to the request on the ground it requires production of

19   documents protected against disclosure by the attorney-client privilege, the attorney

20   work product doctrine and applicable privacy protections, and places an undue

21   financial and administrative burden on Plaintiffs to conduct a "fishing expedition"

22   for documents not reasonably related to the lawsuit, and thus imposes an undue

23   financial burden on Plaintiffs and subjects them to harassment.

24   **RFP NO. 18:**

25        All DOCUMENTS that reflect or refer to windows and window screens at the

26   PROPERTY including, but not limited to, any interruption of or repair, installation

27   or maintenance of window panes or screens, at any time from the time YOU

28   purchased the property to the present.

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

- 18 -

**OBJECTIONS AND RESPONSE TO RFP NO. 18:**

In addition to the General Objections, 640 objects to this request on the grounds it is overbroad and not reasonably limited as to either subject matter or time period and: (2) seeks records not reasonably related to and irrelevant to the Counterclaim or the claims stated therein or otherwise by date or subject matter or otherwise, (3) seeks records which would be extremely burdensome and expensive for Plaintiffs to locate, review and produce, and (4) seeks records relating to events and matters not reasonably calculated to lead to the discovery of admissible evidence.

640 further objects to the request on the ground it requires production of documents protected against disclosure by the attorney-client privilege, the attorney work product doctrine and applicable privacy protections, and places an undue financial and administrative burden on Plaintiffs to conduct a "fishing expedition" for documents not reasonably related to the lawsuit, and thus imposes an undue financial burden on Plaintiffs and subjects them to harassment.

**RFP NO. 19:**

All DOCUMENTS that reflect or refer to any remodeling, refurbishing or other physical alteration to the PROPERTY from the time YOU purchased the property to the present.

**OBJECTIONS AND RESPONSE TO RFP NO. 19:**

In addition to the General Objections, 640 objects to this request on the grounds it is overbroad and not reasonably limited as to either subject matter or time period and: (2) seeks records not reasonably related to and irrelevant to the Counterclaim or the claims stated therein or otherwise by date or subject matter or otherwise, (3) seeks records which would be extremely burdensome and expensive for Plaintiffs to locate, review and produce, and (4) seeks records relating to events and matters not reasonably calculated to lead to the discovery of admissible evidence.

AUGUSTINI LAW OFFICES
ATTORNEYS AT LAW

1   640 further objects to the request on the ground it requires production of

2   documents protected against disclosure by the attorney-client privilege, the attorney

3   work product doctrine and applicable privacy protections, and places an undue

4   financial and administrative burden on Plaintiffs to conduct a "fishing expedition"

5   for documents not reasonably related to the lawsuit, and thus imposes an undue

6   financial burden on Plaintiffs and subjects them to harassment.

7

8                                    Respectfully Submitted,

9   Dated: March 16, 2011          **AUGUSTINI LAW OFFICES**
                                    **GORDEE, NOWICKI & AUGUSTINI, LLP**

10                                   ATTORNEYS FOR PLAINTIFFS

11

12

13

14

15   By: _____
                ALFRED E. AUGUSTINI
                AUGUSTINI LAW OFFICES

16        640 SOUTH MAIN STREET PARTNERS, LLC
                AND HSC PROPERTIES, LLC

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF 640's OBJS TO COUNTERCLAIMANTS' RFP SET No.2

# EXHIBIT "E"

## Delee, Colleen

| | |
|---|---|
| **From:** | Drooz, Deborah |
| **Sent:** | Saturday, March 19, 2011 7:50 AM |
| **To:** | Alfred E. Augustini Esq.; Barbara J. Schultz, Esq. |
| **Cc:** | Herb S. Chase, III; Michael C. Ross; Brant H. Dveirin, Esq.; G. Ross Trindle III, Esq.; Joshua B. Wagner, Esq.; Lawrence C. Ecoff, Esq.; Philip H.R. Nevinny-Stickel, Esq.; Chase III III Chase III |

**Subject:** RE: Cecil Discovery isues

All,

On Friday, I requested that we meet and confer on Monday< March 21st regarding counsel's objections to the RFDs and 30(b)(6) notices. At that time, I expressed willingness to modify these documents to address your concerns.   So far I have had no confirmations from any of you.  If you cannot find a time for a telephonic discovery conference by Wednesday March 23rd, we will take that as a refusal to confer and proceed with a motion to compel.

