UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-03611-DDP (AGRx) | Date | July 11, 2011 |
|---|---|---|---|

| Title | 640 South Main Street Partners, LLC, et al. v. City of Los Angeles |
|---|---|

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | |
|---|---|---|
| Marine Pogosyan | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff(s):            Attorneys Present for Respondent:

**Proceedings:**  RE COUNTERCLAIMANTS' MOTIONS TO COMPEL PRODUCTION OF DOCUMENTS AND DEPOSITIONS (Dkt. Nos. 165, 172, 176)

On June 23, 2011, Counterclaimants filed a motion to compel depositions of persons most knowledgeable about (1) status, (2) maintenance and operation, and (3) purchase of the Cecil Hotel. (Dkt. No. 165.)

On June 29, 2011, Counterclaimants filed a motion to compel production of documents. (Dkt. No. 172.)

On July 6, 2011, Counterdefendants filed a combined opposition brief. (Dkt. No. 176.) On July 7, 2011, Counterdefendants filed a joinder. (Dkt. No. 176.)

On July 8, 2011, the court conducted a hearing on both motions. The case was called and counsel stated their appearances. Deborah Drooz and Barbara Schultz appeared on behalf of counterclaimants. Alfred E. Augustini and Sat Sang S. Khalsa appeared on behalf of counterdefendants. This order will use the term "parties" to refer to counterclaimants and counterdefendants.

The District Judge's Scheduling Order provides, in pertinent part, as follows: "All discovery motions must be heard prior to the discovery cut-off date." (Dkt. No. 136.) The current discovery cut-off date is August 12, 2011. (Dkt. No. 160.) This court interprets the order to mean that, so long as the court hears the motion prior to the discovery cut-off date, the court may compel discovery to take place after the discovery cut-off date. To the extent this court makes such orders, this court will be mindful of the pretrial and trial dates in this case.

At oral argument, the parties and court prioritized the discovery reasonably necessary for an upcoming settlement conference scheduled for *August 12, 2011*. The parties understood that this procedure may result in a witness(es) being deposed twice in this case. The parties agreed not to object to a second deposition solely on the ground that the deponent has already been deposed once in this case. *See* Fed. R. Civ. P. 30(a)(2). With that understanding, the court turns to the priority phase of discovery.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-03611-DDP (AGRx) | Date | July 11, 2011 |
|---|---|---|---|
| Title | 640 South Main Street Partners, LLC, et al. v. City of Los Angeles | | |

*Production of Documents*

Counsel for counterclaimants agreed to abide by the concessions stated in her meet and confer letter dated May 20, 2011. (Exh. G to Drooz Decl.)

On or before ***July 20, 2011***, counterdefendants shall produce documents regarding major habitability/maintenance and major repairs during the period June 2007 through August 2008 (or the conclusion of major repairs in 2008). With respect to the second floor and eleventh floor, the time period shall be June 2007 to the date of this order. For purposes of this production, counterdefendants may redact names and personal identifying information of residents other than counterclaimants, but may not redact the room number. This order is without prejudice and the parties reserve all arguments regarding the propriety of redaction.

*Deposition Schedule*

The parties are ordered to meet and confer regarding a deposition schedule for the following deponents: (1) Zamora, (2) Lanting, (3) Vasquez, (4) Douglas or Tovar, (5) Rule 30(b)(6) witness(es) regarding maintenance of the Cecil Hotel, (6) counterclaimant Taylor, and (7) counterclaimant Maniscalco. The court expresses no view as to the order in which these depositions will be taken. These depositions shall be completed on or before ***August 5, 2011***.

For purposes of the Rule 30(b)(6) witness(es), the court and parties referred to the list of subject matters on pages 5-6 of the motion. (Dkt. No. 165.) Subject matters c, e, and h are deleted from the deposition prior to the settlement conference. Subject matter a is limited to the period after purchase of the hotel. Subject matter g is limited to construction permits during the period after purchase of the hotel. Subject matters b, d, f, I and j have the same scope applied to the document requests.

At oral argument, counterdefendants requested an independent medical examination of counterclaimant Taylor, who objected. The court stated that no motion was before it and referred the parties to Fed. R. Civ. P. 35. Counterdefendants also requested the deposition of the physician for counterclaimant Taylor, who objected. The court again noted that no motion was before it.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-03611-DDP (AGRx) | Date | July 11, 2011 |
|---|---|---|---|
| Title | 640 South Main Street Partners, LLC, et al. v. City of Los Angeles | | |

*Further Hearing*

The court set further argument on the non-prioritized discovery issued raised by counterclaimants' two pending motions on *July 19, 2011, at 10:00 a.m.*

IT IS SO ORDERED.

cc:  Judge Dean D. Pregerson
     Parties

Initials of Preparer   mp