| | |
|---|---|
| 1 | BRANT H. DVEIRIN, Bar No. 130621<br>Brant.Dveirin@bbklaw.com |
| 2 | G. ROSS TRINDLE, III, Bar No. 228654<br>Ross.Trindle@bbklaw.com |
| 3 | WENDY Y. WANG, Bar No. 228923<br>Wendy.Wang@bbklaw.com |
| 4 | BEST BEST & KRIEGER LLP<br>300 South Grand Avenue, 25th Floor |
| 5 | Los Angeles, CA  90071<br>Telephone: (213) 617-8100 |
| 6 | Telecopier: (213) 617-7480 |
| 7 | Attorneys for Defendant<br>CITY OF LOS ANGELES |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| 640 SOUTH MAIN STREET PARTNERS, LLC and HSC PROPERTIES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES,<br><br>Defendant. | Case No.  2:08-CV-03611 DDP (AGRx)<br><br>**DEFENDANT CITY OF LOS ANGELES'** *EX PARTE* **APPLICATION TO CONTINUE AND CLARIFY MEANING OF CUT-OFF DATES DUE TO LIKELY SETTLEMENT OF THE COMPLAINT IN THE CASE; DECLARATION OF BRANT H. DVEIRIN; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[FILED CONCURRENTLY WITH [PROPOSED] ORDER, [DUPLICATE] DECLARATION OF BRANT H. DVEIRIN] |
| LA CAN, a non-profit corporation, ALVIN TAYLOR, and SAVIERO MANISCALO, individuals,<br><br>Counterclaimants,<br><br>v.<br><br>640 MAIN STREET PARTNERS, LLC, and HSC PROPERTIES, LLC,<br><br>Counterdefendants. | Action Filed:    May 5, 2008<br>Action Removed:  June 3, 2008<br>Trial Date:      February 7, 2012 |

65035.00001\6791222.13     - 1 -

*EX PARTE* APPLICATION TO CONTINUE
AND CLARIFY CUT-OFF DATES
2:08 CV-03611 DDP (AGRx)

Defendant City of Los Angeles ("Defendant" or "City") applies *ex parte* to continue the discovery and motion cut-off dates for at least 60 days, and to clarify the meaning of the cut-off dates in the Court's previous orders, due to the fact that due to recent events, Plaintiffs and the City are closer to final settlement of the Complaint than ever before, and the parties' resources need to be directed toward settlement and not to completing and fighting about discovery, drafting motions to compel and preparing and filing dispositive motions. The trial date, set in February 2012, is far enough in advance that an additional 60 to 90 days continuance of the cut-off dates will not prejudice any parties.

This Application is made on the grounds that continuance and clarification of the meaning of the cut-off dates are necessary to enable and not hinder settlement negotiations and, absent such an order from this Court, the City may be forced to engage in lengthy meet and confers over discovery responses, file further *ex parte* applications to allow for motion(s) to compel, prepare motions to compel, and the City will have to prepare its motion for summary judgment—over which the parties have already met and conferred—all to preserve its rights, all of which may be moot if Defendant and Plaintiffs reach a settlement "within days" as anticipated.

Defendant hereby respectfully requests that the Court continue the discovery and motion filing cut-off dates for at least 60 days, and clarify that the discovery cut-off date is the cut-off for discovery responses to be received, and that discovery motions may be filed after that cut-off date, up to and including the motion cut-off date.

This Application is based on the accompanying Memorandum of Points and Authorities, the below Declaration of Brant Dveirin [also filed concurrently] and the Court's records herein.[1]

The contact information for all counsel in this case, as required in L.R. 7-19,

---

[1] The Declaration is below for the Court's convenience, but also filed separately to comply with PACER.

is attached here as Exhibit "A."

Dated: August __, 2011

BEST BEST & KRIEGER LLP

By: _____
BRANT H. DVEIRIN
G. ROSS TRINDLE, III
WENDY Y. WANG
Attorneys for Defendant,
CITY OF LOS ANGELES

**I, Brant H. Dveirin, declare:**

1. I am the lead counsel for the City. I have personal knowledge of the following facts and if called upon to do so, I would testify to these facts.

2. Plaintiffs and the City have diligently engaged in settlement discussions for the past several months and as of the present date, I believe, the parties are within less than 30 days of reaching a final agreement on the terms of settlement of the Complaint in this action. The settlement once finalized, will settle the Complaint in the Federal Case, and all that will be left of the case will be Counter-Claimants' or Intervenors' claims.