Very truly yours,

Deborah Drooz

---

**From:** Alfred E. Augustini Esq. [mailto:alaugie@gmail.com]
**Sent:** Fri 3/18/2011 8:34 PM
**To:** Barbara J. Schultz, Esq.; Deborah Drooz
**Cc:** Herb S. Chase, III; Michael C. Ross; Deborah Drooz; Brant H. Dveirin, Esq.; G. Ross Trindle III, Esq.; Joshua B. Wagner, Esq.; Lawrence C. Ecoff, Esq.; Philip H.R. Nevinny-Stickel, Esq.; Chase III III Chase III
**Subject:** Re: Cecil Settlement

PRIVILEGED & CONFIDENTIAL SETTLEMENT NEGOTIATIONS

Barb --

I've been off the grid for a while, so I just got a chance to read your post.

Altho I've only had time to peek at your proposal, there's a pretty egregious typo in your ¶1A: "The remaining units, if any, will be utilized in whatever fashion **defendants** choose." Obviously, you meant "in whatever fashion **plaintiffs** choose", right!? I just don't feel comfortable letting the City determine how we use the remaining rooms! [Eat your heart out, Brant.]

I have some quibbles with some of your other proposed provisions, but the IVs' counterproposal looks constructive, so I'll discuss it with my guys, and get back to you Monday morning. My instructions are to fast track our negotiations ASAP, so my foot's on the accelerator.

Please note I will not be available Monday afternoon, so if we do our telephonic M&C re my depo objections on Monday, we need to do the M&C in the morning.

--
Alfred E. Augustini, Esq.
Augustini Law Offices
515 S. Figueroa St., Ste. 321
Los Angeles, CA 90071
213-629-8888 o

213-688-7600 f

On Mar 18, 2011, at 4:14 PM, Barbara Schultz wrote:

Thanks for the clarifications. Attached please find a global settlement offer.

**Barbara Schultz | Senior Attorney**
**Legal Aid Foundation of Los Angeles**
1550 W. 8th Street | Los Angeles, CA 90017
213.640.3823 direct | 213.640.3850 facsimile

This message contains information from the Legal Aid Foundation of Los Angeles which may be confidential and/or
privileged. If you are not an intended recipient, please refrain from any disclosure, copying, distribution or use of this
information and note that such actions are prohibited. If you have received this transmission in error, kindly notify the
sender and immediately delete this email and any files that may be attached.

---

**From:** Alfred E. Augustini Esq. [mailto:alaugie@gmail.com]
**Sent:** Thursday, March 17, 2011 3:15 PM
**To:** Barbara Schultz
**Cc:** Deborah Drooz, Esq.; Brant H. Dveirin, Esq.; G. Ross Trindle III, Esq.; Joshua B. Wagner, Esq.;
Lawrence C. Ecoff, Esq.; Philip H.R. Nevinny-Stickel, Esq.; Chase III III Chase III; Michael C. Ross
**Subject:** Re: Cecil Settlement

Barb -

Re your questions:

• Your phrase: "there needs to be 300 affordable units, and the rest is up to" the Owners, works
for us. I characterized the remaining units to tie the concept back to the 300/298 settlement drafts
with the City.

• As I understand the Cecil's position, Herb wants any needed relocations be relocations *within* the
Cecil -- Herb's position is because the Cecil lacks the cash to pay relocation expenses.

• "Active support" is admittedly vague, but what i intended was that we agree to speak with one
voice to the City and CRA regarding the value of the project to the community and compliance will
all alleged Wiggins/RHO requirements.

• We share your pessimism re achieving a settlement of the tort claims. We are pushing for a final
mediation on the issue, but I doubt the carrier will come anywhere near your demand. If the
requested mediation doesn't work, the tort claims will have to be cut out of the settlement and
litigated. Accordingly, we have not requested IVs to withdraw their pending RFPs/Depos, etc., on
those matters.