3. At an all-day Mediation session with Magistrate Judge Alicia Rosenberg, held in late June 2011, nearly all outstanding issues in the settlement were resolved, save one "key" issue. That one remaining "key" issue, that a third party from a related state case (the state case is for damages and not about the Cecil Hotel's Residential Hotel status) consent to this Federal case settlement, appears now, as of late last week, nearer to resolution than ever before, based on a conversation I had with Plaintiffs' counsel.

4. On Friday July 29, 2011, opposing counsel Alfred Augustini called to give me an update on his side's settlement efforts, and based on credible information that he provided, we both agreed that we are closer than ever before to finalizing the settlement, and he said that the "key" issue of the consent of the third

party is looking more likely than ever before, and while there is no guarantee it will occur, he said the parties should know for sure within 15 days.

5. There is a mediation session currently scheduled for August 23, 2011 before Magistrate Judge Alicia Rosenberg, that includes the third party from the state case and his legal counsel, who have voluntarily agreed to appear.

6. The City presently has outstanding written discovery on the Complaint due on or soon before the current discovery cut-off date of August 12, 2011. Specifically, the City has outstanding special interrogatories, requests for production and requests for admission, all requesting the factual basis for Plaintiffs' remaining Equal Protection claim. Intervenors' and Counter-Defendants are also trying to complete percipient depositions by the cut-off date, and the City also has to question some of the same witnesses, and the depositions have been ongoing over the last two weeks with critical depositions lasting more than a day, and the depositions will not likely be completed by either side by the current cut-off date. Therefore, all parties and not just the City need additional time to complete discovery, and to meet and confer on deficient responses and to file motions to compel.

7. Pursuant to Local Rule 37-1, I sent Plaintiffs a meet-and-confer letter on July 11, 2011. However, Plaintiffs have not responded with a time convenient for them to meet and discuss the issues raised by the City. To comply with the current Scheduling Order, the City may have to have not only all discovery completed by the cut-off date, but also to have filed or have heard all discovery motions prior to the cut-off date, which makes outstanding discovery due on or near the cut-off date, very difficult, if not impossible to compel.

8. The City also has a pending motion for summary judgment on the Complaint, that counsel for the City and Plaintiffs have already met and conferred upon last month, which must be prepared, filed and opposed soon, due to the existing motion filing cut-off date of September 16, 2011.

9. At a recent discovery hearing, on July 19, 2011, before Magistrate Judge Rosenberg, *all* parties' counsel discussed with the Magistrate Judge, the meaning of the discovery cut-off date and there was some disagreement. The City, by this Application, seeks to confirm that the discovery cut-off date of August 12, 2011 is the last day for discovery to be completed, after which parties may file any motions to compel, as opposed to the August 12 date being the last date for discovery motions to be filed or heard, because that would make it difficult if not impossible to compel discovery, where the responses due near the cut-off date are deficient. Judge Rosenberg, at the July 19 hearing, acknowledged the problem and said the City needs to file with the Court a motion to continue the dates or seek clarification so there will enough time to compel discovery responses if necessary.

10. The cut-off dates in the scheduling orders conflict with the dates in the parties' Rule 26 (f) Report. On August 10, 2010, this Court issued the initial Scheduling Order, which states that "Counsel are ordered to abide by the dates as set forth in the Rule 26(f) Report." The Court also set forth dates for discovery cut-off, last day to file motions, final pretrial conference and jury trial. Of note, the discovery cut off and final motion dates conflicted with dates counsels agreed upon in the Rule 26(f) Report, filed on August 12, 2009 and supplemented on May 18, 2010.

11. The Court subsequently issued an order dated February 1, 2011, continuing the pretrial dates. On June 14, 2011, this Court granted Counterclaimants' ex parte application to extend the pretrial dates for 60 days and issued the current Scheduling Order, which continues the discovery cut-off date to August 12, 2011 and the motion filing cut-off date to September 16, 2011, and set the date of final pre-trial conference to January 23, 2012 and the date of jury trial to February 7, 2012. This order did not clarify the inconsistencies between the Rule 26(f) Report and previous scheduling orders.

12. Plaintiffs have delayed the production of relevant evidence at critical steps of discovery, and more time is needed to meet and confer and to compel discovery. For example, Plaintiff 640 South Main Street responded to multiple contention document demands by objecting to every request with nearly identical repetitive objections, and not agreeing to produce any documents. Plaintiff HSC failed to respond at all to the document requests. Plaintiffs failed to respond to the meet and confer letter that the City sent pursuant to L.R. 37.1. The City is not trying to serve additional discovery requests; rather, the City merely wants to be able to meet and confer regarding outstanding discovery responses, and if necessary, file motion(s) to compel Plaintiffs to produce evidence responsive to existing discovery requests.