Hope the above comments are helpful.

---

Alfred E. Augustini, Esq.

Augustini Law Offices
515 S. Figueroa St., Ste. 321
Los Angeles, CA 90071
213-629-8888 o
213-688-7600 f


On Mar 17, 2011, at 2:30 PM, Barbara Schultz wrote:


Al- I just had a few clarifying questions regarding parts I don't understand. Once I understand them
better I can talk to my clients.

1.  Ok, I get the 300 units. I don't get what you want re the rest of the units- I would think any
    agreement would say that there needs to be the 300 affordable units, and the rest is up to you.
    I can't see agreeing that there are "298 commercial units" if that's what you're saying, but
    presumably you would want leeway to do what you like and that isn't what you mean. I do
    want to repeat what we've said verbally about the 300 units—that would be 300 actual units,
    not 300 units that you would seek to get a reduction from.
2.  Relocation- are you talking about internal relocation?  Within the hotel?
3.  What does active support mean? We would tell the CRA that we agree to change the Wiggins
    Agreement to reflect the agreement we made re number of rooms.
4.  Considering our last mediation regarding tort claims was entirely unproductive, we can't see
    dismissing HSC or expect even that another mediation with 640 is going to be very useful. That's
    why we served the document requests and will be doing depositions on the tort claims. While I
    appreciate your comment about us all getting together to try and work something out on the
    tort claims, we would have to see considerable movement on those claim by defendants.


**From:** Alfred E. Augustini Esq. [mailto:alaugie@gmail.com]
**Sent:** Thursday, March 17, 2011 12:14 PM
**To:** Barbara Schultz; Deborah Drooz, Esq.; Brant H. Dvelrin, Esq.; G. Ross Trindle III, Esq.; Joshua B.
Wagner, Esq.; Lawrence C. Ecoff, Esq.; Philip H.R. Nevinny-Stickel, Esq.
**Cc:** Chase III III Chase III; Michael C. Ross
**Subject:** Cecil Settlement

### PRIVILEGED & CONFIDENTIAL SETTLEMENT NEGOTIATIONS

Barbara -

The Owners/Lender discussed your recent emailed settlement proposal, and they counter-
propose the following:

1. Settlement of all residential hotel issues on these terms:

• 300 covenanted "affordable" units: 75 each at 30%, 40%, 50% & 60% AMI (your "alt 2);

• 298 unrestricted "commercial" rooms -- which will include the Stay being slightly re-configured;

• Relocation fees to be waived if the Hotel needs to move tenants re Stay or otherwise (Herb
says changes may affect a handful tenants on the 1st 5 floors; all relocated tenants will be moved

to comparable Hotel units; Herb will review all affected rooms and permit LA CAN to
reasonably approve the moves in advance);

• LA CAN/Wiggins Pltfs to provide active support for Hotel efforts to obtain
CRA/LAHD/Public funding;

• City/LAHD to join in joint settlement of all residential hotel issues, including Admin
Determination/Appeal; and

• Cecil Plaintiffs/Counterclaimants to dismiss all residential hotel/Wiggins related claims with
prejudice; LA CAN/Wiggins Pltfs and City to accept Admin Determination consistent with
settlement, and all parties to exchange mutual special releases.

2. <u>Partial settlement of Counterclaimants' tort claims on these terms</u>:

• Mutual Counterclaimants/HSC releases and dismissal w/prejudice of HSC (which, as Herb
previously explained, is not insured as 640 is, and the dismissal of HSC was included in our last
settlement "deal"); and

• All parties (except City) to attend a final Mediation Conf and use their best efforts to settle
remaining tort claims vs 640 South Main.