13. The City seeks to extend both cut-off dates for at least 60 days, to enable both the City and Plaintiffs to dedicate their time and resources to finalizing the settlement and dismissal of the Complaint, without incurring unnecessary expenses of responding to and compelling discovery, as well the expense of significant time to the motion and opposition to summary judgment, which will discourage and may even derail the settlement process.

14. This Ex Parte Application represents the City's first and only request to extend the cut-off dates, although the City has been a signatory to previous Joint Reports prepared pursuant to Rule 26(f) of Federal Rules of Civil Procedure ("Rule 26(f) Report") that have set and continued trial. More recently, the City executed a stipulation and submitted a declaration in support of Counterclaimants' ex parte application for an order extending discovery cut-off and related dates for sixty days. This Court granted Counterclaimants' ex parte application and issued the June 14, 2011 Scheduling Order.

15. Pursuant to Local Rule 7-19.1, beginning at 2:33 p.m. on August 5, 2011, I called all of the counsel of record in this case to inform them of this Application. Specifically, I called the following attorneys: Alfred Augustini,

Phillip Nevinney, Joshua Wagner, Barbara Schultz and Deborah Drooz. I left messages for each, telling them that the City is moving *ex parte* to continue the cut-off dates in this case for at least 60 days, 60 to 90 days, both the discovery cut-off and the motion filing cut-off dates, due to likely settlement of the Complaint in the case, but that the continuance of the dates may be needed also for the discovery on the counterclaims due the difficulties with the recent depositions, and that I needed to hear back from everyone as to their position on the continuance of the dates. Intervenors' counsel Deborah Drooz called me back and said she is in support the continuance and will likely file a declaration in support of the *ex parte*. Plaintiff's attorney Al Augustini called me back and said he needed to check with his clients to be sure, but he thinks he will also be in support of the continuance, and will not likely in any event oppose the *ex parte*. Attorney Sat Sang Khalsa, who works with Josh Wagner emailed me back and said Josh Wagner does not oppose continuance of the dates. I did not hear back yet from Counter-Defendant counsel Phillip Nevinney. I also gave duplicate *ex parte* notice by email, a copy of which is attached to the Application as Exhibit "B."

16. Good cause exists for granting this ex parte Application because the City's and Plaintiffs' counsel only determined late last week that there is a good to likely chance that the settlement of the Complaint will be finalized, and noticed hearing on this Application cannot be heard until after the discovery cut-off, currently scheduled for August 12, 2011.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of August 2011 in Los Angeles, California.

Dated:     August 5, 2011

Brant H. Dveirin

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant and Plaintiffs have engaged in settlement discussions for the past several months and have recently made significant progress in their negotiations. Specifically, in a telephone conversation late last week between Mr. Alfred Augustini, counsel for Plaintiffs, and Mr. Brant Dveirin, counsel for the City, Mr. Augustini expressed the view that the parties are nearer than ever before, and the parties should know for sure within the next "fifteen days."

As of the date of this *ex parte* application, there are still many outstanding written discovery requests yet to be completed by Plaintiffs. Pursuant to Local Rule 37-1, Defendant had sent Plaintiffs a meet-and-confer letter on July 11, 2011. However, Plaintiffs have not responded with a time convenient for them to meet and discuss the issues raised by the City. To comply with the current Scheduling Order, the City may have to have not only all discovery completed by the cut-off date, but also to have filed or have heard all discovery motions prior to the cut-off date, which makes outstanding discovery due on or near the cut-off date, very difficult, if not impossible to compel.

The City is seeking to continue the cut-off dates by at least 60 days to allow counsels to focus their time, resource and energy on settlement negotiations. The City wishes to avoid preparing and filing motion(s) to compel, and preparing and filing its motion for summary judgment, which will be moot once a settlement agreement is entered. In addition, incurring additional expenses to litigate discovery disputes and motions, while necessary to protect the City's rights, may discourage or even derail the negotiation.

Moreover, the cut-off dates in the scheduling orders conflict with dates in the parties Rule 26 (f) reports. On August 10, 2010, this Court issued the initial Scheduling Order, which states that "Counsel are ordered to abide by the dates as set forth in the Rule 26(f) Report." The Court also set forth dates for discovery cut-

off, last day to file motions, final pretrial conference and jury trial. Of note, the discovery cut off and final motion dates conflicted with dates counsels agreed upon in the Rule 26(f) Report, filed on August 12, 2009 and supplemented on May 18, 2010 (together, the "Rule 26(f) Report").