***

Obviously, the foregoing is an outline of the proposed settlement, and there will be no final,
binding settlement unless and until the parties are able to negotiate and sign formal settlement
agreements.
--
Alfred E. Augustini, Esq.
Augustini Law Offices
515 S. Figueroa St., Ste. 321
Los Angeles, CA 90071
213-629-8888 o
213-688-7600 f


<March 18, 2011 settlement offer Cecil Hotel.pdf>

# EXHIBIT "F"

## Delee, Colleen

| | |
|---|---|
| **From:** | Drooz, Deborah |
| **Sent:** | Wednesday, May 11, 2011 5:46 PM |
| **To:** | Alfred E. Augustini Esq. |
| **Cc:** | Barbara Schultz |
| **Subject:** | Meet and confer re RFDs |

Al,

At your request, I'm reminding you that we must arrange a meet and confer re Counterclaimants' RFDs sometime next week. For reasons of logistics, I prefer mornings or late afternoons. Thank you for offering to coordinate with Larry and Sat. Thanks also for offering to ask about a date for Mr. Chase's deposition. My query to counsel on that point was completely ignored, but I know no one will ignore you!

This is also a reminder that I will be circulating a proposed stipulation re extension of the discovery cut-off, as to which you expressed no opposition.

See you next week.

**Deborah Drooz**
**Brownstein Hyatt Farber Schreck, LLP**
2029 Century Park East, Suite 2100
Los Angeles, California 90067-3007
DDrooz@bhfs.com
310.500.4614 Direct
310.500.4602 Facsimile
310.500.4612 Colleen Delee (Assistant)
www.bhfs.com

This is a transmission from Brownstein Hyatt Farber Schreck, LLP. This message and any documents attached to this may be confidential and contain information protected by the attorney-client privilege or attorney work product doctrine. They are intended for the addressee only. If any attachments require conversion or this transmission is received in error, please call my office.

# EXHIBIT "G"

Brownstein I Hyatt
Farber I Schreck

May 20, 2011

Deborah Drooz
310.500.4614 tel
310.500.4602 fax
DDrooz@bhfs.com

**VIA E-MAIL AND U.S. MAIL**

Alfred E. Augustini
Augustini Law Offices
515 S. Figueroa St., Ste. 321
Los Angeles, CA 90071

Jeff Augustini
Gordee, Nowicki & Augustini LLP
8105 Irvine Center Drive
Suite 870
Newport Beach, CA 92618

Lawrence C. Ecoff
Ecoff, Blut & Salomons, LLP
280 South Beverly Drive
Suite 504
Beverly Hills, California 90212

Joshua B. Wagner
Christopher R. Murphy
Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

Brant H. Dveirin
G. Ross Trindle, III
Best Best & Krieger
300 South Grand Avenue
25th Floor
Los Angeles, California 90071

Re:     **640 South Main Street Partners v. L.A. CAN**

Dear Counsel:

This will serve to memorialize our May 18, meet and confer regarding Counterclaimants' Demand for Production of Documents dated March 11, 2011, a true copy of which is transmitted herewith for your reference.

Demand No. 1. (Documents that constitute communications with the City regarding habitability issues): Plaintiffs' counsel stated that the request is overbroad and that it is unreasonable to ask them to "go back in time" four years to respond to questions about the habitability of the hotel. Mr. Augustini offered to provide information solely about the units occupied by the counterclaimants. I rejected that proposal as overly narrow. Evidence of habitability problems in other units are reasonably calculated to lead to admissible evidence of habitability problems experienced by the Intervenors. I offered to limit the request by imposing a time frame, to wit: one year before plaintiffs' purchase of the hotel to the present. In this connection, I noted that nuisance and emotional distress are continuing torts and some habitability problems that existed at the time the complaint was filed may have persisted over time. I also agreed to narrow the request by replacing the words "reflect or refer" to "constitute", thereby

May 20, 2011
Page 2

eliminating the need to produce or even review documents that merely refer to communications with the City about habitability issues.

Mr. Augustini stated that plaintiffs have "already given" counterclaimants the documents in question but could not represent that there are no other documents responsive to the demand. I further agreed that the definition of "CONDITION OF THE PROPERTY" encompasses only those conditions that would implicate habitability. E.g., communications about changing a burnt out light bulb would not be within the purview of the request but communications regarding electrical outages would fall within it. Mr. Khalsa, who initially took the position that the request was overbroad, ultimately asserted that the request -- as modified -- seemed reasonable and that he would discuss it with his clients.