The Court subsequently issued an order dated February 1, 2011, continuing the pretrial dates. On June 14, 2011, this Court granted Counterclaimants' *ex parte* application to extend the pretrial dates for sixty days and issued the current Scheduling Order ("June 14th Order"), which continues the discovery cut-off date to August 12, 2011 and the motion cut-off date to September 16, 2011, and set the date of final pre-trial conference to January 23, 2012 and the date of jury trial to February 7, 2012. This order did not clarify the inconsistencies between the Rule 26(f) Report and previous scheduling orders.

Given the history of the various scheduling orders in this Action and the conflicts with the Rule 26(f) Report, the City in good faith interprets the June 14th Order to mean that factual discovery requests have to be completed by August 12, 2011, and that the parties thereafter may file discovery motions after the discovery cut-off, up to and including the date of the motion cut-off. At the July 19, 2011 discovery hearing in this case, Magistrate Judge Rosenberg said she understood the City's concern, but thought the discovery cut-off date is the last day to file discovery motions. Judge Rosenberg said that the City needs to file a motion with the Court to extend the discovery cut-off to allow for discovery motions to be filed after the cut-off date.

## II. ARGUMENT

### A. Defendant's Request for Extension Is Timely

This Application to Continue Cut-Off Dates is timely in that the discovery cut-off, currently scheduled for August 12, 2011, and the motion cut-off, scheduled for September 16, 2011, have not passed. (*See* FRCP 6(b)(1).)

### B.  Good Cause Exists for the Court to Continue Cut-Off Dates

The party seeking *ex parte* relief must show "good cause" why the rules otherwise governing the procedure in question should be changed.  *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989) (holding that good cause exists "where there is some genuine urgency such that 'immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or his attorney can be heard in opposition'").

Here, good cause exists for granting this *ex parte* application because the City and Plaintiffs just found out last week that they are closer than ever before on finalizing the settlement of the Complaint.  Moreover, regular noticed hearing on this Application may not be heard until after the discovery cut-off date, currently scheduled for August 12, 2011, and because Defendant seeks to avoid incurring potentially unnecessary expense to file motion(s) to compel, and the motion for summary judgment, in order to preserve its rights when Defendant and Plaintiffs are close to reaching a settlement, which will make the motions moot.  Moreover, as explained in the Dveirin Declaration, inconsistencies exist between the June 14th Order, the August 10, 2010 initial Scheduling Order and the Rule 26(f) Report.  An order to clarify the meaning of the cut-off dates set forth in the June 14th Order will eliminate confusion among the parties [and the Magistrate Judge] regarding filing deadlines.

### C.  Defendant Will Be Irreparably Harmed If the Relief Sought Is Not Granted

Defendant has been engaging in good faith negotiation with Plaintiffs and believes, based on representations of Plaintiffs' counsel, that the terms of settlement will likely be reached "within days."  If the cut-off dates are not extended, the City will have to engage in lengthy meet and confers over discovery responses, file motion(s) to compel on outstanding discovery to protect its interest and preserve its rights.  The City will also have to prepare and file its motion for summary judgment

on the Complaint. Both Defendant and Plaintiffs will have to focus their resources on litigating discovery disputes instead of negotiating the final settlement. The City will be irreparably harmed by having to incur expenses for motions that will be moot once the parties settle.

Moreover, absent an order clarifying the meaning of the cut-off dates, the parties may miss critical deadlines and the City may be deprived of basic information critical to its defense against Plaintiffs' remaining Equal Protection claim. As discussed in the accompanying declaration, Plaintiffs have delayed the production of relevant evidence at critical steps of discovery. The City is not trying to serve additional discovery requests; rather, the City merely wants to be able to meet and confer regarding discovery responses, and if necessary, file motion(s) to compel Plaintiffs to produce evidence responsive to discovery requests, which have already been served.

### D. The Plaintiffs and Counter-Claimants and Counter-Defendants Will Not Be Prejudiced by the Proposed Extension

A 60 to 90 day extension of cut-off dates will not prejudice other parties to this action, where the extension does not affect trial date or pretrial conference, where discovery is ongoing, where Defendant and Plaintiffs are near settlement, where Intervenors agree with this extension and Plaintiffs will likely agree, and are not opposed to the Application, and one of the Counter-Defendants' counsel is also in agreement, and where frankly, there will likely need to be extensive meet and confers over discovery responses and likely motions to compel, if this case does not settle. Absent an order for such an extension, Plaintiffs may be rewarded for resisting discovery, and the City's and Plaintiffs' settlement efforts may be derailed.