Demand No. 2 posed the same issues as demand No. 1 and the same arguments, proposals and agreements apply.

Demand No. 3. (Documents that constitute communications among plaintiffs about the condition of the property). Demand No. 3 posed the same issues as demand No. 1 and the same arguments and agreements apply. Further I agreed that the word "with" can be understood as "among."

Demand No. 4 posed the same issues as demand No. 3 and the same arguments, proposals and agreements apply.

Demand No. 5 (Communications regarding restoration/improvements made to the Hotel from the time of purchase onward.) Mr. Augustini stated that the inclusion of the word "Maintenance" made the request too broad. He believed that "maintenance" could be construed as "routine maintenance" and could require plaintiffs to produce communications about matters that did not affect habitability. I agreed to remove the word "maintenance" and to limit the request to communications re: improvements, restoration and repair. I also agreed to replace the words "reflect or refer" to "constitute," thereby eliminating the need to produce or even review documents that merely refer to communications about renovations or improvements. Mr. Augustini offered to produce documents reflecting communications about improvements/repairs to the hotel to the extent they related to the units occupied by the intervenors. I reject this proposal as too narrow, stating that evidence of renovation problems in other units are reasonably calculated to lead to admissible evidence of renovation problems experienced by the intervenors. Initially, Mr. Khalsa stated that the demand as written was overbroad. However, after my proposals, he stated that the request seemed reasonable and that he would discuss it with his clients.

Demand No. 6 posed the same issues as demand No. 5 and the same arguments, proposals and agreements apply.

Demand No. 7 (Documents that reflect plaintiffs'/counterdefendants' efforts to cure habitability or nuisance problems at the Hotel that were brought to their attention by the City or County.) I agreed that the Demand as written is an offense to the English language. I clarified the request and noted that the word "which" is superfluous and should be disregarded. However, everyone understood the request. Counsel offered that such documents would include "structural repairs" to the building. I agreed to limit the time frame of the request to "the time of purchase to the present." My notes do not reflect any arguments to the effect that counterclaimants are not entitled to these documents. I therefore assume that they will be produced.

Demand No. 8 (Documents that reflect any interruption of water service or repair to water service from the time of purchase to the present). Counsel for plaintiffs and counterdefendants were confused by the demand as written, and objected that it was overbroad and burdensome. I agreed to revise the

May 20, 2011
Page 3

language as follows:  All documents that reflect or refer to any interruption of, or repair to, water service on the PROPERTY from the time of purchase to the present.  Counsel seemed in accord with this change.  I assume the documents will be produced.

Demand No 9 (same as 8 but relating to gas service).  Demand No. 9 posed the same issues as demand No. 8 and the same arguments, proposals and agreements apply.

Demand No 10  (same as 8 but relating to electrical service).  Demand No. 10 posed the same issues as demand No. 9 and the same arguments, proposals and agreements apply.

Demand No. 11 (Documents related to vermin on the PROPERTY).  Counsel for plaintiffs and counterdefendants were confused by the demand as written, and objected that it was overbroad and burdensome.  I agreed to revise the language as follows: "All documents related to vermin on the property from the time of purchase to the present."  I assume that the Demand as modified is unobjectionable and that documents will be produced.

Demands 11 - 19.  We agreed that the same "habitability" criteria will apply to all of these requests.  That is, to the extent that an instance of, e.g., electrical maintenance, paint removal, flooring refurbishment, etc., does not rise to the level of a habitability issue but is merely a matter of routine, ordinary maintenance (e.g, replace a single ill-fitting window screen, replace a single light bulb, clean carpet or fix linoleum because of a problem unique to one unit), documents relating to such an instance need not be produced.  Intervenors make this concession in the interest of moving discovery forward and with the understanding that plaintiffs/counterdefendants will act upon it in good faith.  Intervenors reserve their right to seek further discovery if they have cause to believe plaintiffs/counterdefendants are abusing the concession.