### III. CONCLUSION

For the reasons stated above, Defendant City respectfully requests that the Court (1) continue the discovery cut-off to at least October 12, 2011 and the motion filing cut-off to at least November 16, 2011, and (2) clarify that the discovery cut-

1  off is the last day to complete discovery, and that any discovery motions must be
2  filed by the general motion cut-off date of November 16, 2011.
3  Dated: August __, 2011                    BEST BEST & KRIEGER LLP
4
5                                             By: _____
                                                  BRANT H. DVEIRIN
6                                                 G. ROSS TRINDLE, III
                                                  WENDY Y. WANG
7                                             ATTORNEYS FOR DEFENDANT
                                              CITY OF LOS ANGELES
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# SERVICE LIST

| | |
|---|---|
| Alfred Augustini<br>515 S. Figueroa St., Ste 321<br>Los Angeles, CA 90071<br>Tel: (213) 629-8888<br>alaugie@alaugie.com | Deborah Drooz<br>BROWNSTEIN HYATT FARBER SCHRECK LLP<br>2029 Century Park East, Suite 2100<br>Los Angeles, CA 90067<br>Tel: (310) 500-4614<br>ddrooz@bhfs.com |
| Lawrence C. Ecoff<br>Phillip H. R. Nevinny<br>ECOFF LAW AND SALOMONS<br>280 South Beverly Drive, Suite 504<br>Beverly Hills, CA 90212<br>Tel: (310) 887-1850<br>ecoff@ecofflaw.com | Barbara Schultz<br>LEGAL AID FOUNDATION OF LOS ANGELES<br>1550 W. 8th St.<br>Los Angeles, CA 90017<br>Tel: (213) 640-3823<br>bschultz@lafla.org |
| Joshua B. Wagner<br>Christopher R. Murphy<br>Sat Sang S. Khalsa<br>GORDON & REES LLP<br>633 West Fifth Street, Suite 4900<br>Los Angeles, CA 90071<br>Tel: (213) 576-5000<br>jwagner@gordonrees.com<br>cmurphy@gordonrees.com<br>skhalsa@gordonrees.com | |

# Brant Dveirin

| | |
|---|---|
| From: | Brant Dveirin |
| Sent: | Friday, August 05, 2011 3:36 PM |
| To: | 'Alfred E. Augustini Esq.'; Philip H.R. Nevinny-Stickel, Esq.; Joshua B. Wagner, Esq.; Barbara Schultz; 'Drooz, Deborah' |
| Cc: | Ross Trindle; Wendy Wang; Sandra Rosales |
| Subject: | DUPLICATE EX PARTE NOTICE   640 South Main Street Partners LLC et. al. v. City of Los Angeles, et. al.  CDCA Case No.  2:08-CV-03611 DDP (AGRx) |
| Follow Up Flag: | Follow up |
| Flag Status: | Flagged |
| Categories: | Filed To Worksite |

Counsel, today, starting at 2:30 p.m.,  I called each of you and gave EX PARTE NOTICE of the following:  DEFENDANT CITY OF LOS ANGELES EX PARTE APPLICATION TO CONTINUE FOR AT LEAST 60 DAYS THE CUT OFF DATES, BOTH THE DISCOVERY CUT-OFF AND THE MOTION FILING CUT OFF DATE DUE TO LIKELY SETTLEMENT OF THE COMPLAINT IN THE CASE

I cannot set a date for the Ex Parte in Federal court, and I am trying to finalize the papers for filing today, as I am going back into surgery on Monday.  If I cannot get the papers done today, someone else from my office, Ross or Wendy, will finalize the papers for filing on Monday.

The responsive I received were as follows:

Deborah Drooz, supports the continuance of the dates, and may file a declaration in support of the application.

Al Augustini may support the continuance of dates, and will not likely oppose the ex parte, but needs to check with his clients to be certain.

I did not hear back yet from Josh Wagner or Phil Nevinny, so please let me know whether you support the continuance of the dates.

Brant.


**Brant H. Dveirin, Partner**
Best, Best & Krieger, LLP
300 South Grand Avenue 25th Floor
Los Angeles, CA 90071
(213) 617-7491; fax (213) 617-7480
(213) 787-2541 Sandra Rosales (Assistant)

www.bbklaw.com


 Please consider the environment before printing this e-mail.