Summary:  The discovery conference consumed roughly an hour and a half of our mutual time.  Intervenors made many concessions to resolve our disputes.  However, my notes do not reflect a single unequivocal agreement on any demand.  That is why I couched the foregoing in terms of my "assumption" that documents would be produced in response to some demands.  I request that counsel advise us with certainty of their positions on these issues.  Without clear  agreements or refusals to agree, the meet and confer process served no purpose.

In closing, I ask that we agree upon and execute a stipulation re extension of the discovery cut-off and related cut-offs without further delay.  I refer you to the proposed stipulation and order we circulated earlier this week.

Very truly yours,

Deborah Drooz

DD:cd

Enclosures
cc:    Barbara Schultz
       City of Los Angeles

# EXHIBIT "H"

### AUGUSTINI LAW OFFICES

Alfred E. Augustini, Esq.
515 S. Figueroa St., Ste. 321
Los Angeles, CA 90071

BUSINESS LITIGATION

v 213-629-8888
f 213-688-7600
augustini@gmail.com

May 25, 2011

BY: EMAIL: DDROOZ@BHFS.COM; BSCHULTZ@LAFLA.ORG

Deborah Drooz, Esq.
Brownstein Hyatt Farber Schreck, LLP
2029 Century Park East, Ste. 2100
Los Angeles, CA 90067-3007

Barbara J. Schultz, Esq.
Legal Aid Foundation of Los Angeles
1550 W. 8th St.
Los Angeles, CA 90017

*Re:*   *Cecil – Federal Action – Intervenors RFPs*

Dear Counsel:

I appreciate the limited concessions Deborah offered during our recent M&C, and which are set forth in her May 20th letter regarding IVs' March 11, 2011 Demand for Production of Documents from Plaintiffs and Counter-defendants ("RFPs"). However, her proposal is unacceptable because it continues to seek production of documents for time periods unrelated to the pending counterclaims, and includes numerous subject matters unrelated either to Counter-claimants' tenancies at the Cecil Hotel or the injuries they allegedly suffered from "inhabitable" conditions in their rooms, etc.

Indeed, IVs' RFP requests are so overbroad the obvious inference is they were calculated to identify potential new LA CAN clients – rather than to adduce admissible evidence in the lawsuit. In addition, Deborah's proposal continues to simply ignore Plaintiffs' objections regarding the production of documents containing personal identification information of Hotel guests in the 596 rooms, and on the 11 floors, not occupied by your two tenant clients.

Disclosure of such private "identity" information is clearly barred by the California Constitution's privacy protections that apply to Hotel guests. And your offer to sign a non-disclosure agreement obviously misses the entire point of our objections. The Constitutional privacy protection clearly prohibits disclosure of this information by the Hotel *to the Intervenors or City*. And, in any event, you both have freely admitted you intend to contact/depose many Hotel guests you hope to improperly "identify" in such discovery. Finally, despite my many requests, you both have failed to provide any justification for the production of this personal identification information – a burden California privacy cases place squarely on your shoulders.

Nevertheless, I and Sat Sang, in a good faith effort to resolve the pending disputes involving both the PMK depositions and the RFP Requests, make the following offer on behalf of Plaintiffs and Counter-defendants to resolve all pending discovery disputes:

Deborah Droos and Barbara Schultz
May 25, 2011
Page 2

## RFP Requests

RFP #1 - Documents constituting communications between the Hotel and City
evidencing the existence of "conditions in guest rooms or common areas which would render
associated guest rooms and guest bathrooms unfit for human habitation:"

      A.    Which documents are dated during the time periods (June 2007 to July
2008) during which counterclaimants Taylor and Manisculo allege unfit habitability conditions
existed in their respective Hotel rooms; and/or

      B.    Which conditions referred to in such documents specifically affected or
threatened to affect the rooms of counterclaimants Taylor and Manisculo; and/or

      C.    Specifically affected one or more other guest rooms/bathrooms located on
the same Hotel floor and Tower (if applicable) on/in which the Taylor/Manisculo rooms were
located.

RFP #2 - Same scope as RFP #1 regarding documents constituting communications
between the Hotel and DHS.

RFP # 3 - Same scope as RFP #1 regarding documents constituting communications
between the Plaintiffs.

RFP # 4 - No documents to be produced because this request is fatally vague and requires
Plaintiffs to read the minds of Intervenors and their counsel.

RFP # 5 - Documents constituting communications from or to the Hotel evidencing
physical improvements or repairs made to the Hotel:

      A.    Which documents are dated during the time periods (June 2007 to July
2008) during which counterclaimants Taylor and Manisculo allege unfit habitability conditions
existed in their respective Hotel rooms; and/or

      B.    Which conditions referred to in such documents specifically affected or
threatened to affect the rooms of counterclaimants Taylor and Manisculo; and/or

      C.    Specifically affected one or more other guest rooms/bathrooms located on
the same Hotel floor and Tower (if applicable) on/in which the Taylor/Manisculo rooms were
located.

RFP # 6 - No documents to be produced because proposed physical improvements or
repairs which were never made are irrelevant to Intervenors' claims unless the proposed changes

Deborah Droos and Barbara Schultz
May 25, 2011
Page 3

were to correct habitability issues affecting the Taylor/Manisculo rooms – but if such documents exist, they will be produced in response to the RFPs identified above.

RFP # 7 - Documents evidencing Plaintiffs' efforts to cure habitability issues brought to their attention by the City or County:

A.   Which documents are dated during the time periods (June 2007 to July 2008) during which counterclaimants Taylor and Manisculo allege unfit habitability conditions existed in their respective Hotel rooms; and/or

B.   Which conditions referred to in such documents specifically affected or threatened to affect the rooms of counterclaimants Taylor and Manisculo, and/or

C.   Specifically affected one or more other guest rooms/bathrooms located on the same Hotel floor and Tower (if applicable) on/in which the Taylor/Manisculo rooms were located.

RFP #8 - Documents that evidence or refer to an interruption of water service at the Hotel:

A.   Which documents are dated during the time periods (June 2007 to July 2008) during which counterclaimants Taylor and Manisculo allege unfit habitability conditions existed in their respective Hotel rooms; and/or

B.   Which conditions referred to in such documents specifically affected or threatened to affect the rooms of counterclaimants Taylor and Manisculo, and/or

C.   Specifically affected one or more other guest rooms/bathrooms located on the same Hotel floor and Tower (if applicable) on/in which the Taylor/Manisculo rooms were located.

RFP #9 - Same scope as RFP #8, but relating to interruption of gas service.

RFP #10 - Same scope as RFP #8, but relating to interruption of electrical service.

RFP #11 - Same scope as RFP #8, but relating to infestation of vermin.

RFPs 12-19. - For the purposes of this proposal, the same "habitability" criteria specified above will apply to RFP Nos. 12-19. For example, to the extent a given instance of gas, electrical, etc., maintenance, or paint removal, flooring refurbishment, etc., maintenance, is routine, or "minor," shall not be produced unless there is reasonable ground to believe it would render a guest room or bathroom within the scope of this proposal "not habitable."

Deborah Droos and Barbara Schultz
May 25, 2011
Page 4

This offer is expressly subject to Plaintiffs' various privacy and privilege objections. Thus, to the extent any documents produced under this proposal include or disclose personal identification information of guests or other third parties, or are otherwise covered by any other applicable asserted privilege, all such information shall be redacted.

In addition, Plaintiffs and Counter-defendants, as part of this proposal, will agree to designate a PMK to testify as to all post-purchase physical changes to the Hotel reflected in the documents to be produced pursuant to this proposal. Plaintiffs and Counter-defendants believe our proposal provides Counter-claimants with substantially more documents than those legally/factually justified by their allegations and claims.

Very truly yours,

Alfred E. Augustini

cc: By Email:

| | |
|---|---|
| Joshua B. Wagner, Esq. | jwagner@gordonrees.com |
| Sat Sang Khalsa, Esq. | skhalsa@gordonrees.com |
| Lawrence C. Ecoff, Esq. | ecoff@ecofflaw.com |
| Philip H.R. Nevinny, Esq. | nevinny@ecofflaw.com |